IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNIVERSITY OF PITTSBURGH OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION d/b/a UNIVERSITY OF PITTSBURGH, a Pennsylvania non-profit corporation (educational),

Plaintiff,

v.

VARIAN MEDICAL SYSTEMS, INC., a Delaware corporation,

Defendant.

No. C-08-2973 MMC

**ORDER RE: DEFENDANT'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL EXHIBITS TO SEALED POPPE DECLARATION; PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL**

Before the Court are defendant's Administrative Motion to file under seal Exhibits A through X to the "Sealed Declaration of Matthew H. Poppe," filed in support of defendant's motion to transfer the instant action to the Western District of Pennsylvania, and plaintiff's Administrative Motion to file under seal Exhibit numbers three through ten, twenty, twenty-one, and twenty-three to the Declaration of Rita E. Tautkus in support of plaintiff's opposition to the motion to transfer.

In defendant's Administrative Motion, defendant asserts each of the exhibits it seeks to file under seal was designated as confidential by "either [plaintiff] or a non-party pursuant to the terms of the Stipulated Protective Order" entered in the previous action between the parties in the Western District of Pennsylvania. (See Decl. of Matthew H.

Poppe in Support of Varian's Admin. Mot. to File Under Seal Exhibits to Sealed Poppe Decl. ¶ 5.) In plaintiff's Administrative Motion, plaintiff similarly asserts each of the documents plaintiff seeks to file under seal was designated as confidential "pursuant to the Protective Order." (See Pl.'s Admin. Mot. ¶¶ 1-11; Tautkus Decl. ¶ 2.)

Under the Local Rules of this District, where a party seeks to file under seal any material designated as confidential by another party, the submitting party must file a motion for a sealing order. See Civil L.R. 79-5(d). "Within five days thereafter, the designating party must file with the Court and serve a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality." Id. "If the designating party does not file its responsive declaration as required by this subsection, the document or proposed filing will be made part of the public record." Id. "A stipulation, or a blanket protective order that allows a party to designate documents as sealable, will not suffice to allow the filing of documents under seal." See Civil L.R. 79-5(a).

Here, defendant fails to identify which of the exhibits were designated as confidential by plaintiff and which were so designated by a non-party. Plaintiff's Administrative Motion is similarly deficient; specifically, the motion fails to state by whom the subject documents were so designated.

Accordingly, both defendant and plaintiff are hereby DIRECTED to file, no later than July 17, 2008, a supplemental declaration to their respective Administrative Motions, and to specify therein, for each exhibit such party seeks to file under seal, the individual or entity by whom such exhibit was designated as confidential. Thereafter, the designating party must file, in accordance with the Civil Local Rules of this District, and no later than July 22, 2008, a declaration establishing that each document it has designated as confidential is sealable, or withdraw the designation of confidentiality.

**IT IS SO ORDERED.**

Dated: July 16, 2008

MAXINE M. CHESNEY
United States District Judge

2