IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSITY OF PITTSBURGH OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION d/b/a UNIVERSITY OF PITTSBURGH, a Pennsylvania non-profit corporation (educational),<br><br>Plaintiffs,<br><br>v.<br><br>VARIAN MEDICAL SYSTEMS, INC., a Delaware corporation,<br><br>Defendants / | No. C-08-2973 MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER ACTION TO U.S. DISTRICT COURT FOR WESTERN DISTRICT OF PENNSYLVANIA** |

Before the Court are two motions filed by Varian Medical Systems, Inc. ("Varian"): (1) Motion to Transfer Action to U.S. District Court for Western District of Pennsylvania, filed June 27, 2008, and (2) Motion to Dismiss Plaintiff's Claims Pursuant to Fed. R. Civ. P. 12(b)(6) based on Doctrine of Res Judicata, filed July 23, 2008. University of Pittsburgh ("UPitt") has filed opposition, to which Varian has replied. Having read and considered the parties' submissions, the Court rules as follows.[1]

## BACKGROUND

By the instant action, UPitt alleges Varian infringed two United States patents,

---

[1] On September 4, 2008, the Court deemed the matters appropriate for decision on the papers.

specifically, U.S. Patent Nos. 5,727,554 and 5,784,431.  (Compl. ¶¶ 9-18.)  Prior to the filing of the complaint herein, Varian filed in the United States District Court for the Western District of Pennsylvania (hereafter "Pennsylvania court") a complaint alleging Varian's infringement of the same two patents (hereafter "Pennsylvania action").  (See Def.'s Req. Judicial Notice Ex. A.)  On May 14, 2007, Varian filed an answer and counterclaims for a declaratory judgment of non-infringement and invalidity of the two patents.  (See id. Ex. B.)  Varian subsequently filed a motion for summary judgment, claiming UPitt was not the sole owner of the patents and consequently lacked standing to bring the Pennsylvania action.  On April 30, 2008, the Pennsylvania court granted Varian's motion "with prejudice."  (See id., Ex. J.)  On June 16, 2008, UPitt appealed the Pennsylvania court's ruling to the United States Court of Appeals for the Federal Circuit.  (See id. Ex. W.)  That same day, UPitt filed its complaint in the instant action.

**LEGAL STANDARD**

A district court may transfer an action "[f]or the convenience of the parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought."  28 U.S.C. § 1404(a) (2006).  As a threshold matter, the moving party must show that the transferee forum is one in which the action might have been brought.  See Hoffman v. Blaski, 363 U.S. 335, 343-44 (1960).  The moving party must then demonstrate that a transfer of venue would promote the convenience of parties and witnesses and the interests of justice.  See § 1404(a); Decker Coal Co. V. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).  In order to prevail, the movant must show that "the transferee forum is clearly more convenient."  Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1293 (7th Cir. 1989).

**DISCUSSION**

A transferee court is one in which an action "might have been brought" if the court (1) has personal jurisdiction over all defendants, (2) has subject matter jurisdiction, and (3) is a proper venue for the action.  See Williams v. Bowman, 157 F. Supp. 2d 1103, 1105 (N. D. Cal. 2001).  The Western District of Pennsylvania meets each of these requirements.

First, in Pennsylvania, personal jurisdiction may be established by a defendant's sales of products in that state, see Penzoil Prods. Co. v. Colleli & Assocs., Inc., 149 F.3d 197, 206-07 (3d. Cir. 1998); it is undisputed that Varian made multiple sales of the accused products to the University of Pittsburgh Medical Center. (See Poppe Decl. filed July 2, 2008, Ex. U at 34:4-36:2; id., Ex. X.) Subject matter jurisdiction is provided by 28 U.S.C. § 1338(a). Lastly, venue is proper in the Western District of Pennsylvania. See 28 U.S.C. § 1400(b) (2006) (providing patent infringement actions may be brought in district "where the defendant resides"); 28 U.S.C. § 1391(c) (2006) (providing, for purposes of venue, corporate defendant resides "in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced"). Contrary to UPitt's argument, the dismissal of the Pennsylvania action has no bearing on this Court's analysis of whether the Western District of Pennsylvania is a forum in which the action "might have been brought." See Hoffman, 363 U.S. at 344.

Where a court determines the transferee forum is one in which the action might have been brought, the court next "consider[s] private and public interest factors affecting the convenience of the forum." Decker Coal Co., 805 F.2d at 843. The Court first addresses the private interest factors. As relevant to the present action, those factors are (1) the plaintiff's choice of forum, (2) the parties' contacts with the forum, (3) ease of access to proof, (4) convenience of the parties, (5) the convenience and cost of obtaining witnesses, and (6) the availability of compulsory process to obtain the attendance of unwilling witnesses. See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000); id.

Ordinarily, a plaintiff's choice of forum is accorded substantial deference. See Decker Coal Co., 805 F.2d at 843. Where, as here, however, a plaintiff chooses to litigate away from its home forum, such deference is greatly reduced. See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981); Reiffin v. Microsoft Corp., 104 F. Supp. 2d 48, 52 (D.D.C. 2000); Hyundai Space & Aircraft Co. v. Boeing Co., 1999 WL 910131, at *4 (N.D. Cal. Oct. 12, 1999). Such reduction is particularly appropriate where a plaintiff chooses to bring suit in the defendant's home forum, as UPitt has here. See Reiffin, 104 F. Supp 2d at

3

52-53. Accordingly, this factor is essentially neutral or, at best, weighs only slightly against transfer.

Nor are the parties contacts with the forum of significance in the instant case. Varian has its headquarters in the Northern District of California, and UPitt is located in the Western District of Pennsylvania. Further, the activities relevant to the instant dispute are asserted to have occurred in both places. (See, e.g., Poppe Decl. filed July 2, 2008, Ex. A at 96:10-99:9; id., Ex. B at 35:14-37:25; id., Ex. E at 54:7-17; Tautkus Decl. Ex. 1; id., Ex. 21.)

Similarly, ease of access to proof does not weigh in favor of either retention or transfer of this action. Although documentary and other proof relevant to Varian's development, manufacture, and sale of the accused products is more likely to be found in California, evidence relevant to the development and prosecution history of the patented inventions is more likely to be located in Pennsylvania. (See, e.g., Poppe Decl. filed July 2, 2008, Ex. A at 96:10-99:9; id., Ex. B at 35:14-37:25; id., Ex. E at 54:7-17; Tautkus Decl. Ex. 1; id., Ex. 21.)

The convenience of the parties likewise carries little weight in this instance, each party having sought to litigate the matter in the opposing party's home forum.

The next two factors, the convenience of witnesses—particularly non-party witnesses—and the availability of compulsory process to obtain the attendance of unwilling witnesses are often of considerable significance. See, e.g., Palace Exploration Co. v. Petroleum Dev. Co., 316 F.3d 1110, 1121-22 (10th Cir. 2003); Boomanite Corp. v. Newlook Int'l, Inc., 2008 WL 1767037, at *8-*9 (E.D. Cal. Apr. 16, 2008); Arete Power, Inc. v. Beacon Power Corp., 2008 WL 508477, at *7 (N.D. Cal. Feb. 22, 2008). Obtaining the testimony of witnesses who are located at a substantial distance from the forum is generally costly in terms of both time and money, not only for the parties, but also, and more significantly, for the non-party witnesses themselves. Here, Varian states there are eight non-party witnesses, including two inventors, who are located in or near Pennsylvania. UPitt identifies only one non-party witness who is located in California.

UPitt's argument that California is a more convenient forum for the parties' experts is unavailing because "'[t]he convenience of expert witnesses . . . is given little weight' when determining venue." AV Media, Pte, Ltd. v. Omnimount Sys., 2006 WL 2850054, at *4 (N.D. Cal. Oct. 5, 2006) (quoting Williams v. Bowman, 157 F. Supp. 2d 1103, 1108 (N.D. Cal. 2001)). Consequently, the convenience of witnesses weighs in favor of transfer.[2]

With respect to compulsory process, UPitt points to one witness, Dr. Majid Riaziat, who resides in this district and whose testimony, according to UPitt, will be "highly relevant." (Pl.'s Opp'n 13.) UPitt further states it is "highly unlikely" Dr. Riaziat will attend a trial in Pennsylvania. (Id. 14.) As noted, however, Varian states there are eight non-party witnesses, including two inventors, who are beyond the subpoena power of this forum but within that of the proposed transferee forum. Although UPitt hypothesizes that an inventor whose invention is challenged "will likely be motivated to attend the trial regardless of the location," (id.), such speculation is insufficient to support a finding to that effect.[3] Accordingly, the availability of compulsory process weighs in favor of transfer.

The Court next turns to the public interest factors relevant to the instant motion. Although many of the factors have no bearing on this action, see Decker Coal Co., 805 F.2d at 843 (identifying public interest factors to include relative court congestion, concerns regarding localized controversies, and avoidance of problems arising from conflict of laws), "other practical aspect[s] of expeditiously and conveniently conducting a trial" are of particular significance herein. Reiffin, 104 F. Supp. 2d at 52.

First, where the parties have previously litigated a nearly identical claim, the public interest in avoiding duplicative litigation weighs strongly in favor of transfer. See id. at 53-

---

[2]Neither party disputes the relevance of any such witness's testimony or suggests that any such testimony would be unnecessary.

[3]UPitt has identified a third inventor, Dr. Shimoga, who lives in San Jose, California, and who was deposed in the Pennsylvania action. To the extent UPitt may want to introduce the testimony of Dr. Shimoga other than by deposition, UPitt would not be precluded from doing so by reason of any transfer; as UPitt points out, Dr. Shimoga, as part of the assignment of his rights in the subject patents to UPitt, agreed to testify at UPitt's request in any legal proceeding. (See Compl. Ex. 2, 4.)

1  58. As previously noted, the instant action and the Pennsylvania action are essentially
2  indistinguishable.
3     Another practical consideration is whether one court is more familiar than the other
4  with the same parties and issues. See id. at 55-56. Here, over the course of more than a
5  year of litigation, the Pennsylvania court gained a good deal of familiarity with, and
6  expended considerable time and effort toward resolving, the claims at issue in the instant
7  action. The Pennsylvania court received the parties' briefing on claim construction, and a
8  "full-day" claim construction hearing was held before a court-appointed special master.[4]
9  (See Poppe Decl. filed June 27, 2008 ¶¶ 4-5.) Moreover, Varian, in the instant action, has
10 filed a motion to dismiss on grounds of res judicata based on rulings made in the
11 Pennsylvania action. The Pennsylvania court's "familiarity with the parties' dispute . . .
12 renders it better suited to determining, in the first instance, which issues and claims in the
13 instant complaint are precluded by its decision." Reiffin, 104 F. Supp. 2d at 57.
14    Lastly, transfer of this action will avoid the potential for nearly identical actions
15 proceeding in two different district courts at the same time. As noted, UPitt has appealed
16 the Pennsylvania court's dismissal; that appeal is pending at this time. If UPitt prevails on
17 its appeal and the dismissal is reversed, substantially identical claims will be pending
18 simultaneously in the Northern District of California and the Western District of
19 Pennsylvania, with all the attendant risks of duplicative proceedings and conflicting rulings.
20 Irrespective of whether UPitt prevails in the Federal Circuit, however, given the
21 Pennsylvania court's investment of time and effort in the subject litigation, there is little
22 question that "litigating this matter here would squander judicial resources." See id. at 57.

**CONCLUSION**

24    In sum, the Court finds both the private interest factors and the public interest
25 factors, taken together, weigh heavily in favor of transfer. Accordingly, defendant's motion
26 to transfer venue to the Western District of Pennsylvania is hereby GRANTED. In light of

---

[4]Prior to issuing its claim construction order, the Pennsylvania court dismissed the action for lack of standing. (See Poppe Decl. filed June 27, 2008 ¶ 5.)

this ruling, the Court will defer to the Western District of Pennsylvania with respect to Varian's motion to dismiss based on the doctrine of res judicata.

**IT IS SO ORDERED.**

Dated: September 16, 2008

                                                MAXINE M. CHESNEY
                                                United States District Judge