## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNIVERSITY OF PITTSBURGH,

        Plaintiff,                         08cv1307
                                           Judge Arthur J. Schwab

        v.

VARIAN MEDICAL SYSTEMS, INC.,

        Defendant.

### MEMORANDUM OPINION

### I.     INTRODUCTION

This case involves a patent infringement claim brought by Plaintiff University of Pittsburgh ("Plaintiff") against Defendant Varian Medical Systems, Inc. ("Defendant"). This is Plaintiff's second action for patent infringement asserted against Defendant regarding the same two patents. By Order of April 30, 2008, this Court dismissed the previous action with prejudice due to lack of jurisprudential standing, in that Plaintiff failed to join the co-owner of the subject patents at the commencement of the lawsuit. Order of April 30, 2008, Civil Action No. 07-491 ("*Varian I*", doc. no. 294). Before this Court is Defendant's Motion to Dismiss (doc. no. 55) under Federal Rule of Civil Procedure 12(b)(6) on the grounds of claim preclusion/ res judicata, claiming in essence that the dismissal with prejudice of the prior action precludes the current action.

### II.     PROCEDURAL HISTORY

Plaintiff, in conjunction with Carnegie Mellon University ("CMU"), developed certain advances in medical technology that are covered by two patents: Patent No. 5,727, 554 ("the '554 patent") and Patent No. 5,784,431 ("the '431 patent"), collectively the "patents-in-suit." On April 13, 2007, Plaintiff alone initiated the first lawsuit by filing its Complaint contending that Defendant

was infringing on the patents-in-suit. (*Varian I*, doc. no. 1). Thus began a heated litigation process. During the course of this action, Defendant discovered that Plaintiff owned the rights to the patents-in-suit jointly with CMU, prompting it to file a Motion for Summary Judgment for Lack of Standing.

A.      **Defendant's Motion for Summary Judgment for Lack of Standing in *Varian I***

On November 21, 2007, Varian filed a Motion for Summary Judgment for Lack of Standing (*Varian I*, doc. no. 127), claiming that since Plaintiff was not the sole owner of the patents-in-suit because non-party CMU is a co-owner thereof, Plaintiff lacks standing to sue for patent infringement. Said motion was assigned to the Special Master pursuant to Text Order, dated November 26, 2007, and the matter thereafter was thoroughly briefed. (*See Varian I*, docs. nos. 127, 128, 130, 159, 160, 167, 170, 172).

B.      **Prior Related Order of Court**

This Court rejected Plaintiff's subsequent attempt to join CMU through a motion pursuant to Federal Rule of Civil Procedure 19, stating as follows:

> Instead of waiting for a ruling on said Motion by the Special Master, Plaintiff filed with this Court, on December 5, 2007, a document entitled "Plaintiff University of Pittsburgh's Motion Pursuant to Federal Rule of Civil Procedure 19 to Join Carnegie Mellon University" ([*Varian I*,] doc. no. 149). Defendant filed its brief in opposition to Plaintiff's Motion ([*Varian I*,] doc. no. 162). By Order dated December 14, 2007, ([*Varian I*,] Doc. no. 168), the Court denied said Motion pursuant to the June 4, 2007 Case Management Order ([*Varian I*,] doc. no. 30), because said Motion was untimely in that new parties were to be added approximately six months earlier, by June 15, 2007, and discovery previously had closed on October 5, 2007, except for specific limited discovery. (*See* [*Varian I*,] doc. no. 30).

(*Varian I*, doc. no. 294 at 2).

**C.    Report and Recommendation ("R & R") of Special Master in *Varian I***

The Special Master issued his R & R on March 10, 2008 (*Varian I*, doc. no. 254).  This Court

explained the Special Master's R & R as follows:

> On March 10, 2008, the Special Master, by Report and Recommendation,
> recommended that Defendant's Motion for Summary Judgment for Lack of Standing
> ([*Varian I*,] doc. no. 127) be granted.  The Special Master found that CMU was a
> necessary party because it was a co-owner of the patents-in-suit and the case
> warranted dismissal if a co-owner of the patents-in-suit is not joined in the action.
> Thereafter, the Special Master "recommended that the District Court grant the
> Motion for Summary Judgment."

(*Varian I*, doc. no. 294 at 2-3).  However, the Special Master recommended the dismissal be

"without prejudice," and recommended that Plaintiff be allowed leave to amend its Complaint and

add CMU as a plaintiff.

**D.    This Court's Ruling on Defendant's Motion for Summary Judgment for Lack
of Standing.**

This Court agreed with the Special Master's R & R to the extent that the Court should grant

Defendant's Motion to Dismiss for Lack of Standing (*Varian I*, doc. no. 294), but disagreed with

allowing Plaintiff to amend its complaint. This Court then held that adding CMU to the action

approximately ten (10) months after the time to add new parties had closed and approximately six

(6) months after the close of discovery would be untimely and unfair to Defendant, and accordingly

dismissed the action with prejudice.  (*Id.* at 5-6).  In determining that this Court should dismiss

Plaintiff's infringement suit with prejudice, this Court stated as follows:

> **D.    Dismissal With Prejudice**
>
> The next issue is whether the dismissal should be with or without prejudice.
> The issue has two (2) parts as follows: (1) Is the failure to join CMU as a necessary
> party correctable by adding CMU to the action now, or after the commencement of
> the case? - - an issue not addressed by Special Master; and (2) if the answer thereto

is affirmative, should plaintiff in this particular case be permitted to add CMU as a party, approximately ten (10) months after the time to add new parties has closed, and approximately six (6) months after the close of discovery . . . .

### a. The Case Must be Dismissed Because CMU Should Have Been Joined at the Commencement of the Action

Generally, United States patent law requires that all co-owners normally must join as plaintiffs in an infringement suit. *International Nutrition Co. v. Horphag Research Ltd.*, 257 F.3d 1324, 1331 (Fed.Cir. 2001). Where one co-owner possesses an undivided part of the entire patent, the joint owner must join all other co-owners to establish standing. *Israel Bio-Engineering Project v. Amgen, Inc.*, 401 F.3d 1299, 1305 (Fed.Cir. 2005) (citing *Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1377 (Fed.Cir. 2000)). A contrary requirement would be in conflict with the text of Rule 19(a) of the Federal Rules of Civil Procedure . . . .

The majority of the authority holds simply that the co-owners must be joined and is silent on the issue of at *what point* they must be joined to the suit. However, one case from the Federal Circuit provides some guidance. In *International Gamco, Inc. v. Multimedia Games, Inc.*, the Court stated:

> Allowing a licensee, even one with exclusive rights to the patent for a particular field of use, to sue in its own name alone poses a substantial risk of multiple suits and even multiple liabilities against an alleged infringer for a single act of infringement. To alleviate this risk, this court's prudential standing requirement compels an exclusive licensee with less than all substantial rights, such as a field of use licensee, to join the patentee *before initiating the suit*.

*International Gamco, Inc. v. Multimedia Games, Inc.*, 504 F.3d 1273, 1278 (Fed.Cir. 2007). Also, the requirement that the plaintiffs be joined *at the inception of the suit* may be implied from the lack of authority found holding that the plaintiffs need *not* be joined at the inception of the lawsuit.

### b. The Case Also Must be Dismissed Because of the Plaintiff's Untimely Attempt to Add CMU as a Party

Additionally, this Court declines to vacate its prior Order ([*Varian I*,] doc. no. 168) denying plaintiff's Motion to Join CMU ([*Varian I*,] doc. no. 149). Plaintiff obviously knew of CMU's existence and its residual rights in the patents-in-suit, and chose not to join CMU, at the inception of this case. Whether plaintiff's very sophisticated patent counsel made this tactical decision not to join CMU in order to make discovery of CMU as a non-party more difficult for defendant, or for some

other tactical reason, the Court does not know. However, plaintiff's argument that
since some discovery has been conducted relating to CMU, CMU can be added as a
party, and the case can simply proceed, is not credible, as any review of the docket
will establish. The request to add CMU was untimely and unfair to defendant on
December 5, 2007 ([*Varian I,*]doc. no. 149), and it is even more so now four (4)
months later.

Therefore, this Court respectfully rejects the Special Master's suggestion that
this Court permit plaintiff to add CMU as a party at this very late date, and likewise
declines to vacate this Court's order of December 5, 2007 ([*Varian I,*] doc. no. 168)
denying Plaintiff's Motion to Add CMU ([*Varian I,*] doc. no. 149), for the reasons
above.

### CONCLUSION

Therefore, the Court will adopt in part the Report and Recommendation of
the Special Master (doc. no. 254); the Court will sustain the objections contained in
Defendant/Counterclaimant Varian Medical System Inc.'s Objections to Report and
Recommendation of Special Master Re: Motion for Summary Judgment for lack of
Standing (doc. nos. 255, 271, 272, 281); and the Court grants the Motion for
Summary Judgment for Lack of Standing (doc. no. 127) and dismisses this action
with prejudice.

Order of April 30, 2008 (*Varian I*, doc. no. 294 at 3-6) (footnotes omitted). On June 16, 2008,

Plaintiff appealed this judgment to the Federal Circuit. (doc. no. 311).

### E.     The Present Action

Also on June 16, 2008, Plaintiff simultaneously filed the present action in the District Court

for the Northern District of California, making allegations identical to the prior action against the

same Defendant. (doc. no. 1). In the interim, CMU had agreed to assign its rights in the patents-in-

suit to Plaintiff. Against Plaintiff's opposition, Defendant successfully moved to have this case

transferred to this Court on September 16, 2008. In its Order Granting Defendant's Motion to

Transfer Action (doc. no. 81), the District Court for the Northern District of California found that

the Western District of Pennsylvania was the most appropriate and convenient forum for the patent

infringement litigation, following consideration of all of the Section 1404(a) factors and analysis thereunder. (*Id.* at 2-6, *applying* 28 U.S.C. § 1404(a)). In its analysis, the California District Court found that the public interest in avoiding duplicative litigation weighed "strongly in favor of transfer" to this Court because "the [California] action and the Pennsylvania action are *essentially indistinguishable*." (*Id.* at 5-6) (emphasis added).

The California District Court declined to address the pending Motion to Dismiss on the grounds of Res Judicata/Claim Preclusion (doc. no. 81), which is now before the Court on the initial and supplemental briefs in support and in opposition to dismissal (docs. no. 104, 105). The issues have been fully briefed and this motion is ripe for disposition.

## III.  LEGAL STANDARD

In light of the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, – U.S.–, 127 S.Ct. 1955 (May 21, 2007), a complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)(quoting *Twombly*, 127 S.Ct. at 1974). While *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), allowed dismissal of a claim only if "no set of facts" could support it, under *Twombly,* a claim for relief under Rule 12(b)(6) now "requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 127 S.Ct. at 1965. In order to satisfy the requirement of Fed. R. Civ. P. 8(a)(2) that a plaintiff include a "short and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff must aver sufficient factual allegations in order "to raise a right to relief above the speculative level." *Ayers v. Osram Slyvania, Inc.*, Civil Action No. 07-1780, 2008 U.S. Dist. LEXIS 72644, at *6 (M.D. Pa. Sept. 24, 2008) (citing *Twombly*, 127 S.Ct. at 1965).

In considering a Rule 12(b)(6) motion, a court accepts all of the plaintiff's allegations as true and construes all inferences in the light most favorable to the non-moving party. *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)). However, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 311 F.3d 198, 215 (3d Cir. 2002); *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 n. 8 (3d Cir. 1997). A court is not required to consider legal conclusions; rather, it should determine whether the plaintiff should be permitted to offer evidence in support of the allegations. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000). The failure-to-state-a-claim standard of Rule 12(b)(6) seeks to promote judicial economy by eliminating unwarranted discovery and factfinding. *United States ex. rel. Repko v. Guthrie Clinic, P.C.*, 557 F.Supp.2d 522, 525 (M.D. Pa. 2008). Therefore, a plaintiff must put forth sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. *See Wilkerson v. New Media Tech. Charter Sch.,* Inc., 522 F.3d 315 (3d Cir. 2008) (citing *Phillips*, 515 F.3d at 224; citing *Twombly*, 127 S.Ct. at 1965). Generally, this does not impose a heightened burden on the claimant above that already required by Rule 8, but instead calls for fair notice of the factual basis of a claim while "rais[ing] a reasonable expectation that discovery will reveal evidence of the necessary element." *Weaver v. UPMC*, Civil Action No. 08-411, 2008 U.S. Dist. LEXIS 57988, at * 7 (W.D. Pa. July 30, 2008) (citing *Phillips*, 515 F.3d at 234; and *Twombly*, 127 S.Ct. at 1964-65).

Claim preclusion is an affirmative defense that is a proper subject of a Rule 12(b)(6) motion. *See, e.g. Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960 (3d Cir. 1991) (upholding a motion to dismiss under Rule 12(b)(6) granted on the ground of preclusion); *Fogarty v. USA Truck, Inc.*, Civ. A. No.

08-111, 2008 U.S. Dist. LEXIS 50270, at *14-21 (granting a motion to dismiss under Rule 12(b)(6)

on the grounds of res judicata/claim preclusion).

## IV.    DISCUSSION

### A.    The Applicable Law

Although specific issues of patent law are generally governed by the Federal Circuit, issues

of claim and issue preclusion are generally governed by the law of the regional circuit in which the

district court sits, which law, in this case, has been established by the United States Court of Appeals

for the Third Circuit.  *See Accumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1323 (Fed.Cir. 2008)

(citing *Media Tech. Licensing, LLC v. Upper Deck Co.*, 1366, 1369 (Fed.Cir. 2003).  In *Gratsy v.*

*United States Patent and Trademark Office*, the Federal Circuit applied Third Circuit law to issues

of claim and issue preclusion.  211 Fed.Appx. 952, 953-54 (Fed.Cir. 2007).  This Court, therefore,

will apply the law of the Third Circuit regarding claim preclusion to this matter.

### B.    Claim Preclusion/ Res Judicata

Defendant contends that Plaintiff's present action is barred by claim preclusion, also known

as res judicata.  Plaintiff counters that the prior action never reached the merits of the patent

infringement action, a necessary element for application of the doctrine.  The United States Court

of Appeals for the Third Circuit states three requirements to satisfy claim preclusion: (1) a final

judgment on the merits in a prior suit involving; (2) the same parties or their privities; and (3) a

subsequent suit based on the same cause of action. *Churchill v. Star Enters.*, 183 F.3d 184, 194 (3d

Cir. 1999).  The present action easily satisfies the second and third requirements because it involves

the exact same parties, the exact same theory of recovery, and the exact same cause of action as the

previous case.  The primary issue, then, is whether the prior judgment of dismissal for lack of

8

standing is "on the merits" and, thus, has a preclusive effect on this action.

1.      Judgments for Lack of Subject Matter Jurisdiction have Preclusive Effect

While not binding as to all matters which could have been raised, a dismissal for lack of subject matter jurisdiction will be conclusive to the jurisdictional matters actually adjudged. *Bromwell v. Mich. Mut. Ins. Co.*, 115 F.3d 208, 212-13 (3d Cir. 1997); *see also Agcaoili v. Wiersielis*, 273 Fed.Appx. 138, 139 (3d Cir. 2008) (holding that a prior dismissal for lack of subject matter jurisdiction has a preclusive effect on the present jurisdictional issue) (citing *Bromwell*, 115 F.3d at 212-13; *Okoro v. Bohman*, 164 F.3d 1059, 1063 (7th Cir. 1998)). While it may seem "paradoxical to suggest that a court can render a preclusive judgment when dismissing a suit on the ground that the suit does not engage the jurisdiction of the court," a court always "has jurisdiction to determine its own jurisdiction." *Okoro*, 164 F.3d at 1063 (citing *United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79 (1988). Thus, a ruling that a suit lacks subject matter jurisdiction is entitled to a preclusive effect on the issue of subject matter jurisdiction. *Id.* For example, in *Bromwell*, the United States Court of Appeals for the Third Circuit held that once the district court determined that it lacked subject matter jurisdiction over the plaintiff's claims, that determination had a preclusive effect. *Bromwell*, 115 F.3d at 212.

The preclusive effect of a dismissal for lack of subject matter jurisdiction is limited to future litigation of that ground of dismissal. *See Okoro*, 164 F.3d at 1063. Some courts have wrestled with whether this preclusive effect has the broader effects of claim preclusion or narrower effects of issue preclusion. *See New Jersey Inst. of Tech. v. Medjet, Inc.*, 47 Fed.Appx. 921, 925-26 (Fed.Cir. 2002) (determining that issue preclusion, not claim preclusion applies to the finding of a court's lack of subject matter jurisdiction).

In the *Okoro* case, Judge Posner stated that because a dismissal for lack of subject matter jurisdiction bars relitigation of the ground for dismissal, issue preclusion rather than claim preclusion applies. 164 F.3d at 1063. However, whether deemed issue or claim preclusion, a dismissal for lack of subject matter jurisdiction does have a preclusive effect on subsequent litigation of that ground for dismissal, in this case lack of standing for failure to join CMU in a timely manner.[1] "A judgment dismissing a suit for lack of jurisdiction does not preclude a party from litigating the same cause of action in a *court of competent jurisdiction* . . . [H]owever, it does preclude litigation of the issue of whether *the first tribunal* had jurisdiction." *Magnus Electronics, Inc. v. La Republica Argentina*, 830 F.2d 1396, 1400 (7th Cir. 1987) (emphasis in original).

2.    Dismissal in the Previous Action, with Prejudice, for Lack of Standing Precludes Litigation of That Ground of Dismissal

Plaintiff relies heavily on the case *Media Techs. Licensing, Inc. v. Upper Deck Co.*, 334 F.3d 1366 (Fed.Cir. 2003). (*See* doc. no. 57, at 5-6). That case held that a dismissal based on lack of standing precludes a ruling on the merits. *Media Techs.*, 334 F.3d at 1370. Plaintiff is correct in that this Court's previous dismissal for lack of standing, with prejudice, does not amount to a judgment on the merits of its patent infringement claims. However, even though the prior judgment for lack of standing will not act as a judgment on the merits for infringement of the patents-in-suit, it will act as a bar to further litigation of the issue of standing. *See Bromwell*, 115 F.3d at 213-12; *Liqui-Box Corp. v. Reid Valve Co., Inc.*, 718 F. Supp. 448, 450 (W.D. Pa. 1989) (citing *Magnus*, 830 F.2d at

---

[1]    In a case in which the issue of standing was predicated on a factual finding that the plaintiffs in a prior suit had not shown any right to bring that prior action, the United States District Court for the District of the Virgin Islands held that this factual finding, even though made in the context of determining the prior plaintiffs' standing, was a determination on the merits of those standing-less claims. *Staples v. Ruyter Bay Land Partners, LLC*, Civ. A. No. 2005-11, 2007 WL 4800350, at *4 (D. V.I. 2005).

1400) (noting that the defendant set forth a persuasive argument for the application of the *Magnus* case because Plaintiff failed to take advantage of the liberal amendment provisions of the Federal Rules of Civil Procedure).[2]

From the outset of the previous action, Plaintiff was "obviously aware of CMU's existence and its residual rights in the patents-in-suit, and chose not to join CMU, at the inception of this case." Order of April 30, 2008 (*Varian I*, doc. no. 294 at 4-5, n.3). This Court determined that CMU was a necessary party under Federal Rule of Civil Procedure 19 because co-owners of a patent must be joined in a suit, usually at its inception. *Id.* at 4 (citing *International Gamco*) (holding that the court's prudential standing requirement compels an exclusive licensee with less than all substantial rights to join the patentee before initiating the suit to alleviate the risk of multiple suits against the infringer for a single act of infringement). Because Plaintiff requested to join CMU approximately ten months after the deadline to join new parties and 6 months after the close of discovery, this Court ruled that Plaintiff's request was "untimely and unfair to defendant." *Id.* at 5. For these reasons, this Court granted Defendant's Motion for Summary Judgment for Lack of Standing (*Varian I*, doc. no. 127) and dismissed the prior action with prejudice. (*Varian I*, doc. no. 294 at 6). In essence, to have had a right to sue for patent infringement, Plaintiff was required to join CMU in a timely manner. Plaintiff failed to do so, and the Court dismissed the action. Thus, the Court issued a definitive ruling on the matter of Plaintiff's standing to sue.

In the present action, Plaintiff contends that it had a reasonable basis for standing in the prior action and, because of CMU's agreement to assign its rights in the patents-at-suit to Plaintiff,

---

[2]In *Liqui-Box*, the Court held that because Plaintiff added an additional claim for patent infringement in the new action, res judicata would not apply to preclude consideration of the issue of proper venue.

Plaintiff has cured the threshold defect and now has proper standing to sue. (*See* doc. no. 57 at 4). However, because Plaintiff is claiming infringement of the same patents-in-suit against the same party, and because this Court issued a definitive ruling on this matter, Plaintiff is precluded from any further litigation of its specific standing issue. *See Bromwell*, 115 F.3d at 212-213. Therefore, the prior ruling that Plaintiff lacked standing due to its failure to join CMU in a timely fashion fair to Defendant precludes Plaintiff from relitigating the ground for the prior dismissal. *See Id.*

While Plaintiff has attempted to remedy its standing deficiency subsequent to the dismissal of its action, Plaintiff could have requested that CMU assign its rights in the patents-in-suit prior to filing the first action. *See*, *e.g.*, *Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1192 (D.C. Cir. 1983) (holding that if a prior suit was dismissed due to a jurisdictional deficiency, res judicata would bar the refiling of the exact same cause of action unless the jurisdictional issue could be remedied by occurrences subsequent to the original dismissal). Given the ample amount of time Plaintiff had to address CMU's rights to the patents-in-suit in the prior action, Plaintiff should not be permitted to file action after action in belated attempts to rectify the jurisdictional deficiency. *See Magnus*, 830 F.2d at 1401 ("[I]t would not make sense to allow the plaintiff to begin the same suit over and over again in the same court, each time alleging additional facts that the plaintiff was aware of from the beginning of the suit, until it finally satisfies the jurisdictional requirements.").[3]

C.     The Present Appeal

Plaintiff has appealed the prior judgment to the United States Court of Appeals for the

---

[3]Plaintiff argues that such a result is unfair. In its Supplemental Brief, Plaintiff called such an outcome "draconian." (doc. no. 104 at 2). However, it is at least equally unfair to require Defendant to bear the cost of multiple suits for the same cause of action when one should have sufficed. *See Magnus*, 830 F.2d at 1401.

Federal Circuit, a proper course of action. *See Huck ex rel Sea Air Shuttle Corp. v. Dawson*, 106

F.3d 45, 50) (noting the proper course of action to take following a dismissal without leave to amend

is to appeal).   In this appeal, Plaintiff contends that this Court erred in dismissing the prior action

with prejudice.   Should Plaintiff succeed in this appeal, then the present action would become

unnecessary. *See Sendi v. NCR Comten, Inc.*, 624 F. Supp. 1205, 1207 (E.D. Pa. 1986) (noting that

appeal is the proper recourse because it ensures that the plaintiff does not use the incorrect procedure

of filing duplicative complaints for the purpose of circumventing the rule allowing for amendments,

Fed. R. Civ. P. 15).

## V.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (doc. no. 55) pursuant to Federal

Rule of Civil Procedure 12(b)(6) will be Granted.   Plaintiff will not be granted leave to amend

because amendment in this case would be futile. *See Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir.

2000) (noting that futility is a ground for denying leave to amend a complaint).

An appropriate Order follows.


**December 17, 2008**


s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:   All Registered ECF Counsel and Parties