IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNIVERSITY OF PITTSBURGH OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION d/b/a UNIVERSITY OF PITTSBURGH | 2:08-cv-1307<br>**ELECTRONICALLY FILED** |
| Plaintiff, | |
| v. | |
| VARIAN MEDICAL SYSTEMS INC. | |
| Defendant, | |

## MEMORANDUM ORDER RE: REFERENCE TO LACK OF OPINION LETTER FROM COUNSEL (DOC. NO. 446 at (III)(2)(c))

This Court issued an Order on January 12, 2012, that resolved all of the issues in the parties' Joint Submission Regarding Issues to be Tried to the Jury and Proposed Verdict Slip, (Doc. No. 446) except for the issue of reference to Varian's lack of disclosure of an opinion of counsel. Doc. No. 459.

In *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GMBH v. Dana Corp.,* 383 F.3d 1337 (Fed. Cir. 2004) (*en banc*), the Court held that "no adverse inference that an opinion of counsel was or would have been unfavorable flows from an alleged infringer's failure to obtain or produce an exculpatory opinion of counsel." *Id*. at 1341. Although such evidence may be admitted in some cases to be considered as a part of the totality of the circumstances, such as in inducement cases, it may not be admitted in willfulness trials. *World Wide Stationary Mfg. Co., Ltd. v. U.S. Ring Binder, L.P.*, No. 07cv1947, 2009 WL 4730342 (E.D. Mo. Dec. 4, 2009) (citing *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 698-99 (Fed. Cir. 2008)).

For the reasons discussed above, Plaintiff University of Pittsburgh may not make any disclosure, or submit evidence, during trial with respect to Defendant Varian's lack of an Opinion of Counsel.

**AND NOW**, this 13th day of January 2012, **IT IS HEREBY ORDERED** that Defendant's objection to Plaintiff presenting "evidence or argument on Varian's decision not to disclose an Opinion of Counsel concerning the '554 patent" is **SUSTAINED**. Doc. No. 455 at 5, ¶ 3.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties