IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNIVERSITY OF PITTSBURGH OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION,<br><br>    Plaintiff,<br><br>    v.<br><br>VARIAN MEDICAL SYSTEMS, INC.,<br><br>    Defendant. | 08cv1307<br>**ELECTRONICALLY FILED** |

# ADDITIONAL PRELIMINARY JURY INSTRUCTIONS (PART II)

## BACKGROUND OF THE CASE

THIS IS A PATENT INFRINGEMENT LAWSUIT. THE PLAINTIFF IS THE UNIVERSITY OF PITTSBURGH, WHICH OWNS THE PATENT THAT IS AT ISSUE IN THIS CASE. THE DEFENDANT IS VARIAN MEDICAL SYSTEMS, A COMPANY THAT MANUFACTURES AND SELLS MEDICAL EQUIPMENT, INCLUDING EQUIPMENT USED TO TREAT CANCER PATIENTS. I'LL REFER TO THE PARTIES AS "PITT" AND "VARIAN."

PITT ALLEGES THAT VARIAN MAKES AND SELLS PRODUCTS THAT INFRINGE U.S. PATENT NO. 5,727,554, WHICH

THE PARTIES REFERRED TO AS THE '554 PATENT. SPECIFICALLY, PITT CLAIMS THAT VARIAN'S RPM GATING SYSTEM, AS WELL AS THE COMBINATION OF THE RPM GATING SYSTEM AND VARIAN'S CLINAC AND TRILOGY LINEAR ACCELERATORS, INFRINGE THE '554 PATENT. IN ADDITION, PITT ALLEGES THAT VARIAN'S INFRINGEMENT OF THAT PATENT HAS BEEN WILLFUL. THE CONCEPT OF WILLFUL INFRINGEMENT IS SOMETHING I WILL EXPLAIN TO YOU SHORTLY.

THIS COURT HAS ALREADY RULED THAT THE VARIAN PRODUCTS AT ISSUE IN THIS CASE DO IN FACT INFRINGE THE '554 PATENT. BECAUSE VARIAN'S INFRINGEMENT OF THE PATENT HAS ALREADY BEEN ESTABLISHED, THAT IS NOT AN ISSUE YOU NEED TO DECIDE. INSTEAD, THE ONLY PURPOSE OF THIS TRIAL, AND THE ONLY ISSUE YOU ARE TO DECIDE, IS WHETHER VARIAN'S INFRINGEMENT OF THE PATENT WAS WILLFUL.

WHETHER VARIAN'S INFRINGEMENT IS WILLFUL RELATES TO THE AMOUNT OF DAMAGES PITT IS ENTITLED TO RECOVER IN THIS LAWSUIT. IF YOU DECIDE THAT VARIAN WILLFULLY INFRINGED THE CLAIMS OF PITT'S PATENT, THEN IT IS MY JOB TO DECIDE WHETHER OR NOT TO AWARD INCREASED DAMAGES TO PITT.

**VIEW FEDERAL JUDICIAL CENTER STREAMING VIDEO ENTITLED "AN INTRODUCTION TO THE PATENT SYSTEM" OF OCTOBER 2002.**

**SUMMARY OF CONTENTIONS**

TO HELP YOU FOLLOW THE EVIDENCE, I WILL NOW GIVE YOU A SUMMARY OF THE PARTIES' POSITIONS.

AS I STATED ABOVE, THE PARTIES IN THIS CASE ARE PITT, THE PATENT HOLDER, AND VARIAN, THE ALLEGED INFRINGER. THE CASE INVOLVES UNITED STATES PATENT NO. 5,727,554, OBTAINED BY FIVE (5) INVENTORS WHO TRANSFERRED THOSE INVENTIONS TO PITT. FOR YOUR CONVENIENCE, THE PARTIES AND I WILL OFTEN REFER TO

THIS PATENT NUMBER 5,727,554 BY THE LAST THREE NUMBERS OF THE PATENT NUMBER, NAMELY, AS "THE '554 PATENT."

PITT FILED SUIT IN THIS COURT SEEKING MONEY DAMAGES FROM VARIAN FOR ALLEGEDLY INFRINGING THE '554 PATENT BY MAKING, USING, SELLING, AND OFFERING FOR SALE, IN THE UNITED STATES, PRODUCTS THAT PITT ARGUED ARE COVERED, BY CLAIMS 20, 21, 22, 25, 26, 36 AND 38 OF THE '554 PATENT.

VARIAN INITIALLY ARGUED IN THIS CASE THAT ITS PRODUCTS DO NOT INFRINGE THE '554 PATENT. I HAVE DETERMINED, HOWEVER, THAT VARIAN'S PRODUCTS DO, IN FACT, INFRINGE THOSE CLAIMS OF THE '554 PATENT. IN PARTICULAR, I HAVE DETERMINED THAT VARIAN'S RPM RESPIRATORY GATING SYSTEM ALONE AND IN COMBINATION WITH VARIAN'S CLINAC AND TRILOGY LINEAR ACCELERATORS, INFRINGE PITT'S '554 PATENT.

I HAVE ALSO DETERMINED THAT VARIAN'S NON-INFRINGEMENT ARGUMENTS ARE UNREASONABLE. FOR PURPOSES OF THIS CASE, YOU MUST ACCEPT AS BINDING MY DETERMINATION THAT VARIAN'S PRODUCTS INFRINGE THE '554 PATENT AND THAT VARIAN'S NON-INFRINGEMENT ARGUMENTS WERE NOT REASONABLE.

VARIAN ARGUES THAT CLAIMS 20, 21, 22, 25, 26, 36 AND 38 OF THE '554 PATENT ARE INVALID. I WILL INSTRUCT YOU LATER AS TO THE WAYS IN WHICH A PATENT MAY BE INVALID. IN GENERAL, HOWEVER, A PATENT IS INVALID IF IT IS NOT NEW OR IT IS OBVIOUS IN VIEW OF THE STATE OF THE ART AT THE RELEVANT TIME, OR IF THE DESCRIPTION IN THE PATENT DOES NOT MEET CERTAIN REQUIREMENTS.

WHETHER THE CLAIMS OF THE '554 PATENT ARE, IN FACT, INVALID IS NOT SOMETHING YOU WILL BE ASKED TO DECIDE IN THIS CASE. INSTEAD, YOUR JOB IN THIS CASE IS TO CONSIDER THE EVIDENCE PRESENTED BY THE PARTIES AND DETERMINE INDEPENDENTLY WHETHER PITT HAS

PROVEN THAT VARIAN'S PATENT INVALIDITY DEFENSES ARE UNREASONABLE. AGAIN, I WILL NOT ASK YOU TO DETERMINE WHETHER OR NOT THE CLAIMS ARE, IN FACT, INVALID. YOUR JOB WILL BE TO DECIDE WHETHER OR NOT PITT HAS PROVEN THAT VARIAN'S INVALIDITY DEFENSE(S) ARE UNREASONABLE AND, IF SO, WHETHER OR NOT YOU FIND VARIAN IS A WILLFUL INFRINGER. YOUR FINDING ON WHETHER OR NOT VARIAN IS A WILLFUL INFRINGER IS ONE I WILL TAKE INTO ACCOUNT LATER IN THE CASE.

## **THE PATENT AT ISSUE**

I HAVE ALREADY DETERMINED THE MEANING OF THE CLAIMS OF THE '554 PATENT. YOU HAVE BEEN GIVEN A DOCUMENT REFLECTING THOSE MEANINGS. FOR A CLAIM TERM FOR WHICH I HAVE NOT PROVIDED YOU WITH A DEFINITION, YOU SHOULD APPLY THE ORDINARY MEANING. YOU ARE TO APPLY MY DEFINITIONS OF THESE TERMS THROUGHOUT THIS CASE. HOWEVER, MY INTERPRETATION OF THE LANGUAGE OF THE CLAIMS

SHOULD NOT BE TAKEN AS AN INDICATION THAT I HAVE A VIEW REGARDING VARIAN'S INVALIDITY DEFENSES.

YOU ARE TO DECIDE WHETHER OR NOT PITT HAS PROVEN THAT VARIAN'S INVALIDITY DEFENSES ARE UNREASONABLE AND, IF SO, WHETHER VARIAN WILLFULLY INFRINGES THE PATENT. THOSE ISSUES ARE YOURS TO DECIDE. I WILL PROVIDE YOU WITH MORE DETAILED INSTRUCTIONS ON THE MEANING OF THE CLAIMS BEFORE YOU RETIRE TO DELIBERATE YOUR VERDICT.

**OVERVIEW OF APPLICABLE LAW**

IN DECIDING THE ISSUES I JUST DISCUSSED, YOU WILL BE ASKED TO CONSIDER SPECIFIC LEGAL STANDARDS. I WILL GIVE YOU AN OVERVIEW OF THOSE STANDARDS NOW AND WILL REVIEW THEM IN MORE DETAIL BEFORE THE CASE IS SUBMITTED TO YOU FOR YOUR VERDICT.

YOU WILL BE ASKED TO DECIDE WHETHER PITT HAS PROVEN THAT VARIAN'S ARGUMENTS THAT THE

'554 PATENT IS INVALID ARE UNREASONABLE. A PATENT MAY BE INVALID FOR A NUMBER OF REASONS, INCLUDING BECAUSE IT CLAIMS SUBJECT MATTER THAT IS NOT NEW OR IS OBVIOUS. FOR A CLAIM TO BE INVALID BECAUSE IT IS NOT NEW, VARIAN WOULD HAVE TO SHOW THAT ALL OF THE ELEMENTS OF A CLAIM ARE PRESENT IN A SINGLE PREVIOUS DEVICE OR METHOD, OR SUFFICIENTLY DESCRIBED IN A SINGLE PREVIOUS PRINTED PUBLICATION OR PATENT. WE CALL THESE "PRIOR ART." IF A CLAIM IS NOT NEW, IT IS SAID TO BE ANTICIPATED. YOU SHOULD KEEP THESE STANDARDS IN MIND WHEN CONSIDERING WHETHER PITT HAS PROVEN THAT VARIAN'S ANTICIPATION ARGUMENTS ARE UNREASONABLE.

ANOTHER WAY THAT A CLAIM MAY BE INVALID IS THAT IT MAY HAVE BEEN OBVIOUS. EVEN THOUGH EVERY ELEMENT OF A CLAIM IS NOT SHOWN OR SUFFICIENTLY DESCRIBED IN A SINGLE PIECE OF "PRIOR ART."

THE CLAIM MAY STILL BE INVALID IF IT WOULD HAVE BEEN OBVIOUS TO A PERSON OF ORDINARY SKILL IN THE FIELD OF TECHNOLOGY OF THE PATENT AT THE RELEVANT TIME. I WILL PROVIDE YOU DETAILED INSTRUCTIONS ON HOW TO ASSESS VARIAN'S ARGUMENTS ON OBVIOUSNESS ISSUES AT THE CONCLUSION OF THE CASE.

A PATENT MAY ALSO BE INVALID IF ITS DESCRIPTION IN THE SPECIFICATION DOES NOT MEET CERTAIN REQUIREMENTS. TO BE VALID, A PATENT MUST MEET THE "ENABLEMENT" REQUIREMENT. TO MEET THIS REQUIREMENT, THE DESCRIPTION IN THE PATENT HAS TO BE SUFFICIENTLY FULL AND CLEAR TO HAVE ALLOWED PERSONS OF ORDINARY SKILL IN THE FIELD OF TECHNOLOGY OF THE PATENT TO MAKE AND USE THE INVENTION WITHOUT UNDUE EXPERIMENTATION, AT THE TIME THE PATENT APPLICATION WAS ORIGINALLY FILED. AGAIN, YOU SHOULD KEEP THESE STANDARDS IN MIND WHEN CONSIDERING WHETHER PITT HAS PROVEN THAT

VARIAN'S NONENABLEMENT ARGUMENTS ARE UNREASONABLE.

**WILLFUL INFRINGEMENT**

IN THIS CASE, YOU MUST ADDRESS THE ISSUE OF WHETHER OR NOT VARIAN'S INFRINGEMENT OF THE '554 PATENT WAS WILLFUL. WILLFULNESS REQUIRES YOU TO DETERMINE BY CLEAR AND CONVINCING EVIDENCE THAT VARIAN ACTED RECKLESSLY.

TO PROVE THAT VARIAN ACTED RECKLESSLY, PITT MUST PROVE TWO THINGS BY CLEAR AND CONVINCING EVIDENCE: THE FIRST PART OF THE TEST IS OBJECTIVE: PITT, THE PATENT HOLDER, MUST PERSUADE YOU THAT VARIAN ACTED DESPITE A HIGH LIKELIHOOD THAT VARIAN'S ACTIONS INFRINGED A VALID AND ENFORCEABLE PATENT. IN MAKING THIS DETERMINATION, YOU MAY NOT CONSIDER VARIAN'S STATE OF MIND. LEGITIMATE OR CREDIBLE ARGUMENTS THAT A PATENT IS NOT VALID, EVEN IF NOT ULTIMATELY SUCCESSFUL, DEMONSTRATE A LACK OF

RECKLESSNESS. IN DECIDING WHETHER VARIAN'S CONDUCT WAS RECKLESS, YOU MUST FOCUS ON VARIAN'S CONDUCT BEFORE IT WAS SUED BY PITT.

ONLY IF YOU CONCLUDE THAT VARIAN'S CONDUCT WAS RECKLESS DO YOU NEED TO CONSIDER THE SECOND PART OF THE TEST. THE SECOND PART DEPENDS ON VARIAN'S STATE OF MIND. PITT, THE PATENT HOLDER, MUST PERSUADE YOU THAT VARIAN ACTUALLY KNEW OR SHOULD HAVE KNOWN THAT IT WAS TAKING A RISK OF INFRINGING A VALID PATENT.

AFTER BEING SUED BY PITT FOR INFRINGEMENT OF THE '554 PATENT, VARIAN ASSERTED A NUMBER OF DEFENSES TO PITT'S CLAIM, INCLUDING THE DEFENSES THAT ITS PRODUCTS DO NOT INFRINGE THE '554 PATENT AND THAT THE '554 PATENT IS INVALID. AS I SAID EARLIER, I HAVE ALREADY RULED THAT VARIAN DID INFRINGE THE '554 PATENT. I HAVE ALSO RULED THAT VARIAN'S ARGUMENTS THAT IT WAS NOT INFRINGING THE PATENT

WERE OBJECTIVELY UNREASONABLE. THEREFORE, IN CONSIDERING WHETHER PITT HAS SATISFIED THE FIRST PART OF THE WILLFULNESS TEST, YOU ARE NOT TO GIVE ANY WEIGHT TO VARIAN'S ARGUMENTS THAT IT DID NOT INFRINGE THE PATENT AND ARE TO INSTEAD ADDRESS ONLY THE REASONABLENESS OF ITS ARGUMENTS THAT THE '554 PATENT IS NOT VALID.

IF YOU CONCLUDE THAT PITT HAS PROVEN THAT VARIAN'S CONDUCT WAS RECKLESS, THEN YOU NEED TO CONSIDER THE SECOND PART OF THE TEST. IN PARTICULAR, YOU MUST DETERMINE WHETHER PITT PROVED THAT VARIAN KNEW OF THE HIGH RISK THAT VARIAN WAS INFRINGING A VALID PATENT OR THAT THE RISK WAS SO OBVIOUS TO VARIAN THAT IT SHOULD HAVE KNOWN ABOUT IT. IN DECIDING WHETHER VARIAN HAD THIS STATE OF MIND, YOU SHOULD CONSIDER ALL FACTS SURROUNDING THE ALLEGED INFRINGEMENT INCLUDING, BUT NOT LIMITED TO, THE FOLLOWING: (A) THE FACT THAT

VARIAN KNEW ABOUT THE '554 PATENT; (B) WHETHER VARIAN, WHEN IT LEARNED OF THE PATENT, INVESTIGATED THE SCOPE OF THE PATENT AND FORMED A GOOD-FAITH BELIEF THAT THE PATENT WAS INVALID OR THAT VARIAN WAS NOT INFRINGING A VALID PATENT; (C) WHETHER OR NOT VARIAN ACTED IN ACCORDANCE WITH THE STANDARDS OF COMMERCE FOR ITS INDUSTRY; (D) WHETHER OR NOT VARIAN INTENTIONALLY COPIED A PRODUCT OF PITT THAT IS COVERED BY THE '554 PATENT; (E) WHETHER OR NOT VARIAN TRIED TO COVER UP ITS INFRINGEMENT; (F) WHETHER OR NOT VARIAN MADE A GOOD-FAITH EFFORT TO AVOID INFRINGING THE '554 PATENT, FOR EXAMPLE, WHETHER VARIAN ATTEMPTED TO DESIGN AROUND THE PATENT; (G) VARIAN'S BEHAVIOR AS A PARTY TO THE LITIGATION; (H) VARIAN'S SIZE AND FINANCIAL CONDITION; (I) THE DURATION OF VARIAN'S MISCONDUCT; (J) VARIAN'S MOTIVATION FOR HARM; AND (K) WHETHER VARIAN ATTEMPTED TO CONCEAL ITS

MISCONDUCT. ALTHOUGH THESE ARE THE TYPES OF FACTORS THAT YOU MAY CONSIDER, YOU NEED NOT FIND THAT ALL OR EVEN MOST OF THEM APPLY IN ORDER TO FIND THAT VARIAN'S INFRINGEMENT OF THE '554 PATENT WAS WILLFUL.

**OUTLINE OF THE TRIAL**

THE TRIAL WILL NOW BEGIN. FIRST, EACH SIDE MAY MAKE AN OPENING STATEMENT. AN OPENING STATEMENT IS NOT EVIDENCE. IT IS SIMPLY AN OPPORTUNITY FOR THE LAWYERS TO EXPLAIN WHAT THEY EXPECT THE EVIDENCE WILL SHOW.

THE STANDARD OF PROOF THAT YOU WILL APPLY TO THE EVIDENCE CONCERNING PITT'S ALLEGATION THAT VARIAN WILLFULLY INFRINGES THE PATENT CLAIMS IS WHETHER PITT HAS PROVEN THE FACTS BY CLEAR AND CONVINCING EVIDENCE, I.E., THAT YOU HAVE BEEN LEFT WITH A CLEAR CONVICTION THAT THE FACT HAS BEEN PROVEN. THIS STANDARD IS DIFFERENT FROM WHAT YOU

MAY HAVE HEARD ABOUT IN CRIMINAL PROCEEDINGS WHERE A FACT MUST BE PROVEN BEYOND A REASONABLE DOUBT. THE "CLEAR AND CONVINCING" STANDARD OF PROOF IS LOWER THAN THE "REASONABLE DOUBT" STANDARD USED IN CRIMINAL PROCEEDINGS.

    AFTER THE OPENING STATEMENTS, PITT WILL PRESENT ITS EVIDENCE IN SUPPORT OF ITS CONTENTION THAT THE CLAIMS OF THE '554 PATENT HAVE BEEN WILLFULLY INFRINGED. TO PERSUADE YOU THAT ANY INFRINGEMENT WAS WILLFUL, PITT MUST PROVE THAT THE INFRINGEMENT WAS WILLFUL BY CLEAR AND CONVINCING EVIDENCE. VARIAN WILL THEN PUT ON EVIDENCE RESPONDING TO PITT'S PROOF OF WILLFUL INFRINGEMENT. PITT MAY THEN OFFER ANY ADDITIONAL EVIDENCE OF WILLFUL INFRINGEMENT RESPONDING TO VARIAN'S EVIDENCE. THIS IS REFERRED TO AS "REBUTTAL" EVIDENCE. PITT'S "REBUTTAL" EVIDENCE MAY RESPOND TO ANY EVIDENCE OFFERED BY VARIAN.

AFTER THE EVIDENCE HAS BEEN PRESENTED, THE ATTORNEYS WILL MAKE CLOSING ARGUMENTS AND I WILL GIVE YOU FINAL INSTRUCTIONS ON THE LAW THAT APPLIES TO THE CASE. THESE CLOSING ARGUMENTS BY THE ATTORNEYS ARE NOT EVIDENCE. AFTER THE CLOSING ARGUMENTS AND INSTRUCTIONS, YOU WILL THEN DECIDE THE CASE.