IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNIVERSITY OF PITTSBURGH OF THE
COMMONWEALTH SYSTEM OF HIGHER
EDUCATION,

08CV1307
**ELECTRONICALLY FILED**

PLAINTIFF,

V.

VARIAN MEDICAL SYSTEMS, INC.,

DEFENDANT.


# FINAL JURY INSTRUCTIONS

## I. GENERAL INSTRUCTIONS

NOW THAT YOU HAVE HEARD THE EVIDENCE AND THE ARGUMENT, IT IS MY DUTY TO INSTRUCT YOU ON THE LAW.

WE HAVE GIVEN YOU COPIES OF THE SPECIAL VERDICT FORM ON WHICH YOU WILL ANSWER SPECIFIC QUESTIONS. PLEASE TAKE A FEW MINUTES TO READ THE VERDICT FORM, BECAUSE THE INSTRUCTIONS I AM ABOUT TO GIVE YOU WILL HELP YOU ANSWER THOSE QUESTIONS.

WHEN YOU RETIRE TO THE JURY ROOM TO DELIBERATE, YOU MAY TAKE THESE INSTRUCTIONS WITH YOU, ALONG WITH YOUR NOTES, THE EXHIBITS THAT THE COURT HAS ADMITTED INTO EVIDENCE, AND THE VERDICT FORM. YOU SHOULD SELECT ONE MEMBER OF THE JURY AS YOUR FOREPERSON. THAT PERSON WILL PRESIDE OVER THE DELIBERATIONS AND SPEAK FOR YOU HERE IN OPEN COURT.

YOU HAVE TWO MAIN DUTIES AS JURORS. THE FIRST ONE IS TO DECIDE WHAT THE FACTS ARE FROM THE EVIDENCE THAT YOU SAW AND HEARD HERE IN COURT. DECIDING WHAT THE FACTS ARE, IS YOUR JOB, NOT MINE, AND NOTHING THAT I HAVE SAID OR DONE DURING THIS TRIAL WAS MEANT TO INFLUENCE YOUR DECISION ABOUT THE FACTS IN ANY WAY.

YOUR SECOND DUTY IS TO TAKE THE LAW THAT I GIVE YOU, APPLY IT TO THE FACTS, AND DECIDE IF, UNDER THE

APPROPRIATE BURDEN OF PROOF, PLAINTIFF HAS

ESTABLISHED ITS CLAIMS.  IN OTHER WORDS, IT IS YOUR

DUTY TO DETERMINE FROM THE EVIDENCE WHAT

ACTUALLY HAPPENED IN THIS CASE, APPLYING THE LAW AS

I NOW EXPLAIN IT.

IT IS MY JOB TO INSTRUCT YOU ABOUT THE LAW, AND

YOU ARE BOUND BY THE OATH THAT YOU TOOK AT THE

BEGINNING OF THE TRIAL TO FOLLOW THE INSTRUCTIONS

THAT I GIVE YOU, EVEN IF YOU PERSONALLY DISAGREE

WITH THEM.  THIS INCLUDES THE INSTRUCTIONS THAT I

GAVE YOU BEFORE AND DURING THE TRIAL, AND THESE

INSTRUCTIONS.  ALL THE INSTRUCTIONS ARE IMPORTANT,

AND YOU SHOULD CONSIDER THEM TOGETHER AS A WHOLE;

DO NOT DISREGARD OR GIVE SPECIAL ATTENTION TO ANY

ONE INSTRUCTION; AND DO NOT QUESTION THE WISDOM OF

ANY RULE OF LAW OR RULE OF EVIDENCE I STATE.   IN

OTHER WORDS, DO NOT SUBSTITUTE YOUR OWN NOTION OR

OPINION AS TO WHAT THE LAW IS OR OUGHT TO BE.

PERFORM THESE DUTIES FAIRLY. DO NOT LET ANY

BIAS, SYMPATHY OR PREJUDICE THAT YOU MAY FEEL

TOWARD ONE SIDE OR THE OTHER INFLUENCE YOUR

DECISION IN ANY WAY.

AS JURORS, YOU HAVE A DUTY TO CONSULT WITH EACH

OTHER AND TO DELIBERATE WITH THE INTENTION OF

REACHING A VERDICT. EACH OF YOU MUST DECIDE THE

CASE FOR YOURSELF, BUT ONLY AFTER A FULL AND

IMPARTIAL CONSIDERATION OF ALL OF THE EVIDENCE WITH

YOUR FELLOW JURORS. LISTEN TO EACH OTHER

CAREFULLY. IN THE COURSE OF YOUR DELIBERATIONS, YOU

SHOULD FEEL FREE TO RE-EXAMINE YOUR OWN VIEWS AND

TO CHANGE YOUR OPINION BASED UPON THE EVIDENCE.

BUT YOU SHOULD NOT GIVE UP YOUR HONEST CONVICTIONS

ABOUT THE EVIDENCE JUST BECAUSE OF THE OPINIONS OF

YOUR FELLOW JURORS. NOR SHOULD YOU CHANGE YOUR

MIND JUST FOR THE PURPOSE OF OBTAINING ENOUGH VOTES

FOR A VERDICT.

WHEN YOU START DELIBERATING, DO NOT TALK TO

THE JURY OFFICER, TO ME, OR TO ANYONE BUT EACH OTHER

ABOUT THE CASE. DURING YOUR DELIBERATIONS, YOU

MUST NOT COMMUNICATE WITH OR PROVIDE ANY

INFORMATION TO ANYONE BY ANY MEANS ABOUT THIS

CASE. YOU MAY NOT USE ANY ELECTRONIC DEVICE OR

MEDIA, SUCH AS A CELL PHONE, A SMART PHONE LIKE

BLACKBERRIES, DROIDS, OR IPHONES, OR A COMPUTER OF

ANY KIND; THE INTERNET, ANY INTERNET SERVICE, OR ANY

TEXT OR INSTANT MESSAGING SERVICE LIKE TWITTER; OR

ANY INTERNET CHAT ROOM, BLOG, WEBSITE, OR SOCIAL

NETWORKING SERVICE SUCH AS FACEBOOK, MYSPACE,

LINKEDIN, OR YOUTUBE, TO COMMUNICATE TO ANYONE
ANY INFORMATION ABOUT THIS CASE OR TO CONDUCT ANY
RESEARCH ABOUT THIS CASE UNTIL I ACCEPT YOUR
VERDICT.

IF YOU HAVE ANY QUESTIONS OR MESSAGES FOR ME,
YOU MUST WRITE THEM DOWN ON A PIECE OF PAPER, HAVE
THE FOREPERSON SIGN THEM, AND GIVE THEM TO THE JURY
OFFICER.  THE OFFICER WILL GIVE THEM TO ME, AND I WILL
RESPOND AS SOON AS I CAN.  I MAY HAVE TO TALK TO THE
LAWYERS ABOUT WHAT YOU HAVE ASKED, SO IT MAY TAKE
SOME TIME TO GET BACK TO YOU.

ONE MORE THING ABOUT MESSAGES:  NEVER WRITE
DOWN OR TELL ANYONE HOW YOU STAND ON YOUR VOTES.
FOR EXAMPLE, DO NOT WRITE DOWN OR TELL ANYONE
THAT A CERTAIN NUMBER IS VOTING ONE WAY OR

ANOTHER. YOUR VOTES SHOULD STAY SECRET UNTIL YOU ARE FINISHED.

YOUR VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR. IN ORDER FOR YOU AS A JURY TO RETURN A VERDICT, EACH JUROR MUST AGREE TO THE VERDICT. YOUR VERDICT MUST BE UNANIMOUS.

A VERDICT FORM HAS BEEN PREPARED FOR YOU. IT HAS A SERIES OF QUESTIONS FOR YOU TO ANSWER. YOU WILL TAKE THIS FORM TO THE JURY ROOM AND WHEN YOU HAVE REACHED UNANIMOUS AGREEMENT AS TO YOUR VERDICT, YOU WILL FILL IT IN, AND HAVE YOUR FOREPERSON DATE AND SIGN THE FORM. YOU WILL THEN RETURN TO THE COURTROOM AND YOUR FOREPERSON WILL GIVE YOUR VERDICT. UNLESS I DIRECT YOU OTHERWISE, DO NOT REVEAL YOUR ANSWERS UNTIL YOU ARE DISCHARGED. AFTER YOU HAVE REACHED A VERDICT, YOU ARE NOT

REQUIRED TO TALK WITH ANYONE ABOUT THE CASE UNLESS I ORDER YOU TO DO SO.

ONCE AGAIN, I WANT TO REMIND YOU THAT NOTHING ABOUT MY INSTRUCTIONS AND NOTHING ABOUT THE FORM OF VERDICT IS INTENDED TO SUGGEST OR CONVEY IN ANY WAY OR MANNER WHAT I THINK YOUR VERDICT SHOULD BE.  IT IS YOUR SOLE AND EXCLUSIVE DUTY AND RESPONSIBILITY TO DETERMINE THE VERDICT.

## II. <u>EVIDENCE</u>

### <u>WHAT IS EVIDENCE</u>

I HAVE MENTIONED THE WORD "EVIDENCE."  THE "EVIDENCE" IN THIS CASE CONSISTS OF THE TESTIMONY OF WITNESSES, THE DOCUMENTS AND OTHER PHYSICAL ITEMS, IF ANY, RECEIVED AS EXHIBITS, AND ANY FACTS STIPULATED BY THE PARTIES.

EXHIBITS

COUNSEL FOR PLAINTIFF AND DEFENDANT HAVE AGREED TO THE LEGAL ADMISSIBILITY OF VARIOUS EXHIBITS. THIS MEANS THAT THESE EXHIBITS MEET THE REQUIREMENTS OF THE RULES OF EVIDENCE AND THEREFORE HAVE BEEN ADMITTED FOR YOUR CONSIDERATION. THIS DOES NOT MEAN THAT THE PARTIES AGREE AS TO THE INFERENCES OR CONCLUSIONS THAT YOU SHOULD OR MAY DRAW FROM ANY EXHIBIT.

STIPULATIONS OF FACT

THE PARTIES HAVE AGREED, OR STIPULATED, TO CERTAIN FACTS AS BEING TRUE AND THOSE STIPULATIONS HAVE BEEN PLACED ON THE RECORD IN THIS TRIAL. YOU MUST TREAT ANY STIPULATIONS OF FACT AS HAVING BEEN PROVED FOR THE PURPOSES OF THIS CASE.

<u>WHAT IS NOT EVIDENCE</u>

THE FOLLOWING THINGS ARE NOT EVIDENCE:

1.  STATEMENTS, ARGUMENTS, QUESTIONS AND COMMENTS BY THE LAWYERS ARE NOT EVIDENCE.

2.  LIKEWISE, OBJECTIONS ARE NOT EVIDENCE. LAWYERS HAVE EVERY RIGHT TO OBJECT WHEN THEY BELIEVE SOMETHING IS IMPROPER.  YOU SHOULD NOT BE INFLUENCED BY THE OBJECTION.  IF I SUSTAINED AN OBJECTION TO A QUESTION, YOU MUST IGNORE THE QUESTION AND MUST NOT TRY TO GUESS WHAT THE ANSWER MIGHT HAVE BEEN.

3.  ANY TESTIMONY THAT I ORDERED STRICKEN FROM THE RECORD, OR TOLD YOU TO DISREGARD, IS NOT EVIDENCE AND YOU MUST NOT CONSIDER ANY SUCH MATTER.

4.  ANYTHING YOU SAW OR HEARD ABOUT THIS CASE OUTSIDE THE COURTROOM IS NOT EVIDENCE.  YOU MUST DECIDE THE CASE ONLY ON THE EVIDENCE PRESENTED HERE IN THE COURTROOM.  DO NOT LET RUMORS, SUSPICIONS, OR ANYTHING ELSE THAT YOU MAY SEE OR HEAR OUTSIDE OF COURT INFLUENCE YOUR DECISION IN ANY WAY.

<u>EVIDENCE, INFERENCES, AND COMMON SENSE</u>

WHILE YOU MAY CONSIDER ONLY THE EVIDENCE IN THE CASE IN ARRIVING AT YOUR VERDICT, YOU ARE PERMITTED TO DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY AND EXHIBITS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF YOUR COMMON EXPERIENCE, REASON AND COMMON SENSE.

<u>DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>

IN THIS REGARD, YOU MAY CONSIDER EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE. "DIRECT EVIDENCE" IS THE TESTIMONY OF SOMEONE WHO ASSERTS ACTUAL KNOWLEDGE OF A FACT, SUCH AS AN EYEWITNESS. "CIRCUMSTANTIAL EVIDENCE" IS PROOF OF A CHAIN OF FACTS AND CIRCUMSTANCES FROM WHICH YOU MAY INFER THAT SOMETHING EITHER DID OR DID NOT HAPPEN. THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT TO BE GIVEN TO EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE. IT REQUIRES ONLY THAT YOU WEIGH ALL OF THE EVIDENCE AND BE CONVINCED THAT PLAINTIFF HAS MET THE BURDEN OF PROOF BY CLEAR AND CONVINCING EVIDENCE BEFORE YOU RETURN A VERDICT FOR THAT PARTY.

<u>BIAS, SYMPATHY AND PREJUDICE</u>

YOU MAY NOT ALLOW SYMPATHY OR PERSONAL FEELINGS TO INFLUENCE YOUR DETERMINATION.  YOUR DUTY IS TO DECIDE THE CASE SOLELY ON THE BASIS OF THE EVIDENCE OR LACK OF EVIDENCE AND THE LAW AS I HAVE INSTRUCTED YOU, WITHOUT BIAS, PREJUDICE, OR SYMPATHY FOR OR AGAINST THE PARTIES OR THEIR COUNSEL.  BOTH THE PARTIES AND THE PUBLIC EXPECT THAT YOU WILL CAREFULLY AND IMPARTIALLY CONSIDER ALL OF THE EVIDENCE IN THE CASE, FOLLOW THE LAW AS STATED BY THE COURT, AND REACH A JUST VERDICT REGARDLESS OF THE CONSEQUENCES.

<u>EVIDENCE ADMITTED FOR A LIMITED PURPOSE</u>

IN CERTAIN INSTANCES EVIDENCE MAY BE ADMITTED ONLY FOR A PARTICULAR PURPOSE AND NOT GENERALLY FOR ALL PURPOSES.  WHENEVER EVIDENCE WAS ADMITTED

FOR A LIMITED PURPOSE, CONSIDER IT ONLY FOR THAT
PURPOSE, AND NO OTHER PURPOSE.

### NOT REQUIRED TO ACCEPT UNCONTRADICTED TESTIMONY

YOU ARE NOT REQUIRED TO ACCEPT ANY TESTIMONY,
EVEN THOUGH THE TESTIMONY IS NOT CONTRADICTED AND
THE WITNESS IS NOT IMPEACHED.  YOU MAY DECIDE,
BECAUSE OF THE WITNESS' BEARING AND DEMEANOR,
BECAUSE OF THE INHERENT IMPROBABILITY OF HIS OR HER
TESTIMONY, OR BECAUSE OF OTHER REASONS SUFFICIENT
TO YOU, THAT SUCH TESTIMONY IS NOT WORTHY OF BELIEF.

### JURORS' NOTES

YOUR NOTES ARE NOT EVIDENCE IN THE CASE AND
MUST NOT TAKE PRECEDENCE OVER YOUR INDEPENDENT
RECOLLECTION OF THE EVIDENCE.  NOTES ARE ONLY AN AID
TO YOUR RECOLLECTION AND ARE NOT ENTITLED TO
GREATER WEIGHT THAN YOUR RECOLLECTION OF WHAT

THE EVIDENCE ACTUALLY IS.  YOU SHOULD NOT DISCLOSE ANY NOTES TAKEN TO ANYONE OTHER THAN A FELLOW JUROR.

YOU WERE NOT OBLIGATED TO TAKE NOTES.  IF YOU DID NOT TAKE NOTES YOU SHOULD NOT BE INFLUENCED BY THE NOTES OF ANOTHER JUROR, BUT INSTEAD SHOULD RELY UPON YOUR OWN RECOLLECTION OF THE EVIDENCE.

## III. <u>CREDIBILITY OF WITNESSES / WEIGHT OF TESTIMONY</u>

<u>IN GENERAL</u>

YOU MUST CONSIDER ALL OF THE EVIDENCE, BUT THIS DOES NOT MEAN YOU MUST ACCEPT ALL OF THE EVIDENCE AS TRUE OR ACCURATE.  YOU ARE THE SOLE JUDGES OF THE CREDIBILITY OF THE WITNESSES AND THE WEIGHT THEIR TESTIMONY DESERVES.

YOU MAY BE GUIDED BY THE APPEARANCE AND CONDUCT OF THE WITNESS, BY THE MANNER IN WHICH THE

WITNESS TESTIFIES, BY THE CHARACTER OF THE TESTIMONY GIVEN AND BY EVIDENCE OR TESTIMONY TO THE CONTRARY.

YOU SHOULD CAREFULLY SCRUTINIZE ALL THE TESTIMONY GIVEN, THE CIRCUMSTANCES UNDER WHICH EACH WITNESS HAS TESTIFIED, AND EVERY MATTER IN EVIDENCE WHICH TENDS TO SHOW WHETHER A WITNESS IS WORTHY OF BELIEF.  CONSIDER EACH WITNESS'S INTELLIGENCE, MOTIVE, STATE OF MIND, AND DEMEANOR OR MANNER WHILE ON THE STAND.  CONSIDER THE WITNESS'S ABILITY TO HAVE OBSERVED THE MATTERS AS TO WHICH HE OR SHE HAS TESTIFIED, AND WHETHER HE OR SHE IMPRESSES YOU AS HAVING AN ACCURATE RECOLLECTION OF THESE MATTERS. CONSIDER ANY BUSINESS, PERSONAL OR OTHER RELATIONSHIP A WITNESS MIGHT HAVE WITH EITHER SIDE OF THE CASE; THE MANNER

IN WHICH EACH WITNESS MIGHT BE AFFECTED BY THE
VERDICT; AND THE EXTENT TO WHICH, IF AT ALL, EACH
WITNESS IS EITHER SUPPORTED OR CONTRADICTED BY
OTHER EVIDENCE IN THE CASE.

<u>INCONSISTENCIES OR DISCREPANCIES</u>

CONSIDER INCONSISTENCIES OR DISCREPANCIES IN THE
TESTIMONY OF A WITNESS OR BETWEEN DIFFERENT
WITNESSES, WHICH MAY OR MAY NOT CAUSE YOU TO
DISCREDIT SUCH TESTIMONY.  TWO OR MORE PERSONS
WITNESSING AN INCIDENT OR A TRANSACTION MAY SEE OR
HEAR IT DIFFERENTLY, AND INNOCENT MIS-RECOLLECTION,
LIKE FAILURE OF RECOLLECTION, IS NOT AN UNCOMMON
EXPERIENCE.  IN WEIGHING THE EFFECT OF A DISCREPANCY,
ALWAYS CONSIDER WHETHER IT PERTAINS TO A MATTER OF
IMPORTANCE OR AN UNIMPORTANT DETAIL, AND WHETHER

THE DISCREPANCY RESULTS FROM INNOCENT ERROR OR INTENTIONAL FALSEHOOD.

AFTER MAKING YOUR OWN JUDGMENT, GIVE THE TESTIMONY OF EACH WITNESS THE WEIGHT YOU THINK IT DESERVES.  YOU MAY, IN SHORT, ACCEPT OR REJECT THE TESTIMONY OF ANY WITNESS IN WHOLE OR IN PART.

<u>FALSE IN ONE, FALSE IN ALL</u>

IF YOU FIND THAT A WITNESS HAS LIED TO YOU IN ANY MATERIAL PORTION OF HIS OR HER TESTIMONY, YOU MAY DISREGARD THAT WITNESS'S TESTIMONY IN ITS ENTIRETY.  I SAY THAT YOU MAY DISREGARD SUCH TESTIMONY, NOT THAT YOU MUST.  HOWEVER, YOU SHOULD CONSIDER WHETHER THE UNTRUE PART OF THE TESTIMONY WAS THE RESULT OF A MISTAKE OR INADVERTENCE, OR WAS, RATHER, WILLFUL AND STATED WITH A DESIGN OR INTENT TO DECEIVE.

<u>NUMBER OF WITNESSES NOT IMPORTANT</u>

THE WEIGHT OF THE EVIDENCE IS NOT DETERMINED BY THE NUMBER OF WITNESSES TESTIFYING FOR EITHER SIDE. YOU MAY FIND THAT THE TESTIMONY OF A SMALL NUMBER OF WITNESSES AS TO ANY FACT IS MORE CREDIBLE THAN THAT OF A LARGER NUMBER OF WITNESSES TO THE CONTRARY. IN SHORT, WHAT IS MOST IMPORTANT IS HOW BELIEVABLE THE WITNESSES WERE, AND HOW MUCH WEIGHT YOU THINK THEIR TESTIMONY DESERVES.

<u>DEPOSITIONS - USE AS EVIDENCE</u>

CERTAIN OUT-OF-COURT TESTIMONY OF WITNESSES HAS BEEN PRESENTED TO YOU. SUCH TESTIMONY WAS GIVEN UNDER OATH PRIOR TO THIS TRIAL, DURING DEPOSITIONS OF THE WITNESSES. THIS METHOD IS PERMITTED IN ORDER TO SIMPLIFY THE PRESENTATION OF THE EVIDENCE, AND YOU SHOULD NOT REGARD EVIDENCE

PRESENTED IN THIS WAY AS ANY DIFFERENT FROM ANY OTHER ORAL TESTIMONY. YOU MAY ASSESS THE CREDIBILITY OF WITNESSES WHO HAVE TESTIFIED BY DEPOSITION IN THE SAME MANNER AS YOU DO WITNESSES WHO TESTIFY DIRECTLY IN OPEN COURT.

<u>EXPERT WITNESS TESTIMONY</u>

THE RULES OF EVIDENCE ORDINARILY DO NOT PERMIT WITNESSES TO TESTIFY AS TO OPINIONS OR CONCLUSIONS. AN EXCEPTION TO THIS RULE EXISTS FOR "EXPERT WITNESSES." AN EXPERT WITNESS IS A PERSON WHO, BY EDUCATION AND EXPERIENCE HAS BECOME ANEXPERT IN SOME ART, SCIENCE, PROFESSION, OR CALLING. EXPERT WITNESSES MAY STATE THEIR OPINIONS AS TO MATTERS IN WHICH THEY PROFESS TO BE EXPERT, AND MAY ALSO STATE THEIR REASONS FOR THEIR OPINIONS.

YOU SHOULD CONSIDER EACH EXPERT OPINION RECEIVED IN EVIDENCE IN THIS CASE, AND GIVE IT SUCH WEIGHT AS YOU THINK IT DESERVES. IF YOU SHOULD DECIDE THAT THE OPINION OF AN EXPERT WITNESS IS NOT BASED UPON SUFFICIENT EDUCATION AND EXPERIENCE, OR IF YOU SHOULD CONCLUDE THAT THE REASONS GIVEN IN SUPPORT OF THE OPINION ARE NOT SOUND, OR IF YOU FEEL THAT IT IS OUTWEIGHED BY OTHER EVIDENCE, YOU MAY DISREGARD THE OPINION ENTIRELY.

### DEFENDANTS' STATUS DOES NOT INFER LIABILITY

SIMPLY BECAUSE A DEFENDANT IS SUED DOES NOT MEAN THAT THE DEFENDANT IS LIABLE. ANYONE CAN FILE A LAWSUIT. THE FACT THAT PLAINTIFF FILED THIS LAWSUIT DOES NOT, IN ITSELF, MEAN THAT DEFENDANT HAS DONE ANYTHING THAT THE LAW PROHIBITS. THAT IS FOR YOU TO DECIDE ON THE BASIS OF THE EVIDENCE.

## BURDEN OF PROOF – CLEAR AND CONVINCING

WHEN I SAY THAT A PARTICULAR PARTY, IN THIS CASE, PLAINTIFF, MUST PROVE SOMETHING BY "CLEAR AND CONVINCING EVIDENCE," THIS IS WHAT I MEAN: WHEN YOU HAVE CONSIDERED ALL OF THE EVIDENCE, YOU ARE CONVINCED THAT IT IS HIGHLY PROBABLE THAT IT IS TRUE. THIS IS A HIGHER BURDEN OF PROOF THAN "MORE PROBABLY TRUE THAN NOT TRUE." CLEAR AND CONVINCING EVIDENCE MUST PERSUADE YOU THAT IT IS "HIGHLY PROBABLY TRUE."

AS I STATED AT THE BEGINNING OF THIS TRIAL, THIS STANDARD IS DIFFERENT FROM WHAT YOU MAY HAVE HEARD ABOUT IN CRIMINAL PROCEEDINGS, WHERE A FACT MUST BE PROVEN BEYOND A REASONABLE DOUBT. THE "CLEAR AND CONVINCING" STANDARD OF PROOF IS LOWER

THAN THE "REASONABLE DOUBT" STANDARD USED IN

CRIMINAL PROCEEDINGS.

## IV.  <u>SUBSTANTIVE LAW</u>

<u>SUMMARY OF CONTENTIONS</u>

AS I DID AT THE START OF THE CASE, I WILL FIRST GIVE

YOU A SUMMARY OF EACH SIDE'S CONTENTIONS IN THIS

CASE. I WILL THEN PROVIDE YOU WITH DETAILED

INSTRUCTIONS ON WHAT EACH SIDE MUST PROVE TO WIN

ON EACH OF ITS CONTENTIONS.

AS I PREVIOUSLY TOLD YOU, I HAVE ALREADY DECIDED

THAT VARIAN'S PRODUCTS DO INFRINGE CLAIMS 20, 21, 22,

25, 26, 36 AND 38 OF THE '554 PATENT. THESE ARE THE

ASSERTED CLAIMS OF THE '554 PATENT. THE PRODUCTS

THAT INFRINGE ARE VARIAN'S RPM RESPIRATORY GATING

SYSTEM ALONE AND IN COMBINATION WITH VARIAN'S

CLINAC AND TRILOGY LINEAR ACCELERATORS.

I HAVE ALREADY CONSIDERED VARIAN'S ARGUMENTS AS TO WHY ITS PRODUCTS ALLEGEDLY DO NOT INFRINGE THE '554 PATENT, AND I HAVE DETERMINED THAT THOSE ARGUMENTS ARE UNREASONABLE.

VARIAN ARGUES THAT THE ASSERTED CLAIMS OF THE '554 PATENT ARE INVALID.

YOUR JOB IS TO DECIDE WHETHER PITT HAS PROVEN THAT VARIAN'S INVALIDITY DEFENSES ARE UNREASONABLE. IF YOU DECIDE THESE DEFENSES ARE UNREASONABLE, YOU MUST THEN MAKE A FINDING AS TO WHETHER VARIAN'S INFRINGEMENT WAS WILLFUL. LATER IN THE CASE, I WILL TAKE INTO ACCOUNT YOUR DECISION ON WHETHER OR NOT THERE WAS WILLFUL INFRINGEMENT.

<u>THE ROLE OF THE CLAIMS OF A PATENT</u>

BEFORE YOU CAN DECIDE MANY OF THE ISSUES IN THIS CASE, YOU WILL NEED TO UNDERSTAND THE ROLE OF

PATENT "CLAIMS." THE PATENT CLAIMS ARE THE NUMBERED SENTENCES AT THE END OF EACH PATENT. THE CLAIMS ARE IMPORTANT BECAUSE IT IS THE WORDS OF THE CLAIMS THAT DEFINE WHAT A PATENT COVERS. THE FIGURES AND TEXT IN THE REST OF THE PATENT PROVIDE A DESCRIPTION AND/OR EXAMPLES OF THE INVENTION AND PROVIDE A CONTEXT FOR THE CLAIMS, BUT IT IS THE CLAIMS THAT DEFINE THE BREADTH OF THE PATENT'S COVERAGE. EACH CLAIM IS EFFECTIVELY TREATED AS IF IT WAS A SEPARATE PATENT, AND EACH CLAIM MAY COVER MORE OR LESS THAN ANOTHER CLAIM. THEREFORE, WHAT A PATENT COVERS DEPENDS, IN TURN, ON WHAT EACH OF ITS CLAIMS COVERS.

YOU WILL FIRST NEED TO UNDERSTAND WHAT EACH CLAIM COVERS IN ORDER TO DECIDE WHETHER OR NOT PITT HAS PROVEN THAT VARIAN'S INVALIDITY DEFENSES ARE

UNREASONABLE. THE LAW SAYS THAT IT IS MY ROLE TO DEFINE THE TERMS OF THE CLAIMS AND IT IS YOUR ROLE TO APPLY MY DEFINITIONS TO THE ISSUES THAT YOU ARE ASKED TO DECIDE IN THIS CASE. THEREFORE, AS I EXPLAINED TO YOU AT THE START OF THE CASE, I HAVE DETERMINED THE MEANING OF THE CLAIMS AND I WILL PROVIDE TO YOU MY DEFINITIONS OF CERTAIN CLAIM TERMS. YOU MUST ACCEPT MY DEFINITIONS OF THESE WORDS IN THE CLAIMS AS BEING CORRECT. IT IS YOUR JOB TO TAKE THESE DEFINITIONS AND APPLY THEM TO THE ISSUES THAT YOU ARE DECIDING.

<u>HOW A CLAIM DEFINES WHAT IT COVERS</u>

I WILL NOW EXPLAIN HOW A CLAIM DEFINES WHAT IT COVERS. A CLAIM SETS FORTH, IN WORDS, A SET OF REQUIREMENTS. EACH CLAIM SETS FORTH ITS REQUIREMENTS IN A SINGLE SENTENCE. IF A DEVICE

SATISFIES EACH OF THESE REQUIREMENTS, THEN IT IS COVERED BY THE CLAIM.

THERE CAN BE SEVERAL CLAIMS IN A PATENT. EACH CLAIM MAY BE NARROWER OR BROADER THAN ANOTHER CLAIM BY SETTING FORTH MORE OR FEWER REQUIREMENTS. THE COVERAGE OF A PATENT IS ASSESSED CLAIM-BY-CLAIM. IN PATENT LAW, THE REQUIREMENTS OF A CLAIM ARE OFTEN REFERRED TO AS "CLAIM ELEMENTS" OR "CLAIM LIMITATIONS." WHEN A THING (SUCH AS A PRODUCT) MEETS ALL OF THE REQUIREMENTS OF A CLAIM, THE CLAIM IS SAID TO "COVER" THAT THING, AND THAT THING IS SAID TO "FALL" WITHIN THE SCOPE OF THAT CLAIM. IN OTHER WORDS, A CLAIM COVERS A PRODUCT WHERE EACH OF THE CLAIM ELEMENTS OR LIMITATIONS ARE PRESENT IN THAT PRODUCT.

SOMETIMES THE WORDS IN A PATENT CLAIM ARE DIFFICULT TO UNDERSTAND, AND THEREFORE IT IS DIFFICULT TO UNDERSTAND WHAT REQUIREMENTS THESE WORDS IMPOSE. IT IS MY JOB TO EXPLAIN TO YOU THE MEANING OF THE WORDS IN THE CLAIMS AND THE REQUIREMENTS THESE WORDS IMPOSE. AS I JUST INSTRUCTED YOU, THERE ARE CERTAIN SPECIFIC TERMS THAT I HAVE DEFINED AND YOU ARE TO APPLY THE DEFINITIONS THAT I PROVIDE TO YOU.

BY UNDERSTANDING THE MEANING OF THE WORDS IN A CLAIM AND BY UNDERSTANDING THAT THE WORDS IN A CLAIM SET FORTH THE REQUIREMENTS THAT A PRODUCT OR PROCESS MUST MEET IN ORDER TO BE COVERED BY THAT CLAIM, YOU WILL BE ABLE TO UNDERSTAND THE SCOPE OF COVERAGE FOR EACH CLAIM. ONCE YOU UNDERSTAND WHAT EACH CLAIM COVERS, THEN YOU ARE PREPARED TO

DECIDE THE ISSUES THAT YOU WILL BE ASKED TO DECIDE,

SUCH AS WHETHER VARIAN'S INVALIDITY DEFENSES ARE

REASONABLE

INDEPENDENT AND DEPENDENT CLAIMS

THIS CASE INVOLVES TWO TYPES OF PATENT CLAIMS:

INDEPENDENT CLAIMS AND DEPENDENT CLAIMS.

AN "INDEPENDENT CLAIM" SETS FORTH ALL OF THE

REQUIREMENTS THAT MUST BE MET IN ORDER TO BE

COVERED BY THAT CLAIM. THUS, IT IS NOT NECESSARY TO

LOOK AT ANY OTHER CLAIM TO DETERMINE WHAT AN

INDEPENDENT CLAIM COVERS. IN THIS CASE, CLAIM 20 OF

THE '554 PATENT IS AN INDEPENDENT CLAIM.

THE REMAINDER OF THE CLAIMS IN THE '554 PATENT

ARE "DEPENDENT CLAIMS." A DEPENDENT CLAIM DOES NOT

ITSELF RECITE ALL OF THE REQUIREMENTS OF THE CLAIM

BUT REFERS TO ANOTHER CLAIM FOR SOME OF ITS

REQUIREMENTS. IN THIS WAY, THE CLAIM "DEPENDS" ON

ANOTHER CLAIM. A DEPENDENT CLAIM INCORPORATES ALL

OF THE REQUIREMENTS OF THE CLAIM(S) TO WHICH IT

REFERS.  THE DEPENDENT CLAIM THEN ADDS ITS OWN

ADDITIONAL REQUIREMENTS.  TO DETERMINE WHAT A

DEPENDENT CLAIM COVERS, IT IS NECESSARY TO LOOK AT

BOTH THE DEPENDENT CLAIM AND ANY OTHER CLAIM(S) TO

WHICH IT REFERS.  A PRODUCT THAT MEETS ALL OF THE

REQUIREMENTS OF BOTH THE DEPENDENT CLAIM AND THE

CLAIM(S) TO WHICH IT REFERS IS COVERED BY THAT

DEPENDENT CLAIM.

CLAIM INTERPRETATION

I WILL NOW EXPLAIN TO YOU THE MEANING OF SOME

OF THE WORDS OF THE CLAIMS IN THIS CASE.  IN DOING SO, I

WILL EXPLAIN SOME OF THE REQUIREMENTS OF THE

CLAIMS.  AS I HAVE PREVIOUSLY INSTRUCTED YOU, YOU

MUST ACCEPT MY DEFINITION OF THESE WORDS IN THE
CLAIMS AS CORRECT.  FOR ANY WORDS IN THE CLAIM FOR
WHICH I HAVE NOT PROVIDED YOU WITH A DEFINITION, YOU
SHOULD APPLY THEIR COMMON MEANING. YOU SHOULD
NOT TAKE MY DEFINITION OF THE LANGUAGE OF THE
CLAIMS AS AN INDICATION THAT I HAVE A VIEW
REGARDING HOW YOU SHOULD DECIDE THE ISSUES THAT
YOU ARE BEING ASKED TO DECIDE, SUCH AS WHETHER
VARIAN'S INVALIDITY DEFENSES ARE REASONABLE. THESE
ISSUES ARE YOURS TO DECIDE.

SECTION 112, PARAGRAPH 6

THE CLAIMS USE THE PHRASE "MEANS FOR"
DETERMINING CERTAIN FUNCTIONS.  THESE "MEANS FOR"
PHRASES HAVE A SPECIAL MEANING IN PATENT LAW.  THEY
ARE CALLED "MEANS-PLUS-FUNCTION" REQUIREMENTS.
SUCH A REQUIREMENT DOES NOT COVER ALL OF THE

STRUCTURES THAT COULD PERFORM THE FUNCTION SET FORTH IN THE CLAIM. INSTEAD, IT COVERS A STRUCTURE OR A SET OF STRUCTURES THAT PERFORMS THAT FUNCTION AND THAT IS EITHER IDENTICAL OR "EQUIVALENT" TO THE STRUCTURE DESCRIBED IN THE '554 PATENT FOR PERFORMING THAT FUNCTION.  THE ISSUE OF WHETHER TWO STRUCTURES ARE IDENTICAL OR EQUIVALENT IS FOR YOU TO DECIDE. WHEN I READ YOU MY DEFINITIONS FOR CERTAIN CLAIM TERMS A FEW MOMENTS AGO, I IDENTIFIED THE STRUCTURES DESCRIBED IN THE '554 PATENT FOR PERFORMING THE RELEVANT FUNCTIONS. YOU SHOULD APPLY MY DEFINITION OF THE FUNCTION AND THE STRUCTURES DESCRIBED IN THE '554 PATENT FOR PERFORMING IT AS YOU WOULD APPLY MY DEFINITION OF ANY OTHER CLAIM TERM.

<u>WILLFUL INFRINGEMENT</u>

IN THIS CASE, YOU MUST ADDRESS THE ISSUE OF WHETHER OR NOT VARIAN'S INFRINGEMENT OF THE '554 PATENT WAS WILLFUL. WILLFULNESS REQUIRES YOU TO DETERMINE BY CLEAR AND CONVINCING EVIDENCE THAT VARIAN ACTED RECKLESSLY.

TO PROVE THAT VARIAN ACTED RECKLESSLY, PITT MUST PROVE TWO THINGS BY CLEAR AND CONVINCING EVIDENCE: THE FIRST PART OF THE TEST IS OBJECTIVE: PITT, THE PATENT HOLDER, MUST PERSUADE YOU THAT VARIAN ACTED DESPITE A HIGH LIKELIHOOD THAT VARIAN'S ACTIONS INFRINGED A VALID AND ENFORCEABLE PATENT. IN MAKING THIS DETERMINATION, YOU MAY NOT CONSIDER VARIAN'S STATE OF MIND. LEGITIMATE OR CREDIBLE ARGUMENTS THAT A PATENT IS NOT VALID, EVEN IF NOT ULTIMATELY SUCCESSFUL, DEMONSTRATE A LACK OF

RECKLESSNESS.  IN DECIDING WHETHER VARIAN'S

CONDUCT WAS RECKLESS, YOU MUST FOCUS ON VARIAN'S

CONDUCT BEFORE IT WAS SUED BY PITT.

ONLY IF YOU CONCLUDE THAT VARIAN'S CONDUCT

WAS RECKLESS DO YOU NEED TO CONSIDER THE

SECOND PART OF THE TEST.  THE SECOND PART DEPENDS ON

VARIAN'S STATE OF MIND.  PITT, THE PATENT

HOLDER, MUST PERSUADE YOU THAT VARIAN ACTUALLY

KNEW OR SHOULD HAVE KNOWN THAT IT WAS TAKING A

RISK OF INFRINGING A VALID PATENT.

AFTER BEING SUED BY PITT FOR INFRINGEMENT OF THE

'554 PATENT, VARIAN ASSERTED A NUMBER OF

DEFENSES TO PITT'S CLAIM, INCLUDING THE DEFENSES

THAT ITS PRODUCTS DO NOT INFRINGE THE '554 PATENT

AND THAT THE '554 PATENT IS INVALID. AS I SAID EARLIER, I

HAVE ALREADY RULED THAT VARIAN DID INFRINGE

THE '554 PATENT.  I HAVE ALSO RULED THAT VARIAN'S

ARGUMENTS THAT IT WAS NOT INFRINGING THE PATENT

WERE OBJECTIVELY UNREASONABLE. THEREFORE, IN

CONSIDERING WHETHER PITT HAS SATISFIED THE FIRST

PART OF THE WILLFULNESS TEST, YOU ARE NOT TO GIVE

ANY WEIGHT TO VARIAN'S ARGUMENTS THAT IT DID NOT

INFRINGE THE PATENT AND ARE TO INSTEAD ADDRESS

ONLY THE REASONABLENESS OF ITS ARGUMENTS THAT THE

'554 PATENT IS NOT VALID.

IF YOU CONCLUDE THAT PITT HAS PROVEN THAT

VARIAN'S CONDUCT WAS RECKLESS, THEN YOU NEED

TO CONSIDER THE SECOND PART OF THE TEST.  IN

PARTICULAR, YOU MUST DETERMINE WHETHER PITT

PROVED THAT VARIAN KNEW OF THE HIGH RISK THAT

VARIAN WAS INFRINGING A VALID PATENT OR THAT THE

RISK WAS SO OBVIOUS TO VARIAN THAT IT SHOULD HAVE

KNOWN ABOUT IT. IN DECIDING WHETHER VARIAN HAD THIS STATE OF MIND, YOU SHOULD CONSIDER ALL FACTS SURROUNDING THE ALLEGED INFRINGEMENT INCLUDING, BUT NOT LIMITED TO, THE FOLLOWING: (A) THE FACT THAT VARIAN KNEW ABOUT THE '554 PATENT; (B) WHETHER VARIAN, WHEN IT LEARNED OF THE PATENT, INVESTIGATED THE SCOPE OF THE PATENT AND FORMED A GOOD-FAITH BELIEF THAT THE PATENT WAS INVALID OR THAT VARIAN WAS NOT INFRINGING A VALID PATENT; (C) WHETHER OR NOT VARIAN ACTED IN ACCORDANCE WITH THE STANDARDS OF COMMERCE FOR ITS INDUSTRY; (D) WHETHER OR NOT VARIAN INTENTIONALLY COPIED A PRODUCT OF PITT THAT IS COVERED BY THE '554 PATENT; (E) WHETHER OR NOT VARIAN TRIED TO COVER UP ITS INFRINGEMENT; (F) WHETHER OR NOT VARIAN MADE A GOOD-FAITH EFFORT TO AVOID INFRINGING THE '554 PATENT, FOR EXAMPLE,

WHETHER VARIAN ATTEMPTED TO DESIGN AROUND THE

PATENT; (G) VARIAN'S BEHAVIOR AS A PARTY TO THE

LITIGATION; (H) VARIAN'S SIZE AND FINANCIAL CONDITION;

(I) THE DURATION OF VARIAN'S MISCONDUCT; (J) VARIAN'S

MOTIVATION FOR HARM; AND (K) WHETHER VARIAN

ATTEMPTED TO CONCEAL ITS MISCONDUCT. ALTHOUGH

THESE ARE THE TYPES OF FACTORS THAT YOU MAY

CONSIDER, YOU NEED NOT FIND THAT ALL OR EVEN MOST

OF THEM APPLY IN ORDER TO FIND THAT VARIAN'S

INFRINGEMENT OF THE '554 PATENT WAS WILLFUL.

<u>INVALIDITY</u>

I WILL NOW INSTRUCT YOU ON THE RULES YOU MUST

FOLLOW IN DECIDING WHETHER OR NOT VARIAN'S

INVALIDITY DEFENSES ARE REASONABLE.

## ENABLEMENT

THE PATENT LAW CONTAINS CERTAIN REQUIREMENTS FOR THE PART OF THE PATENT CALLED THE SPECIFICATION. VARIAN CONTENDS THAT CLAIMS 20, 21, 22, 25, 26, 36 AND 38 OF PITT'S '554 PATENT ARE INVALID BECAUSE THE SPECIFICATION DOES NOT CONTAIN A SUFFICIENTLY FULL AND CLEAR DESCRIPTION OF HOW TO MAKE AND USE THE FULL SCOPE OF THE CLAIMED INVENTION. TO SUCCEED ON SUCH A DEFENSE, VARIAN WOULD HAVE TO SHOW THAT THE '554 PATENT DOES NOT CONTAIN A SUFFICIENTLY FULL AND CLEAR DESCRIPTION OF THE CLAIMED INVENTION. TO BE SUFFICIENTLY FULL AND CLEAR, THE DESCRIPTION MUST CONTAIN ENOUGH INFORMATION TO HAVE ALLOWED A PERSON HAVING ORDINARY SKILL IN THE FIELD OF TECHNOLOGY OF THE PATENT TO MAKE AND USE THE FULL SCOPE OF THE CLAIMED INVENTION AT THE TIME THE

PATENT APPLICATION WAS FILED ON SEPTEMBER 19, 1996. THIS IS KNOWN AS THE "ENABLEMENT" REQUIREMENT. IF A PATENT CLAIM IS NOT ENABLED, IT IS INVALID.

IN ORDER TO BE ENABLING, THE PATENT MUST PERMIT PERSONS HAVING ORDINARY SKILL IN THE FIELD OF TECHNOLOGY OF THE PATENT TO MAKE AND USE THE FULL SCOPE OF THE CLAIMED INVENTION AT THE TIME OF FILING WITHOUT HAVING TO CONDUCT UNDUE EXPERIMENTATION. HOWEVER, SOME AMOUNT OF EXPERIMENTATION TO MAKE AND USE THE INVENTION IS ALLOWABLE. IN DECIDING WHETHER A PERSON HAVING ORDINARY SKILL WOULD HAVE TO EXPERIMENT UNDULY IN ORDER TO MAKE AND USE THE INVENTION, YOU MAY CONSIDER SEVERAL FACTORS: (1) THE TIME AND COST OF ANY NECESSARY EXPERIMENTATION; (2) HOW ROUTINE ANY NECESSARY EXPERIMENTATION IS IN THE FIELD OF RESPIRATORY

GATING/RADIOTHERAPY; (3) WHETHER THE PATENT DISCLOSES SPECIFIC WORKING EXAMPLES OF THE CLAIMED INVENTION; (4) THE AMOUNT OF GUIDANCE PRESENTED IN THE PATENT; (5) THE NATURE AND PREDICTABILITY OF THE FIELD OF RESPIRATORY GATING/RADIOTHERAPY; (6) THE LEVEL OF ORDINARY SKILL IN THE FIELD OF RESPIRATORY GATING/RADIOTHERAPY; AND (7) THE SCOPE OF THE CLAIMED INVENTION.

NO ONE OR MORE OF THESE FACTORS IS ALONE DISPOSITIVE. RATHER, IN ASSESSING THE REASONABLENESS OF VARIAN'S ENABLEMENT DEFENSE, YOU SHOULD CONSIDER WHETHER OR NOT THE DEGREE OF EXPERIMENTATION REQUIRED IS UNDUE BASED UPON ALL OF THE EVIDENCE PRESENTED TO YOU. YOU SHOULD WEIGH THESE FACTORS AND DETERMINE WHETHER OR NOT, IN THE CONTEXT OF THIS INVENTION AND THE STATE OF THE ART

AT THE TIME OF THE APPLICATION, A PERSON HAVING ORDINARY SKILL WOULD NEED TO EXPERIMENT UNDULY TO MAKE AND USE THE FULL SCOPE OF THE CLAIMED INVENTION, AND YOU SHOULD ASSESS THE REASONABLENESS OF VARIAN'S DEFENSE IN LIGHT OF THAT.

<u>PRIOR ART</u>

PRIOR ART MAY INCLUDE ITEMS THAT WERE PUBLICLY KNOWN OR THAT HAVE BEEN USED OR OFFERED FOR SALE, PUBLICATIONS, OR PATENTS THAT DISCLOSE THE CLAIMED INVENTION OR ELEMENTS OF THE CLAIMED INVENTION. TO BE PRIOR ART, THE ITEM OR REFERENCE MUST HAVE BEEN MADE, KNOWN, USED, PUBLISHED, OR PATENTED EITHER BEFORE THE INVENTION WAS MADE OR MORE THAN ONE YEAR BEFORE THE FILING DATE OF THE PATENT APPLICATION. HOWEVER, PRIOR ART DOES NOT INCLUDE A PUBLICATION THAT DESCRIBES THE INVENTOR'S OWN

WORK AND WAS PUBLISHED LESS THAN ONE YEAR BEFORE THE DATE OF INVENTION.

FOR THE CLAIM TO BE INVALID BECAUSE IT IS NOT NEW, VARIAN WOULD HAVE TO SHOW THAT ALL OF THE REQUIREMENTS OF THAT CLAIM WERE PRESENT IN A SINGLE PREVIOUS DEVICE THAT WAS KNOWN OF, USED, OR DESCRIBED IN A SINGLE PREVIOUS PRINTED PUBLICATION OR PATENT.  WE CALL THESE THINGS "ANTICIPATING PRIOR ART."  TO ANTICIPATE THE INVENTION, THE PRIOR ART DOES NOT HAVE TO USE THE SAME WORDS AS THE CLAIM, BUT ALL OF THE REQUIREMENTS OF THE CLAIM MUST HAVE BEEN DISCLOSED, EITHER STATED EXPRESSLY OR IMPLIED TO A PERSON HAVING ORDINARY SKILL IN THE ART IN THE TECHNOLOGY OF THE INVENTION, SO THAT LOOKING AT THAT ONE REFERENCE, THAT PERSON COULD MAKE AND USE THE CLAIMED INVENTION.

THE DATE OF INVENTION IS EITHER WHEN THE INVENTION WAS REDUCED TO PRACTICE OR WHEN CONCEIVED, PROVIDED THE INVENTOR(S) WERE DILIGENT IN REDUCING THE INVENTION TO PRACTICE. DILIGENCE MEANS WORKING CONTINUOUSLY, THOUGH NOT NECESSARILY EVERY DAY. CONCEPTION IS THE MENTAL PART OF AN INVENTIVE ACT, I.E., THE FORMATION IN THE MIND OF THE INVENTOR OF A DEFINITE AND PERMANENT IDEA OF THE COMPLETE AND OPERATIVE INVENTION AS IT IS THEREAFTER TO BE APPLIED IN PRACTICE, EVEN IF THE INVENTOR DID NOT KNOW AT THE TIME THAT THE INVENTION WOULD WORK. CONCEPTION OF AN INVENTION IS COMPLETE WHEN THE IDEA IS SO CLEARLY DEFINED IN THE INVENTOR'S MIND THAT, IF THE IDEA WERE COMMUNICATED TO A PERSON HAVING ORDINARY SKILL IN THE FIELD OF THE TECHNOLOGY, HE OR SHE WOULD BE

ABLE TO REDUCE THE INVENTION TO PRACTICE WITHOUT

UNDUE RESEARCH OR EXPERIMENTATION.  THIS

REQUIREMENT DOES NOT MEAN THAT THE INVENTOR HAS

TO HAVE A PROTOTYPE BUILT, OR HAVE ACTUALLY

EXPLAINED HIS OR HER INVENTION TO ANOTHER PERSON.

BUT, THERE MUST BE SOME EVIDENCE BEYOND THE

INVENTOR'S OWN TESTIMONY THAT CONFIRMS THE DATE

ON WHICH THE INVENTOR HAD THE COMPLETE IDEA.

CONCEPTION MAY BE PROVEN WHEN THE INVENTION IS

SHOWN IN ITS COMPLETE FORM BY DRAWINGS, DISCLOSURE

TO ANOTHER PERSON, OR OTHER FORMS OF EVIDENCE

PRESENTED AT TRIAL.

A CLAIMED INVENTION IS "REDUCED TO PRACTICE"

WHEN IT HAS BEEN CONSTRUCTED/USED/TESTED

SUFFICIENTLY TO SHOW THAT IT WILL WORK FOR ITS

INTENDED PURPOSE OR WHEN THE INVENTOR FILES A

PATENT APPLICATION. AN INVENTION MAY ALSO BE REDUCED TO PRACTICE EVEN IF THE INVENTOR HAS NOT MADE OR TESTED A PROTOTYPE OF THE INVENTION IF IT HAS BEEN FULLY DESCRIBED IN A FILED PATENT APPLICATION.

ANTICIPATION

IN ORDER FOR SOMEONE TO BE ENTITLED TO A PATENT, THE INVENTION MUST ACTUALLY BE "NEW" AND THE INVENTOR MUST NOT HAVE LOST HER OR HIS RIGHTS BY DELAYING THE FILING OF AN APPLICATION CLAIMING THE INVENTION. IN GENERAL, INVENTIONS ARE NEW WHEN THE IDENTICAL PRODUCT HAS NOT BEEN MADE, USED, OR DISCLOSED BEFORE. ANTICIPATION MUST BE DETERMINED ON A CLAIM-BY-CLAIM BASIS.

VARIAN CONTENDS THAT CLAIM 20, 21, 22, 25, 26, 36 AND 38 OF THE '554 PATENT ARE INVALID BECAUSE THE CLAIMED

INVENTION IS ANTICIPATED OR BECAUSE PITT LOST THE

RIGHT TO OBTAIN A PATENT.

HERE IS A LIST OF WAYS THAT VARIAN COULD SHOW

THAT A PATENT CLAIM WAS NOT NEW OR THAT THE

PATENTEE LOST THE RIGHT TO PATENT THE ASSERTED

CLAIMS:

(1)   AN INVENTION IS NOT NEW IF IT WAS KNOWN TO

      OR USED BY OTHERS IN THE UNITED STATES

      BEFORE THE DATE OF INVENTION. AN INVENTION

      IS KNOWN WHEN THE INFORMATION ABOUT IT WAS

      REASONABLY ACCESSIBLE TO THE PUBLIC ON

      THAT DATE.

(2)   AN INVENTION IS NOT NEW IF IT WAS ALREADY

      PATENTED OR DESCRIBED IN A PRINTED

      PUBLICATION, ANYWHERE IN THE WORLD BEFORE

      THE DATE OF INVENTION.

(3)   PITT HAS LOST ITS RIGHTS IF THE CLAIMED

INVENTION WAS ALREADY PATENTED OR

DESCRIBED IN A PRINTED PUBLICATION,

ANYWHERE IN THE WORLD BY PITT OR ANYONE

ELSE, MORE THAN A YEAR BEFORE SEPTEMBER 19,

1996 WHICH IS THE EFFECTIVE FILING DATE OF THE

APPLICATION FOR THE'554 PATENT.  AN INVENTION

WAS PATENTED BY ANOTHER IF THE OTHER

PATENT DESCRIBES THE SAME INVENTION

CLAIMED BY PITT TO A PERSON HAVING ORDINARY

SKILL IN THE TECHNOLOGY.

(4)   AN INVENTION IS NOT NEW IF IT WAS DESCRIBED

IN A PUBLISHED PATENT APPLICATION FILED BY

ANOTHER IN THE UNITED STATES BEFORE THE

DATE OF INVENTION.

(5)     AN INVENTION IS NOT NEW IF THE CLAIMED
        INVENTION WAS DESCRIBED IN A PATENT
        GRANTED ON AN APPLICATION FOR PATENT BY
        ANOTHER FILED IN THE UNITED STATES AND THE
        APPLICATION WAS FILED BEFORE SEPTEMBER 19,
        1996.

(6)     AN INVENTION IS NOT NEW IF THE INVENTION WAS
        MADE BY SOMEONE ELSE IN THE UNITED STATES
        BEFORE THE INVENTION WAS MADE BY PITT AND
        THE OTHER PERSON DID NOT ABANDON, SUPPRESS,
        OR CONCEAL THE INVENTION.

OBVIOUSNESS

EVEN THOUGH AN INVENTION MAY NOT HAVE BEEN
IDENTICALLY DISCLOSED OR DESCRIBED BEFORE IT WAS
MADE BY AN INVENTOR, IN ORDER TO BE PATENTABLE, THE
INVENTION MUST ALSO NOT HAVE BEEN OBVIOUS TO A

PERSON OF ORDINARY SKILL IN THE FIELD OF TECHNOLOGY OF THE PATENT AT THE TIME THE INVENTION WAS MADE.

VARIAN COULD ESTABLISH THAT A PATENT CLAIM IS INVALID BY SHOWING THAT THE CLAIMED INVENTION WOULD HAVE BEEN OBVIOUS TO PERSONS HAVING ORDINARY SKILL IN THE ART AT THE TIME THE INVENTION WAS MADE IN THE FIELD OF RESPIRATORY GATING/ RADIOTHERAPY.

IN DETERMINING WHETHER A CLAIMED INVENTION IS OBVIOUS, YOU MUST CONSIDER THE LEVEL OF ORDINARY SKILL IN THE FIELD OF RESPIRATORY GATING/ RADIOTHERAPY THAT SOMEONE WOULD HAVE HAD AT THE TIME THE CLAIMED INVENTION WAS MADE, THE SCOPE AND CONTENT OF THE PRIOR ART, AND ANY DIFFERENCES BETWEEN THE PRIOR ART AND THE CLAIMED INVENTION.

KEEP IN MIND THAT THE EXISTENCE OF EACH AND EVERY ELEMENT OF THE CLAIMED INVENTION IN THE PRIOR ART DOES NOT NECESSARILY PROVE OBVIOUSNESS. MOST, IF NOT ALL, INVENTIONS RELY ON BUILDING BLOCKS OF PRIOR ART. IN ASSESSING WHETHER A CLAIMED INVENTION MAY BE OBVIOUS, YOU MAY BUT ARE NOT REQUIRED TO FIND OBVIOUSNESS IF YOU FIND THAT AT THE TIME OF THE CLAIMED INVENTION THERE WAS A REASON THAT WOULD HAVE PROMPTED A PERSON HAVING ORDINARY SKILL IN THE FIELD OF RESPIRATORY GATING/RADIOTHERAPY TO COMBINE THE KNOWN ELEMENTS IN A WAY THE CLAIMED INVENTION DOES, TAKING INTO ACCOUNT SUCH FACTORS AS: (1) WHETHER THE CLAIMED INVENTION WAS MERELY THE PREDICTABLE RESULT OF USING PRIOR ART ELEMENTS ACCORDING TO THEIR KNOWN FUNCTION(S); (2) WHETHER THE CLAIMED INVENTION PROVIDES AN OBVIOUS SOLUTION

TO A KNOWN PROBLEM IN THE RELEVANT FIELD; (3) WHETHER THE PRIOR ART TEACHES OR SUGGESTS THE DESIRABILITY OF COMBINING ELEMENTS CLAIMED IN THE INVENTION; (4) WHETHER THE PRIOR ART TEACHES AWAY FROM COMBINING ELEMENTS IN THE CLAIMED INVENTION; (5) WHETHER IT WOULD HAVE BEEN OBVIOUS TO TRY THE COMBINATIONS OF ELEMENTS, SUCH AS WHEN THERE IS A DESIGN NEED OR MARKET PRESSURE TO SOLVE A PROBLEM AND THERE ARE A FINITE NUMBER OF IDENTIFIED, PREDICTABLE SOLUTIONS; AND, (6) WHETHER THE CHANGE RESULTED MORE FROM DESIGN INCENTIVES OR OTHER MARKET FORCES. TO FIND IT RENDERED THE INVENTION OBVIOUS, YOU MUST FIND THAT THE PRIOR ART PROVIDED A REASONABLE EXPECTATION OF SUCCESS. OBVIOUS TO TRY IS NOT SUFFICIENT IN UNPREDICTABLE TECHNOLOGIES.

IN DETERMINING WHETHER VARIAN'S ARGUMENTS THAT THE CLAIMED INVENTION WAS OBVIOUS ARE REASONABLE, CONSIDER EACH CLAIM SEPARATELY.  DO NOT USE HINDSIGHT, I.E., CONSIDER ONLY WHAT WAS KNOWN AT THE TIME OF THE INVENTION.

IN MAKING THESE ASSESSMENTS, YOU SHOULD TAKE INTO ACCOUNT ANY OBJECTIVE EVIDENCE (SOMETIMES CALLED "SECONDARY CONSIDERATIONS") THAT MAY HAVE EXISTED AT THE TIME OF THE INVENTION AND AFTERWARDS THAT MAY SHED LIGHT ON THE OBVIOUSNESS OR NOT OF THE CLAIMED INVENTION, SUCH AS:

(A)   WHETHER THE INVENTION WAS COMMERCIALLY SUCCESSFUL AS A RESULT OF THE MERITS OF THE CLAIMED INVENTION (RATHER THAN THE RESULT OF DESIGN NEEDS OR MARKET-PRESSURE ADVERTISING OR SIMILAR ACTIVITIES);

(B)     WHETHER THE INVENTION SATISFIED A LONG-FELT

NEED;

(C)     WHETHER OTHERS HAD TRIED AND FAILED TO

MAKE THE INVENTION;

(D)     WHETHER OTHERS INVENTED THE INVENTION AT

ROUGHLY THE SAME TIME;

(E)     WHETHER OTHERS COPIED THE INVENTION;

(F)     WHETHER THERE WERE CHANGES OR RELATED

TECHNOLOGIES OR MARKET NEEDS

CONTEMPORANEOUS WITH THE INVENTION;

(G)     WHETHER THE INVENTION ACHIEVED UNEXPECTED

RESULTS;

(H)     WHETHER OTHERS IN THE FIELD PRAISED THE

INVENTION;

(I)   WHETHER PERSONS HAVING ORDINARY SKILL IN THE ART OF THE INVENTION EXPRESSED SURPRISE OR DISBELIEF REGARDING THE INVENTION;

(J)   WHETHER OTHERS SOUGHT OR OBTAINED RIGHTS TO THE PATENT FROM THE PATENT HOLDER; AND

(K)   WHETHER THE INVENTOR PROCEEDED CONTRARY TO ACCEPTED WISDOM IN THE FIELD.

<u>LEVEL OF ORDINARY SKILL</u>

IN DECIDING WHAT THE LEVEL OF ORDINARY SKILL IN THE FIELD OF RESPIRATORY GATING/RADIOTHERAPY IS, YOU SHOULD CONSIDER ALL THE EVIDENCE INTRODUCED AT TRIAL, INCLUDING BUT NOT LIMITED TO: (1) THE LEVELS OF EDUCATION AND EXPERIENCE OF THE INVENTORS AND OTHER PERSONS ACTIVELY WORKING IN THE FIELD; (2) THE TYPES OF PROBLEMS ENCOUNTERED IN THE FIELD; (3) PRIOR ART SOLUTIONS TO THOSE PROBLEMS; (4) RAPIDITY WITH

WHICH INNOVATIONS ARE MADE; AND (5) THE

SOPHISTICATION OF THE TECHNOLOGY.

SCOPE AND CONTENT OF THE PRIOR ART

IN CONSIDERING WHETHER THE CLAIMED INVENTION

WAS OBVIOUS, YOU MUST FIRST DETERMINE THE SCOPE

AND CONTENT OF THE PRIOR ART.

THE SCOPE AND CONTENT OF PRIOR ART FOR DECIDING

WHETHER THE INVENTION WAS OBVIOUS INCLUDES PRIOR

ART IN THE SAME FIELD AS THE CLAIMED INVENTION,

REGARDLESS OF THE PROBLEM ADDRESSED BY THE ITEM OR

REFERENCE, AND PRIOR ART FROM DIFFERENT FIELDS THAT

A PERSON OF ORDINARY SKILL IN THE ART USING COMMON

SENSE MIGHT COMBINE IF FAMILIAR SO AS TO SOLVE THE

PROBLEM, LIKE FITTING TOGETHER THE PIECES OF A

PUZZLE. WHEN A PARTY ATTACKING THE VALIDITY OF A

PATENT RELIES ON PRIOR ART WHICH WAS SPECIFICALLY

CONSIDERED BY THE EXAMINER DURING THE PROSECUTION OF THE APPLICATION LEADING TO THE ISSUANCE OF THE PATENT, THAT PARTY BEARS THE BURDEN OF OVERCOMING THE DEFERENCE DUE TO A QUALIFIED GOVERNMENT AGENCY OFFICIAL PRESUMED TO HAVE PERFORMED HIS OR HER JOB.

## V.  <u>PROCESS OF JURY DELIBERATION</u>

YOUR VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR.  IN ORDER TO RETURN A VERDICT, IT IS NECESSARY THAT EACH JUROR AGREE.  IN OTHER WORDS, YOUR VERDICT MUST BE UNANIMOUS. IT IS YOUR DUTY AS JURORS TO CONSULT WITH ONE ANOTHER AND TO DELIBERATE WITH A VIEW TO REACHING AN AGREEMENT, IF YOU CAN DO SO, WITHOUT VIOLATION TO INDIVIDUAL JUDGMENT.  EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER AN IMPARTIAL

CONSIDERATION OF ALL THE EVIDENCE IN THE CASE WITH YOUR FELLOW JURORS.  IN THE COURSE OF YOUR DELIBERATIONS, DO NOT HESITATE TO RE-EXAMINE YOUR OWN VIEWS, AND CHANGE YOUR OPINION, IF CONVINCED IT IS ERRONEOUS.  BUT DO NOT SURRENDER YOUR HONEST CONVICTION AS TO THE WEIGHT OR EFFECT OF THE EVIDENCE, SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW JURORS, OR FOR THE MERE PURPOSE OF RETURNING A VERDICT.

REMEMBER AT ALL TIMES YOU ARE NOT PARTISANS. YOU ARE JUDGES -- JUDGES OF THE FACTS.  YOUR SOLE INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

UPON RETIRING TO THE JURY ROOM YOU SHOULD FIRST SELECT ONE OF YOUR NUMBER TO ACT AS YOUR FOREPERSON WHO WILL PRESIDE OVER YOUR

DELIBERATIONS AND WILL BE YOUR SPOKESPERSON HERE IN COURT. YOU CAN MAKE THIS SELECTION AND CONDUCT YOUR DELIBERATIONS IN WHATEVER MANNER YOU THINK BEST, BUT I OFFER SOME SUGGESTIONS THAT OTHER JURIES HAVE FOUND HELPFUL TO ALLOW FULL PARTICIPATION BY ALL JURORS AND TO ARRIVE AT A VERDICT THAT SATISFIES EVERYONE.

THE FOREPERSON SHOULD ENCOURAGE OPEN COMMUNICATION, COOPERATION AND PARTICIPATION BY ALL JURORS, AND BE WILLING AND ABLE TO FACILITATE DISCUSSIONS WHEN DISAGREEMENTS AND DISPUTES ARISE. THE FOREPERSON SHOULD LET EACH OF YOU SPEAK AND BE HEARD BEFORE EXPRESSING HER OR HIS VIEWS. THE FOREPERSON SHOULD NEVER ATTEMPT TO PROMOTE OR PERMIT ANYONE ELSE TO PROMOTE HIS OR HER PERSONAL OPINIONS BY COERCION OR BULLYING.

THE FOREPERSON SHOULD MAKE SURE THAT DELIBERATIONS ARE NOT RUSHED.

SOME PEOPLE ARE BETTER AT FACILITATING THAN OTHERS, AND IF IT BECOMES CLEAR THAT SOMEONE ELSE WOULD BE A MORE EFFECTIVE FOREPERSON, YOU MIGHT WANT TO CONSIDER SELECTING A DIFFERENT PERSON, WITH NO HARD FEELINGS.

YOU ALSO MAY THINK IT WISE TO SELECT A SECRETARY TO RECORD VOTES, WHICH SHOULD PROBABLY BE CAST BY SECRET BALLOT, AND TO KEEP TRACK OF WHETHER EVERYONE HAS SPOKEN.

SOME JURIES THINK IT WILL BE USEFUL TO TAKE A PRELIMINARY VOTE BEFORE DISCUSSIONS ARE STARTED, BUT THAT HAS NOT BEEN THE EXPERIENCE AROUND HERE. SUCH AN EARLY VOTE OFTEN PROVES COUNTER-PRODUCTIVE FOR SEVERAL REASONS, INCLUDING THAT IT

TENDS TO "LOCK-IN" A PARTICULAR POINT OF VIEW BEFORE

ALTERNATIVE POINTS OF VIEW ARE COVERED.

YOU SHOULD LISTEN CAREFULLY AND ATTENTIVELY

TO EACH OTHER, AND HEAR WHAT EACH OTHER PERSON IS

SAYING BEFORE RESPONDING. DON'T INTERRUPT AND DON'T

MONOPOLIZE THE DISCUSSION. SPEAK ONE AT A TIME. BE

PATIENT AND RESPECTFUL OF OTHER OPINIONS, AND DON'T

TAKE IT PERSONALLY IF SOMEONE DISAGREES WITH YOU.

A VERDICT FORM HAS BEEN PREPARED FOR YOU, AND

YOU HAVE REVIEWED A COPY.  YOU WILL TAKE THE

ORIGINAL VERDICT FORM TO THE JURY ROOM AND WHEN

YOU HAVE REACHED A UNANIMOUS AGREEMENT AS TO

YOUR VERDICT, YOU WILL EACH SIGN IT, HAVE YOUR

FOREPERSON DATE IT, AND THEN SIGNAL THE BAILIFF THAT

YOU ARE PREPARED TO RETURN TO THE COURTROOM.

YOU WILL ALSO BE PROVIDED WITH COPIES OF THESE

INSTRUCTIONS FOR YOUR USE DURING DELIBERATIONS.

IF, DURING YOUR DELIBERATIONS, YOU SHOULD DESIRE TO

COMMUNICATE WITH THE COURT, PLEASE REDUCE YOUR

MESSAGE OR QUESTION TO WRITING SIGNED BY THE

FOREPERSON, AND PASS THE NOTE TO THE BAILIFF WHO

WILL BRING IT TO MY ATTENTION.  AFTER CONSULTING

WITH THE LAWYERS, I WILL THEN RESPOND AS PROMPTLY

AS POSSIBLE, EITHER IN WRITING OR BY HAVING YOU

RETURNED TO THE COURTROOM SO THAT I CAN ADDRESS

YOU ORALLY.  I CAUTION YOU, HOWEVER, WITH REGARD TO

ANY MESSAGE OR QUESTION YOU MIGHT SEND, THAT YOU

SHOULD NEVER STATE OR SPECIFY YOUR NUMERICAL

DIVISION AT THE TIME.

IT IS PROPER TO ADD THE CAUTION THAT NOTHING

SAID IN THESE INSTRUCTIONS AND NOTHING IN ANY FORM

OF VERDICT PREPARED FOR YOUR CONVENIENCE IS MEANT

TO SUGGEST OR HINT IN ANY WAY WHAT VERDICT I THINK
YOU SHOULD FIND.  WHAT THE VERDICT SHALL BE IS YOUR
SOLE AND EXCLUSIVE DUTY AND RESPONSIBILITY.

YOU WILL NOTE FROM THE OATH ABOUT TO  BE TAKEN BY THE BAILIFF THAT SHE TOO, AS WELL AS ALL OTHER PERSONS, ARE FORBIDDEN TO COMMUNICATE IN ANY WAY OR MANNER WITH ANY MEMBER OF THE JURY ON ANY SUBJECT TOUCHING THE MERITS OF THE CASE.

ASK COUNSEL IF THERE ARE ANY OBJECTIONS TO THE FINAL JURY INSTRUCTIONS THAT HAVE NOT ALREADY BEEN PLACED ON THE RECORD.

[SWEAR BAILIFF AND SEND JURY OUT]