IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNIVERSITY OF PITTSBURGH OF
THE COMMONWEALTH SYSTEM
OF HIGHER EDUCATION,                               08cv1307
                                                   **ELECTRONICALLY**
                    Plaintiff,                     **FILED**

          v.

VARIAN MEDICAL SYSTEMS, INC.,

                    Defendant.

**ORDER OF COURT DENYING DEFENDANT'S MERITLESS MOTION FOR
THE COURT TO CERTIFY QUESTION UNDER 28 U.S.C. § 1292 AND
UNTIMELY MOTION TO STAY (FILED ON THE EVE OF TRIAL) (Doc. No. 468)**

   This Court has handled this particular case ("*Varian II*") since June 16, 2008, and its

prodigy ("*Varian I*") since March 13, 2007, through their sundry hills, detours, and trails,

without even one day of trial on any issue.  Currently pending before the Court are defendant's

Motion for the Court to Certify Question Under 28 U.S.C.  § 1292 and Motion to Stay (doc. no.

468), filed literally on the eve of trial (i.e., 3 business days left until the commencement of trial

on January 23, 2012).  The Court has also reviewed plaintiff's Response in Opposition to

Defendant's Motion for Certificate of Appealability (doc. no. 469).


   A.  Standard

      The standard for determining if a District Court Order should be certified for appeal is:

      When a district judge, in making in a civil action an order not otherwise
      appealable under this section, shall be of the opinion that such order involves a
      controlling question of law as to which there is substantial ground for difference
      of opinion and that an immediate appeal from the order may materially advance
      the ultimate termination of the litigation, he shall so state in writing in such
      order . . . . 28 U.S.C. § 1292(b).

"There are no established criteria for making the decision other than those set forth in the statute." *Wirtgen America, Inc. v. CMI Corp.*, 1997 WL 632798, at *2 (Fed. Cir. 1997). Accordingly, "disagreement [with the District Court's decision] does not make the district court's order an appropriate one for interlocutory review." *Parkson Corp. v. Fruit of the Loom, Inc.*, 1993 WL 51346, at *1 (Fed. Cir. 1993).

    B.  <u>Willfulness Trial</u>

       The dispute relevant to the present Motions began with the parties' cross-motions for summary judgment on various issues.  In particular, defendant moved for summary judgment on the issue of willfulness, and argued that willfulness was a simple, straight-forward issue which should be decided in its favor.  Defendant spent only six pages setting forth its position as to the simplicity of this issue and the purportedly overwhelming evidence in its favor in that regard (doc. no. 365).  Plaintiff responded that, despite disputes as to a few facts, which created a genuine issue of material facts and require denial of defendant's motion for summary judgment, the issue of willfulness was simple and straight-forward (doc. no. 399, 8 pages).  See also Defendant's Reply brief (doc. no. 416, 4 pages).

       While the Court denied defendant's Motion for Partial Summary Judgment as to the issue of willfulness, the Court took defendant at its word that willfulness was a simple, straight-forward issue, and thus set a trial date and a pre-trial schedule on this singular issue.  In response, defendant has engaged in a number of tactical maneuvers to delay the trial on this particular issue and now argues that the willfulness issue requires a complex, multi-faceted trial.  Defendant has provided no explanation as to why a matter that was fully briefed in only six pages, and characterized as a simple, fact-driven issue, has now purportedly become extremely complex.

Defendant's Motions (doc. no. 468) seek to complicate the issue set to be tried in less than a week. [1]  These Motions are an example of why patent litigation has become so lengthy in duration and expensive in its resolution.  It is also an example of taking something that, in defendant's view, was a very simple issue, only two months ago, and now attempts to make the same issue almost as big as the entire case.

In order to avoid a trial on the merits of willfulness, defendant now takes the position that: (1) the trial needs to be re-scheduled to a time of its convenience and (2) the issues set to be tried must be done so in the order that best favors defendant.  In addition, defendant now appears to be arguing that a full trial on its purported invalidity defenses must occur first and then the invalidity defenses must be fully re-litigated in the willfulness portion of the case.

---

[1] Defendant's Motions were filed on Sunday, January 15, 2012, two days after the Preliminary Pre-trial Conference on January 13, 2012, held to discuss issues pertaining to trial, and the day before the Federal holiday of January 16, 2012.   Since December 21, 2012, the parties have been aware that the trial, set to begin on January 23, 2012, and would focus "on the very narrow issue of willfulness (see doc. no. 365 at 44-50, doc. no. 399 at 33-41, and doc. no. 416 at 24-27)." Doc. No. 426.  Instead of promptly filing the Motions, the Motions were filed 24 days after the parties were aware of the trial's scope.  Furthermore, the Motions were filed after the parties submitted Final Joint Pre-trial Stipulations (Doc. No. 464) and Joint Exhibit List (Doc. No. 462). The Court had also issued a ruling further clarifying the scope of the trial on the issue of willfulness (Doc. No. 459), Final Voir Dire (Doc. No. 467), and Preliminary Jury Instructions (Doc. No. 458). Defendant could have filed these Motions much earlier in the proceedings and the filing of such Motions eight days prior to the start of trial is untimely.  The Court conducted the Final Pre-trial conference yesterday, January 17, 2012.  Doc. No. 485.

C.  The Case is Fully Pre-Tried and Ready For Jury Selection Next Monday, January 23, 2012

Defendant Varian waited until numerous preliminary and often final Court rulings on voire dire, admissibility of exhibits, deposition designation, witnesses, preliminary jury instructions, and final jury instructions - - waited until defendant knew whether in its opinion the trial rulings were favorable or unfavorable - - and only then, sought to stop the trial.

The following list of selected docket entries since January 10, 2012, demonstrates that the case is ready for trial.

| 01/10/2012 | | ORDER. The Final Pretrial Conference set for January 17, 2012 at 1:30 p.m. shall continue day-to-day thereafter (January 18, 19, and 20, 2012) until concluded, and therefore, trial counsel shall be prepared to attend all conferences. Signed by Judge Arthur J. Schwab on 1-10-12. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (Moschetta, Nicole) (Entered: 01/10/2012) |
| --- | --- | --- |
| 01/10/2012 | | ORDER. Each party shall submit its proposed order implementing their positions as set forth in the Joint Submission Regarding Issues to Be Tried Thereon and Proposed Verdict Slip (at doc. no. 446), on or before 4:00 p.m. on January 11, 2012. Signed by Judge Arthur J. Schwab on 1-10-12. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (Moschetta, Nicole) (Entered: 01/10/2012) |
| 01/10/2012 | 449 | Proposed Voir Dire by VARIAN MEDICAL SYSTEMS, INC. (Sneath, Henry) (Entered: 01/10/2012) |
| 01/10/2012 | 450 | Proposed Voir Dire by UNIVERSITY OF PITTSBURGH OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION. (Quinn, William) (Entered: 01/10/2012) |
| 01/11/2012 | 451 | Revised Proposed Supplemental Voir Dire Questions by VARIAN MEDICAL SYSTEMS, INC. (Sneath, Henry) Modified on 1/12/2012 to add additional docket text. (ksa) (Entered: 01/11/2012) |

| 01/11/2012 | 453 | VOIR DIRE (eca) (Entered: 01/11/2012) |
|---|---|---|
| 01/11/2012 | 454 | WITNESSES WHO MAY BE CALLED TO TESTIFY AT TRIAL. (eca) (Entered: 01/11/2012) |
| 01/11/2012 | 455 | Proposed Order *(Regarding Joint Submission Docket # 446 )* by VARIAN MEDICAL SYSTEMS, INC. (Sneath, Henry) Modified on 1/12/2012 document linkage corrected. Document linked to document 446 . (ksa) (Entered: 01/11/2012) |
| 01/11/2012 | 456 | Proposed Order *Regarding the Joint Submission Regarding Issues to be Tried to the Jury (Doc. No. 446 )* by UNIVERSITY OF PITTSBURGH OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION. (Quinn, William) Modified on 1/12/2012 document linkage corrected. Document linked to document 446 . (ksa) (Entered: 01/11/2012) |
| 01/11/2012 | 457 | Joint Proposed Jury Instructions by UNIVERSITY OF PITTSBURGH OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION, VARIAN MEDICAL SYSTEMS, INC. (Quinn, William) Modified on 1/12/2012 to add additional docket text. (ksa) (Entered: 01/11/2012) |
| 01/12/2012 | 458 | PRELIMINARY JURY INSTRUCTIONS. (eca) (Entered: 01/12/2012) |
| 01/12/2012 | 459 | ORDER OF COURT re: Scope of Trial on the Issue of Willfulness. Signed by Judge Arthur J. Schwab on 01/12/12. (eca) (Entered: 01/12/2012) |
| 01/12/2012 | 460 | AMENDED VOIR DIRE. (eca) (Entered: 01/12/2012) |
| 01/12/2012 | 461 | Exhibit List *(Joint Exhibit List Chart)* by UNIVERSITY OF PITTSBURGH OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION, VARIAN MEDICAL SYSTEMS, INC.. (Quinn, William) (Entered: 01/12/2012) |
| 01/12/2012 | 463 | STIPULATION *(Proposed Joint Pre-trial Stipulation)* by UNIVERSITY OF PITTSBURGH OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION. (Quinn, William) (Entered: 01/13/2012) |
| 01/13/2012 | 464 | STIPULATION *(Final Joint Pre-Trial Stipulation)* by UNIVERSITY OF PITTSBURGH OF THE COMMONWEALTH SYSTEM OF HIGHER |

| | | |
|---|---|---|
| | | EDUCATION, VARIAN MEDICAL SYSTEMS, INC.. (Attachments: # 1 Exhibit (Attachment A)) (Quinn, William) (Entered: 01/13/2012) |
| 01/13/2012 | 465 | MEMORANDUM ORDER RE: Reference to Lack of Opinion Letter from Counsel (Doc. No. 446 at (III)(2)(C). Defendant's objection to Plaintiff presenting "evidence or argument on Varian's decision not to disclose an Opinion of Counsel concerning the '554 patent" is SUSTAINED. See 455 at 5, para. 3. Signed by Judge Arthur J. Schwab on 1/13/2012. (lcb) (Entered: 01/13/2012) |
| 01/13/2012 | 466 | Minute Entry for proceedings held before Judge Arthur J. Schwab: Initial Pretrial Conference held on 1/13/2012. (Court Reporter: Karen Earley) (eca) (Entered: 01/13/2012) |
| 01/13/2012 | 467 | FINAL VOIR DIRE. (eca) (Entered: 01/13/2012) |
| 01/15/2012 | 468 | MOTION for the Court to Certify Question Under 28 USC 1292 by VARIAN MEDICAL SYSTEMS, INC. (Attachments: # 1 Exhibit A, # 2 Proposed Order) (Sneath, Henry) Modified on 1/17/2012 to correctly title motion. (ksa) (Entered: 01/15/2012) |
| 01/15/2012 | 469 | RESPONSE IN OPPOSITION to 468 Motion for Certificate of Appealability, filed by UNIVERSITY OF PITTSBURGH OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION. (Quinn, William) Modified on 1/17/2012 |
| 01/15/2012 | 477 | BRIEF in Opposition re 468 Motion for Miscellaneous Relief filed by UNIVERSITY OF PITTSBURGH OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION. "Document previously filed electronically" (ksa) (Entered: 01/17/2012) |
| 01/16/2012 | 470 | Proposed Jury Instructions *(Revised Joint Proposed Preliminary Jury Instructions)* by UNIVERSITY OF PITTSBURGH OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION, VARIAN MEDICAL SYSTEMS, INC. (Sneath, Henry) (Entered: 01/16/2012) |
| 01/16/2012 | 471 | Proposed Jury Instructions *(Revised Joint Proposed Final Jury Instructions)* by UNIVERSITY OF PITTSBURGH OF THE COMMONWEALTH |

| | | | |
|---|---|---|---|
| | | | SYSTEM OF HIGHER EDUCATION, VARIAN MEDICAL SYSTEMS, INC. (Sneath, Henry) (Entered: 01/16/2012) |
| 01/16/2012 | | 472 | AMENDED PROPOSED VERDICT FORM by UNIVERSITY OF PITTSBURGH OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION. (Quinn, William) Modified on 1/17/2012 to add additional docket text. (ksa) (Entered: 01/16/2012) |
| 01/16/2012 | | 473 | Exhibit List *(Plaintiff's Amended Exhibit List Chart)* by UNIVERSITY OF PITTSBURGH OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION. (Quinn, William) (Entered: 01/16/2012) |
| 01/16/2012 | | 474 | PROPOSED VERDICT FORM by VARIAN MEDICAL SYSTEMS, INC. (Sneath, Henry) (Entered: 01/16/2012) |
| 01/16/2012 | | 475 | OBJECTIONS to *Defendants Witnesses to be Offered by way of Deposition re* 438 Witness List by UNIVERSITY OF PITTSBURGH OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION. (Quinn, William) (Entered: 01/16/2012) |
| 01/17/2012 | | 476 | Exhibit List *(Amended)* by VARIAN MEDICAL SYSTEMS, INC.. (Sneath, Henry) (Entered: 01/17/2012) |
| 01/17/2012 | | | ORDER Response/Briefing Schedule re 475 Objections. Defendant shall file Response to doc. no. 475 by noon today (1/17/2012), in light of 1:30 p.m. Final Pretrial Conference. Defendant may incorporate by reference any prior document by way of response. Signed by Judge Arthur J. Schwab on 1-17-12. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (Moschetta, Nicole) (Entered: 01/17/2012) |
| 01/17/2012 | | | ORDER selecting and adopting 472 Proposed Verdict Form (at pages 1-4) filed by UNIVERSITY OF PITTSBURGH OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION as the Verdict Form to be used at the upcoming trial set to commence on January 23, 2012. Counsel for plaintiff shall email a copy of said document in Word format (adding signature lines for all jurors and deleting the notation to |

| | | | |
|---|---|---|---|
| | | | Presiding Juror (instead using the term Foreperson)) by 11:00 a.m. today. Signed by Judge Arthur J. Schwab on 1-17-12. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (Moschetta, Nicole) (Entered: 01/17/2012) |
| 01/17/2012 | | 481 | FINAL (ADDITIONAL) PRELIMINARY JURY INSTRUCTIONS - PART II. Signed by Judge Arthur J. Schwab on 1-17-12. (Moschetta, Nicole) (Entered: 01/17/2012) |
| 01/17/2012 | | | TEXT ORDER - The Court overrules Defendants Objections to Plaintiffs Trial Exhibits as set forth on Plaintiffs Amended Exhibit List Chart (doc. no. 473). Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. Signed by Judge Arthur J. Schwab on 1/17/2012. (ms) (Entered: 01/17/2012) |
| 01/17/2012 | | 482 | RESPONSE *to Plaintiff's Objections to Defendant's Witnesses to be Offered by Way of Deposition* to 475 Objections, filed by VARIAN MEDICAL SYSTEMS, INC.. (Poppe, Matthew) (Entered: 01/17/2012) |
| 01/17/2012 | | 483 | OBJECTIONS to *Plaintiff's Witnesses to be Offered by Way of Deposition)* 475 Objections by VARIAN MEDICAL SYSTEMS, INC.. (Poppe, Matthew) (Entered: 01/17/2012) |
| 01/17/2012 | | 484 | MOTION for Reconsideration re 472 Proposed Verdict Form, 478 Order *(Regarding Adopting Plaintiff's Proposed Verdict Form)* by VARIAN MEDICAL SYSTEMS, INC.. (Attachments: # 1 Proposed Order) (Poppe, Matthew) (Entered: 01/17/2012) |
| 01/17/2012 | | 485 | Minute Entry for proceedings held before Judge Arthur J. Schwab: Pretrial Conference held on 1/17/2012. (Court Reporter: Julie Kienzle) (eca) (Entered: 01/17/2012) |
| 01/17/2012 | | 486 | FINAL JURY INSTRUCTIONS. Signed by Judge Arthur J. Schwab on 1-17-12. (Moschetta, Nicole) (Entered: 01/17/2012) |
| 01/17/2012 | | | ORDER. By noon on Thursday, January 19, 2012, the parties shall file a brief stipulation outlining the remaining issues (if any) that the parties contend need to |

| | | be resolved prior to the entry of Final Judgment and upon the conclusion of the willfulness trial (commencing on January 23, 2012)(doc. no. 426), and the damages trial (commencing on February 21, 2012)(doc. no. 452). Signed by Judge Arthur J. Schwab on 1-17-12. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (Moschetta, Nicole) (Entered: 01/17/2012) |
| 01/18/2012 | 487 | ORDER DENYING 484 Motion for Reconsideration. Signed by Judge Arthur J. Schwab on 01/18/12. (eca) (Entered: 01/18/2012) |

D.  Conclusion

        In summary, in a few short months, defendant has changed its contention that willfulness was a simple issue on which it was entitled to summary judgment, to argue that a trial on this simple issue, if it went forward, would deny it "due process or the Seventh Amendment rights under the United States Constitution."  Doc. No. 468, 1.  This is not the case.  Further, applying the applicable standard pursuant to 28 U.S.C. § 1292(b), the Court finds that the previous Orders of Court scheduling a trial on the singular issue of willfulness do not involve a "controlling question of law" and further, immediate appeal from these Orders will not "materially advance the ultimate termination of th[is] litigation."  Therefore, the following Order is entered on these meritless and untimely Motions attempting to halt this trial on the eve before trial.

        AND NOW, this 18th day of January 2012, IT IS HEREBY ORDERED that Defendant's Motion for the Court to Certify Question under 28 U.S.C. § 1292 and Motion to Stay (doc. no. 468) are **DENIED**.

                                        \s Arthur J. Schwab
                                        Arthur J. Schwab
                                        United States District Court Judge