IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNIVERSITY OF PITTSBURGH OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION d/b/a UNIVERSITY OF PITTSBURGH,<br><br>Plaintiff,<br><br>v.<br><br>VARIAN MEDICAL SYSTEMS, INC.,<br><br>Defendant. | 08cv1307<br>**ELECTRONICALLY FILED** |

### MEMORANDUM ORDER RE: PLAINTIFF'S MOTION TO EXCLUDE EVIDENCE REFERRED TO IN DEFENDANT'S OPENING STATEMENT AND FOR CURATIVE INSTRUCTION
### (DOC. NO. 512)

**AND NOW**, this 24th day of January 2012, having considered Plaintiff University of Pittsburgh of the Commonwealth System of Higher Education's ("Pitt's") Motion to Exclude Evidence Referred to in Defendant's Opening Statement and for Curative Instruction (Doc. No. 512), Defendant Varian Medical Systems Inc.'s ("Varian's") Response thereto (Doc. No. 516), and Pitt's Reply thereto (Doc. No. 519), Pitt's Motion is **GRANTED IN PART/DENIED IN PART.**

The parties have been aware that the present trial is focused on the "narrow issue of willfulness" and that the parties would not be able to "backdoor other issues into the trial" since December 21, 2011.[1] Doc. Nos. 426, 429. A separate trial has been scheduled to determine damages. Doc. No. 452. Damages/valuation issues are not proper in the present trial.

---

[1] The Court has denied several attempts by Varian to expand the issue of the present trial beyond willfulness. See Doc. No. 427: Emergency Motion for Reconsideration; Doc. No. 455: Proposed Order regarding Joint Submission; Doc. No. 468: Motion for the Court to Certify Question

As such, in the Preliminary Jury Instructions, the Court instructed the jury that, "[t]he only issue you are to decide, is whether Varian's infringement of the patent was willful." Doc. No. 482, 2. Further, the jury was instructed that, "[i]t is [the Court's] job to decide whether or not to award increased damages to Pitt." Doc. No. 482, 3. As set forth in the Court's Pre-trial Orders and Preliminary Jury Instructions, any evidence regarding damages/valuation is improper in this trial. Doc. Nos. 426, 452, 481.

During opening arguments, defense counsel referred to the pre-litigation negotiations between Pitt and Varian regarding potentially licensing the '554 Patent to Varian. Defense counsel stated that the negotiations broke down when Varian was prepared to offer $250,000.00 and Pitt would not agree to license the patent for less than $350,000.00. Instead of stopping at that point, defense counsel then stated that Pitt now seeks damages of $63 million which if tripled would total $200 million.

While the fact that the parties engaged in prior negotiations concerning a potential license may be relevant to the issue of willfulness, the remuneration Pitt was willing to accept and Varian was willing to give for a license is not relevant (under Fed. R. Evid. 402) to the issue of willfulness, because it has no tendency to prove or disprove the numerous factors previously set forth to the jury to determine willful infringement.[2] Doc. No. 481 at 12-13. Further, if the

---

Under 28 U.S.C. § 1292; Doc. No. 484: Motion for Reconsideration re. Proposed Verdict Form; and Doc. No. 508: Writ of Mandamus.

[2] Varian contends that the monetary amount of the negotiations is relevant to the jury's determination of willfulness because they have been told to consider its size and financial condition in making their decision. Doc. No. 516, 2. However, none of the factors the jury is to consider necessitates inclusion of testimony comparing monetary amounts of pre-litigation negations and current damage issues. Indeed, despite Varian's contentions, this comparison is

reference to the monetary amounts relating to the pre-litigation negotiations might arguably be proper, the comparison to the damage/valuation claim is not. The remarks in Varian's opening statement comparing: (i) the alleged monetary amount referred to in the "pre-litigation negotiations" to (ii) the amount of damages claimed by Pitt and the possibility that they may be trebled (and the introduction of any evidence related thereto) shall be stricken, because its probative value is substantially outweighed by its prejudicial effect under Fed. R. Evid. 403.

Because of Pitt's conformity with the terms of the Pretrial Order concerning the scope of this trial, Pitt properly did not offer any evidence of past discussions regarding the value of the product at issue or the measure of damages/valuation concerning a license or other measure of damages. Indeed, in conformance with the Pretrial Order of this Court, Pitt has not set forth *any* evidence whatsoever with respect to the issue of damages/valuation in *any* respect.

Varian's attempt to insert the issue of damages, through comparison, into this trial, which is precisely the kind of "backdoor issue," to which Court was referring in its prior Pretrial Order (doc. no. 426), is improper, and Varian's reference to these issues of damages in its opening statement was certainly prejudicial. In addition to striking the statements of Varian and reading a curative instruction, the Court admonishes Varian again that it shall not introduce any evidence regarding the issue of damages/valuation in this trial. To repeat, the Court finds that any evidence related thereto shall be excluded under Fed. R. Evid. 403, because its prejudicial effect substantially outweighs its probative value.

Simply put, this is not a damages/valuation trial, and it is improper, highly prejudicial, confusing and misleading to the jury for either party to attempt (improperly) to make it one.

---

not relevant to the ultimate determination of willfulness and only seeks to expand the issue presently before the jury.

Accordingly, **IT IS HEREBY ORDERED** that if Pitt desires, the jury will be instructed to disregard Varian's counsel's remarks concerning Pitt's damages claim (and its comparison to pre-litigation negotiations re: valuation); the jury will be instructed that the same is not relevant to the issue the jury is to decide in this case; and neither party shall refer thereto throughout the rest of this trial, nor in closing arguments.[3] Furthermore, as stated by the Court on the record during today's trial proceedings (January 24, 2012), both parties are permitted to refer to any pre-litigation negotiations between them, but are excluded from mentioning any monetary values.

The parties shall file a Joint Proposed Corrective Instruction on or before January 25, 2012, at 7:00 a.m., or separate proposed instructions if necessary.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:    All Registered ECF Counsel and Parties

---

[3] As to Pitt's Motion to limit Dr. Greenberger's testimony, Pitt's tactical decision not to present testimony as to Pitt's collaborations with Varian and/or disclosures to Varian will not limit Varian's ability to question Dr. Greenberger as to those topics. Accordingly, said Motion is **DENIED**, and **IT IS FURTHER ORDERED** that evidence on the question of whether or not Pitt disclosed the concepts embodied in the '554 invention to Varian is admissible.