IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNIVERSITY OF PITTSBURGH OF THE
COMMONWEALTH SYSTEM OF HIGHER
EDUCATION,
        Plaintiff,

08cv1307

**ELECTRONICALLY FILED**

v.

VARIAN MEDICAL SYSTEMS, INC.,
        Defendant.

### Memorandum Order of Court re: Second Round of Motions in Limine (doc. nos. 609 and 610)

Currently pending before this Court are plaintiff and defendant's omnibus motions in limine (doc. nos. 610 and 609, respectively) and responses thereto (doc. nos. 618 and 619). The Court will not reiterate the factual and procedural background of this case, and hereby incorporates its prior rulings on the motions in limine and accompanying comprehensive (24 page) Memorandum Opinion in support thereof, filed on February 10, 2012 (doc. nos. 594 and 600).

At the Preliminary Pretrial Conference on February 10, 2012, the Court, anticipating that there would be further issues which would necessitate a further round of briefing on motions in limine, set forth a schedule by which all additional motions in limine were to be filed by noon on February 13, 2012, and responses thereto by noon on February 14, 2012, in light of the Final Pretrial Conference scheduled for February 15, 2012 at 8:30 a.m. (doc. no. 452).

Because the damages portion of the trial is a short three (3) business days away (scheduled to commence next Tuesday, February 21, 2012), the Court has endeavored to promptly resolve the remaining pretrial motions in limine.

1

Accordingly, it is HEREBY ORDERED as follows:

**(A) As to Pitt's second omnibus motion to exclude evidence from trial on the issue of damages (doc. no. 610):**

(1) Varian is precluded from offering evidence regarding patent invalidity (a-g) because such evidence is not relevant to the issues before this Court in the damages phase of this trial, and will only serve to confuse the jury. **Point One (I) is GRANTED**.

(2) Varian is precluded from offering evidence in support of its contention that it developed the RPM System independently because it is irrelevant the Court already excluded evidence of this type during the willfulness trial (at doc. no. 459). Accordingly, **Pitt's objections to exhibit nos. DD-164, 168, 173, 460, 461, 473, 476-78, 491-493, 497, 514, 536, 537, 546, 548, 565, 599, 607, 609, 610, 826 are SUSTAINED, and Point Two (II) is GRANTED.**[1]

(3) Varian is precluded from offering evidence relating to Pitt's research funding arrangement with Elekta Oncology Systems, Inc. because it has no relevance to the damages phase of this trial. Accordingly, **Pitt's objections to exhibit nos. DD-097, 098, 161, 282, 285, 289, 294, 350, and 695 are SUSTAINED, and Point Three (III), is therefore, GRANTED**.[2]

(4) Varian is precluded from offering Pitt's and CMU's privilege logs because the logs are not relevant to reflect the terms of the license agreements, nor do they reveal anything about the value of the '554 patent. The actual license agreements can be found in the exhibits (for example at exhibit DD-485). Accordingly, **Point Four (IV), is therefore, GRANTED**.

---

[1] The Court recognizes that some of these Varian trial exhibits have been withdrawn, but rules on them for purposes of the record.

[2] See footnote number one (1).

**(B) As to Varian's Omnibus Motions in Limine (doc. no. 609):**

(1) To the extent that Varian is attempting to (re)argue that linear accelerators should not be included in the royalty base, said motion is DENIED (because it is really a motion to reconsider, rather than a motion for clarification). The Court has already ruled on this issue in doc. no. 600 at 13, paragraph (C)(5)). While Varian's expert may testify that a 3% royalty is too high, he may not testify as to what a reasonable royalty rate would be, because such information was not contained within his expert report, as required under Fed. R. Civ. P. 26(a)(2)(D). **Point I (seeking clarification which is actually a motion to reconsider) is DENIED**.

(2) Varian's motion to dismiss Claim 38 as either superfluous or in violation of the reexamination statute (35 U.S.C. § 305) is DENIED. Varian is attempting to argue in the motion in limine phase of the damages trial, an issue which was appropriate for summary judgment proceedings, and, at the minimum, is untimely. Furthermore, Varian is not prejudiced by inclusion of Claim 38 in the damages portion of this trial. Therefore, **Point Two (II) is DENIED**.

(3) Varian's motion to eliminate evidence of Varian's revenues, profit margins, and other financial metrics related to products other than the accused products is DENIED. Pitt will not be barred from presenting evidence of Varian's revenues, profit margins and other financial metrics related to products and business activities other than the accused products because such evidence is relevant, and not prejudicial. See *Georgia-Pacific* factor six (6) and prior ruling of the Court admitting over objection these trial exhibits (1/17/2012 Text Order – admitting P-175,179). Accordingly, **Point Three (III) is DENIED**.

(4) Varian's motion to strike the testimony from Dr. Siochi (and alternatives thereto) is DENIED. Pitt will not be barred from presenting the testimony of Dr. Siochi, as identified in its offer of proof (doc. no. 549 at 2). See *Georgia-Pacific* factor nine (9). Accordingly, **Point Four (IV) is DENIED.**

                                           s/ Arthur J. Schwab
                                           Arthur J. Schwab
                                           United States District Judge

cc:       All Registered ECF Counsel and Parties