IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNIVERSITY OF PITTSBURGH OF THE
COMMONWEALTH SYSTEM OF HIGHER
EDUCATION,

    08cv1307
    **ELECTRONICALLY FILED**

  Plaintiff,

 v.

VARIAN MEDICAL SYSTEMS, INC.,

  Defendant.

## MEMORANDUM OPINION RE: DEFENDANT'S MOTION FOR CLARIFICATION (DOC. NO. 633) SUPPORTING ORDER OF COURT (DOC. NO. 645)

On February 16, 2012, Defendant filed Objections to the Court's Final Jury Instructions (doc. no. 633). Said Objections were filed as doc. no. 633, and Plaintiff has filed a response thereto on February 20, 2012 at doc. no. 640.

By the way of background, Defendant Varian made the tactical decision to have its expert <u>not</u> state any royalty rate for the sales of the RPM in combination with its Clinac or Trilogy products. Because the damage portion of the trial will include reasonable royalty on the sales of the combination (see doc. no. 432 at 26 - - summary judgment opinion of 12/30/11 finding that combination of RPM and Clinac/Trilogy infringes '554 patent as a matter of law; doc. no. 594 at 2; doc. no. 600 at 13-20, and doc. no. 623 at 3), Defendant has over time filed several motions/objections/motions for "clarification" (see doc. nos. 567, 609, and 633) in an attempt to compensate for, or correct, this tactical decision. See Court's Rulings at doc. nos. 594, 600 and 623.

Currently, Defendant seeks a "clarification" of doc. no. 607 at 9-10 (Court's Amended Preliminary Jury Instructions), because Defendant now desires to argue to the jury "the

reasonable royalties for that combination may consist of some royalty of the sale of the RPM component and no royalty on the sale revenue of the Clinac or Trilogy combination." (See doc. no. 613 at 1-2). Alternatively, Varian seeks to argue to the jury that "if the jury is to award any royalty on the revenue from the Clinac or Trilogy that royalty should be small given, that Varian contributed to the combination." See doc. no. 633 at 2.

In other words, since Defendant Varian made the tactical decision in its expert report not to place a specific royalty rate or percentage before the jury on the combination products, Varian now wishes to argue that the reasonable royalty should be zero or at least "small". Obviously such argument is inconsistent with the tactical decision previously made by Varian not to come forth with any royalty rate or percentage, and is inconsistent with prior rulings of the Court barring Varian from arguing, or presenting specific or alternative royalty rate on the combination products. See doc. nos. 594, 600 and 623. To argue that the reasonable royalty should be "small" would permit Varian to reverse or at least attempt to minimize its tactical decision to come forward with an expert report containing no royalty rate or percentage for the combined Clinac/Trilogy products.

Thus, said "Motion for Clarification" is DENIED and related Objections are OVERRULED, as set forth in doc. no. 633. However, the parties may enter into joint stipulation(s) to any or all of the above issues, regardless of this decision.

SO ORDERED, this 21st day of February, 2012

\s Arthur J. Schwab
Arthur J. Schwab
United States District Court Judge

cc: All Registered ECF Counsel and Parties