IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNIVERSITY OF PITTSBURGH OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION d/b/a UNIVERSITY OF PITTSBURGH,<br><br>    Plaintiff,<br><br>  v.<br><br>VARIAN MEDICAL SYSTEMS, INC.,<br><br>    Defendant. | 08cv1307<br><br>**ELECTRONICALLY FILED** |

## MEMORANDUM OPINION RE: PLAINTIFF'S MOTION TO PRECLUDE FURTHER EVIDENCE OR TRIAL OF INVALIDITY (DOC. NO. 630)

**I. Introduction**

Currently before this Court is Plaintiff University of Pittsburgh of the Commonwealth System of Higher Education's ("Pitt's) Motion to Preclude Further Evidence or Trial of Invalidity (doc. no. 630). The Court has reviewed Pitt's Motion and Defendant Varian Medical Systems Inc.'s ("Varian's") response thereto (Doc. No. 669). For the reasons set forth below, Pitt's Motion (Doc. No. 630) will be DENIED.

Only a small portion of this case's voluminous procedural history is relevant to the issue currently before this Court. This Court exercised its discretion under Fed. R. Civ. P. 42(b) and ordered that the trial for this patent infringement claim be divided into three discreet subparts.[1] This Court further ordered that the same jury be used throughout all three phases of the trial. Doc. Nos. 594, 600. The first part of the trial was focused on the narrow issue of willfulness. On January 26, 2012, the jury found that Varian's infringement of U.S. Patent No. 5,727,554

---

[1] See doc. no. 600 for the Court's prior explanation of its decision to order the trial of this case in this manner.

("'554 patent") was willful in all respects at issue during the trial. Doc. No. 542. The second part of the trial was focused on the narrow issue of damages. On February 23, 2012, the jury awarded damages in the amount of $36,884,294. Doc. No. 666. The final portion of the trial, scheduled to commence on April 16, 2012, will be focused on the narrow issue of invalidity.

The "order" of the trial has been the subject of numerous motions by Varian (doc. nos. 427, 429, 434, 435, 442, 459, 468, and 488), and has also been the subject of a Petition for a Writ of Mandamus and Emergency Motion for Stay of Trial before the United States Court of Appeals for the Federal Circuit (doc. no. 508). This Court, and the United States Court of Appeals for the Federal Circuit, have ruled that Varian has a right to try the issue of whether the '554 patent is invalid before a jury. Pitt did not raise any objection to the division of the trial in this manner prior to the Preliminary Pre-Trial Conference held on February 10, 2012 (damages phase), at which point Pitt informed the Court that it would file the instant Motion to cancel the invalidity portion of the trial. Doc. No. 617.

## II. The "Law of the Case" Doctrine Requires a Separate Trial on Invalidity

The "law of the case" doctrine "expresses the practice of the courts generally to refuse to reopen what has been decided." *Messinger v. Anderson*, 225 U.S. 436, 444 (1912). Without the "law of the case" doctrine "there would be no end to a suit [because] every obstinate litigant could, by repeated appeals compel a court to listen to criticisms on their opinions, or speculate of chances from changes of its members." *Roberts v. Cooper*, 61 U.S. 467, 481 (1857).

The "law of the case" doctrine applies in the present case. The issue of whether Varian would have the ability to present their substantive invalidity defenses was addressed by this Court and by the United States Court of Appeals for the Federal Circuit. The United States Court of Appeals for the Federal Circuit correctly noted that "[t]here is no indication that the

district court will refuse to have a later trial on invalidity." *In Re Varian Med. Sys. Inc.*, 2012 U.S. App. LEXIS 1196, at *5 (Fed. Cir. Jan. 20, 2012). This Court had said prior to then, and on numerous occasions since, that a later trial on invalidity would occur. See e.g., Doc. Nos. 488, 543, 569, 573, 600, 601, 617, 632; Text Order of February 3, 2012. Both this Court and the United States Court of Appeals for the Federal Circuit acted with the knowledge that a verdict for Varian in the invalidity portion of the trial would moot the verdicts in the previous two portions of the trial. *See In Re Varian*, 2012 U.S. App. LEXIS 1196, at *6. There has been no intervening event to warrant changing the "law of the case" so drastically as to cancel the third part of the trial.

As mandated by the United States Court of Appeals for the Federal Circuit, *In Re Varian*, 2012 U.S. App. LEXIS 1196, at *5 ("[t]he jury should not decide the ultimate issue [invalidity]"), the jury in the willfulness portion of the trial did not make a decision on the validity of the '554 patent. The preliminary and final jury instructions were unequivocal that the jury was not to decide that issue at that time. Doc. Nos. 481, 486. Although the jury had to necessarily consider many, if not most, of the merits of the invalidity arguments,[2] the jury's main focus was whether or not the subjective prong of the willfulness inquiry had been met. Simply put, the jury never made a decision, nor was it asked to make a decision, on the merits of the invalidity defenses (see doc. no. 542).

Pitt argues that, "the 'law of the case' is more frequently considered when the same issue arises a second time in the same case, the principles of that doctrine are similar to those of collateral estoppel and it is not necessary to draw technical distinctions between these parallel

---

[2] Any inconsistency between the jury verdict on willfulness, and the jury verdict on invalidity can be considered in the context of a motion to mold the verdict.

principles of preclusion." Doc. No. 630, 5. Thus, Pitt argues that the Court should consider all of the preclusion principles in whole and then make a decision on the pending motion. *Id*. Under the circumstances of this case and its unique procedural history, including an implicit, if not explicit direction, from the United States Court of Appeals for the Federal Circuit regarding the "order" of the trial and its position that an invalidity trial should occur, the Court declines to address these issues. *See Teva Pharms. Inc. v. Novartis Pharms. Corp.*, 482 F.3d 1330, 1337-38 (holding that a court should not decide moot issues).

Arguably, Pitt is correct that if the Court were to consider the preclusive doctrines of collateral estoppel and res judicata, the third part of this trial (Varian's invalidity defenses) would not be permitted to occur. However, the United States Supreme Court has held that a district court has "no power or authority to deviate from the mandate issued by an appellate court." *Briggs v. Pennsylvania R.R. Co.,* 334 U.S. 304, 306 (1948); *see also McZeal v. Sprint Nextel Corp.*, 335 F.App'x 966, 968 (Fed. Cir. 2009). Thus, where, as here, the "law of the case" takes the form of a mandate from an appellate court to a district court, the "law of the case" must be considered separately from the collateral estoppel and res judicata arguments.

The United States Court of Appeals for the Federal Circuit stated that, "[t]he choice to *delay* the invalidity trial is left to the sound discretion of the district court." *In Re Varian*, 2012 U.S. App. LEXIS 1196, at *5 (emphasis added). The Court did *not* state that the decision of whether to have an invalidity trial was left to the discretion of this Court. This Court interprets the above statement to mean an invalidity trial must occur. It was necessary for the United States Court of Appeals for the Federal Circuit to imply that a trial on invalidity would occur in order for a decision to be made on Varian's Petition for a Writ of Mandamus. *See Toro Co. v. White Consol. Indus. Inc.*, 383 F.3d 1326, 1335 (Fed. Cir. 2004). Accordingly, the "law of the case"

4

doctrine requires that the third phase of the three part trial (invalidity) should proceed as currently scheduled, on April 16, 2012. See Pretrial Orders at doc. nos. 543, and 668.

## III. Conclusion

For the reasons set forth hereinabove, Pitt's Motion to Preclude Further Evidence or Trial of Invalidity (doc. no. 630) will be DENIED. An appropriate Order follows.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc:	All Registered ECF Counsel and Parties