IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNIVERSITY OF PITTSBURGH OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION d/b/a UNIVERSITY OF PITTSBURGH | 08cv1307<br>**ELECTRONICALLY FILED** |
| Plaintiff, | |
| v. | |
| VARIAN MEDICAL SYSTEMS INC. | |
| Defendant, | |

**Memorandum Order re: Motions in Limine (doc. nos. 705 and 713)**

Currently before the Court is plaintiff University of Pittsburgh of the Commonwealth System of Higher Education's ("Pitt's") and defendant Varian Medical Systems Inc.'s ("Varian's) omnibus motions in limine (doc. nos. 705 and 713 respectively), responses (doc. nos. 728 and 727), and Court ordered replies thereto (doc. nos. 738 and 740).  After careful consideration, Pitt's omnibus motion in limine (doc. no. 705) is GRANTED IN PART AND DENIED IN PART, and Varian's omnibus motion in limine (doc. no. 713) is DENIED.

Only a small portion of this case's voluminous procedural history is relevant to the issue currently before this Court.  This Court exercised its discretion under Fed. R. Civ. P. 42(b) and ordered that the trial for this patent infringement claim be divided into three discreet subparts.[1]  The first part of the trial focused on the narrow issue of willfulness.  On January 26, 2012, the jury found that Varian's infringement of U.S. Patent No. 5,727,554 ("'554 patent") was willful in all respects at issue during the trial.  Doc. No. 542.  The second part of the trial focused on the narrow issue of damages.  On February 23, 2012, the jury awarded damages in the amount of $36,884,294.

---

[1] See doc. no. 600 for the Court's prior explanation of its decision to order the trial of this case in this manner.

Doc. No. 666.  The motions currently before the Court relate to the final portion of the trial, which will be focused on the narrow issue of invalidity, set to commence on April 23, 2012.

**(A) As to Pitt's omnibus motion to exclude evidence from trial on the issue of invalidity (doc. no. 705):**

(1) Varian may not offer more evidence regarding the accused RPM system and related design-around.  The jury has already heard a great deal of evidence regarding the RPM system.  The jury is well aware of the fact that the RPM system has already been found to be infringing the '554 patent.  There is no need for further evidence on the RPM System and the design-around because these topics are not relevant to the issue of invalidity of the '554 patent.  Fed. R. Evid. 402.  All of Varian's invalidity arguments can be fairly decided by the jury without the use of this additional evidence on the products that have been found to infringe the '554 patent.  Such evidence is cumulative and would only cause confusion for the jury and thus, shall also be excluded under Fed. R. Evid. 403.  **Point (I), is therefore GRANTED.**

(2) Varian may not offer evidence relating to Pitt's research funding arrangement with Elekta and whether the '554 inventors succeeded in developing a commercial embodiment of the '554 patent.  This Court has previously ruled that this information is not relevant to Varian's invalidity defenses (doc. no. 459 at 2).  Fed. R. Evid. 402.  Varian has presented no compelling reason why the Court should deviate from its prior rulings on this issue.  **Point (II), is therefore GRANTED.**

(3) Varian may not offer evidence of research and development work the '554 inventors did in connection with the dynamic conformal radiotherapy project that lead to the '554 patent and of Varian's disclosure to Dr. Greenberger of Varian's work on the patient positioning and gating system.  Varian's sole argument supporting the introduction of evidence of the work '554 inventors performed relating to research and development in connection with the dynamic

2

conformal radiotherapy project that lead to the '554 patent is to lay foundational support for evidence relating to the Elekta fundting arrangement.  Since the Court has already ruled immediately herein above that this evidence is not admissible, this evidence is likewise not admissible (as not relevant).  The Court further notes that Varian's disclosures to Dr. Greenberger are not relevant to obviousness because the question of obviousness is a general question – not a specific question.  In other words, the issue is not whether one person could practice the invention but rather, whether *persons* skilled in the art could practice the invention.  See Fed. R. Evid. 402.  **Point (III), is therefore GRANTED.**

(4) Varian may not raise its indefiniteness defenses at trial.  "Indefiniteness, like claim construction, is a question of law."  *Praxair, Inc. v. ATMI, Inc.*, 543 F.3d 1306, 1319 (Fed. Cir. 2008).  The Court does not find that any of the arguments raised by Varian present a question of fact to be determined by the jury.  A scheduling order setting a briefing schedule on these indefiniteness defenses will be issued forthwith.  **Point (IV), is therefore GRANTED.**

(5) Varian does not intend to prevent a written description defense.  **Point (V), is therefore DENIED as MOOT.**

**(B) As to Varian's omnibus motion to exclude evidence from trial on the issue of invalidity (doc. no. 713):**

(1) Dr. Siochi may testify regarding the alleged interface between the camera/fiducials and the respiratory gating mechanism.  This Court has already ruled that the testimony of Dr. Siochi on this issue is properly before the jury.  *See* Text Order of February 3, 2012 ("evidence previously offered to the jury need not be re-addressed in the forthcoming … invalidity defenses trial[]").  Varian contends that Dr. Siochi's answer was non-responsive; however, it never moved to strike the statement or objected under Fed. R. Civ. P. 26, during the willfulness portion of the trial.

Furthermore, the Court finds that the issue was adequately discussed in his expert report to meet the requirements of Rule 26. The discussion by Dr. Siochi of the failure of the Baroni reference to teach "real-time data processing" is the same as the interface argument that Varian is attempting to exclude him from testifying about. *See* doc. no. 326, ¶¶ 109-110, 117-119, and 126-128. **Point (I), is therefore DENIED.**

(2) The inventors of the '554 patent may not state expert opinions. Pitt does not plan for the inventors to offer expert opinions at the invalidity portion of the trial, rather Pitt seeks only to have the '554 inventors testify to factual issues relevant to Varian's enablement defense. *See* doc. no. 727 at 3. The Court finds that such testimony does not rise to the level of expert opinions and is relevant and appropriate for consideration by the jury. Should their testimony exceed the scope of Pitt's proffer (as explained in Pitt's response), Varian is free to offer an objection at that time, and the Court will rule accordingly. **Point (II)(A), is therefore DENIED as MOOT.**

(3) Mr. Bregman may not state expert opinions. Pitt does not seek to have Mr. Bergman state expert opinions; rather, it only seeks him to testify regarding the facts surrounding the re-examination of the '554 patent (and possibly the original prosecution of the patent). The Court finds that such testimony does not rise to the level of expert opinion and is relevant and appropriate for consideration by the jury. Should Mr. Bregman's testimony exceed the scope of Pitt's proffer (as explained in Pitt's response), Varian is free to offer an objection at that time, and the Court will rule accordingly. **Point (II)(B), is therefore DENIED as MOOT.**

So ORDERED this 21st day of March, 2012.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties