3/21/2012

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNIVERSITY OF PITTSBURGH OF THE
COMMONWEALTH SYSTEM OF HIGHER
EDUCATION,
        Plaintiff,

v.

VARIAN MEDICAL SYSTEMS, INC.,
        Defendant.

08cv1307
**ELECTRONICALLY FILED**

# Preliminary Jury Instructions

Members of the jury: Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

I will not repeat much of the background of this case that you heard during the first and second parts of this trial. However, I will briefly refresh your recollection on certain facts which bear on this trial concerning invalidity.

This is a patent infringement lawsuit. The Plaintiff is the University of Pittsburgh, which owns the patent that is at issue

in this case. The Defendant is Varian Medical Systems, a company that manufactures and sells medical equipment including equipment used to treat cancer patients. I'll refer to the parties as "Pitt" and "Varian."

Pitt alleged that Varian makes and sells products that infringe U.S. Patent No. 5,727,554 which the parties refer to as the '554 Patent. Specifically, Pitt claimed that Varian's RPM System as well as Varian's Clinac and Trilogy linear accelerators sold in combination with the RPM System infringe the '554 patent.

This Court has already ruled that the Varian products at issue in this case do in fact infringe the '554 patent. Because Varian's infringement of the patent has already been established, and you have already determined that the infringement was

willful, and you have awarded damages, these are not issues you need to decide. Instead, the only purpose of this portion of the trial, and the only issue you are to decide, is whether Varian has proven by clear and convincing evidence that the claims of the '554 patent are invalid.

## Conduct of the Jury

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case.

Second, do not read or listen to anything touching on this case in any way. If anyone should try to talk to you about it,

bring it to the Court's attention promptly.

Third, do not try to do any internet or other research or make any investigation about the case on your own.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

If you wish, you may take notes on the paper provided in your binders. If you decide to take notes, be careful not to get so involved in note taking that you become distracted from the ongoing proceedings. Additionally, there may be a tendency to attach undue importance to matters that one has written down; however, some testimony that is considered unimportant at the time presented, and thus not written down, may take on greater importance later in the trial in light of all the evidence presented.

Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

You may not take your notes outside the courtroom. Before you leave the courtroom for any reason, your notes must be left in the jury room. When you leave at night, your notes will be secured and not read by anyone. At the end of the trial your notes will be collected and destroyed. No one, not the lawyers, my staff, newspaper reporters, or me, will read your

notes.

Additionally, you are not permitted to ask questions of witnesses or of the attorneys. Therefore please do not interrupt the lawyers during their examination of witnesses or otherwise. If, however, you are unable to hear a witness or a lawyer please raise your hand and the court will see that the situation is corrected.

## **Summary of Contentions**

To help you follow the evidence, I will now give you a summary of the positions of the parties.

As I stated earlier, the parties in this case are Pitt, the patent holder, and Varian, the patent infringer. The case involves the '554 patent, obtained by five (5) inventors who transferred those inventions to Pitt.

Pitt filed suit in this Court seeking money damages from Varian for infringing the '554 patent by making, using, selling, and offering for sale, in the United States, products that Pitt argued are covered by, and that I have found infringed, claims 20, 21, 22, 25, 26, 36 and 38 of the '554 patent.

Varian initially argued in this case that its products do not infringe the '554 patent.  For purposes of this trial, you are to assume that Varian's RPM Systems infringe claims 20, 21, 25, 26 and 36 of the '554 patent, and in combination with Varian's Clinac and Trilogy linear accelerators, infringe claims 22 and 38 of the '554 patent.

Varian contends that claims 20, 21, 22, 23, 24, 25, 26, 28, 29, 30, 31, 32, 36, 37, and 38 of the '554 patent are invalid.  I will instruct you later as to the ways in which a patent may be

invalid.  In general, however, a patent is invalid if it is not new or is obvious in view of the state of the art at the relevant time, or if the description in the patent does not meet certain requirements.

In deciding the issues I just discussed, you will be asked to consider specific legal standards.  I will give you an overview of those standards now and will review them in more detail before the case is submitted to you for your verdict.

You will be asked to decide whether certain claims of the '554 patent are invalid.  A patent claim may be invalid for a number of reasons, including because it claims subject matter that is not new or is obvious.  For a claim to be invalid because it is not new, Varian must show by clear and convincing evidence that all of the elements of the claim are present in a

single previous device or method, or sufficiently described in a single previous printed publication or patent. We call these "prior art." If a claim is not new, it is said to be anticipated.

Another way that a claim may be invalid is that it may have been obvious. Even though every element of a claim is not shown or sufficiently described in a single piece of "prior art," the claim may still be invalid if it would have been obvious to a person of ordinary skill in the field of technology of the patent at the relevant time. I will provide you detailed instructions on these questions at the conclusion of the case.

A patent claim may also be invalid if its description in the specification does not meet certain requirements. To be valid, the disclosure of a patent must also meet the "enablement" requirement. To meet this requirement, the description in the

patent has to be sufficiently full and clear to have allowed persons of ordinary skill in the field of technology of the patent to make and use the invention without undue experimentation, at the time the patent application was originally filed.

## Legal Standards

The standard of proof that you will apply to the evidence concerning Varian's claims that the patent is invalid is whether Varian has proven the facts by clear and convincing evidence, i.e., that you have been left with a clear conviction that the fact has been proven.  This standard is different from what you may have heard about in criminal proceedings where a fact must be proven beyond a reasonable doubt.  The "clear and convincing" standard of proof is lower than the "reasonable doubt" standard used in criminal proceedings. You will recall that this is the

standard of proof that you used in the first part of the trial of this matter, when you were asked to determine the issue of willfulness. This is a different standard of proof than you used, however, in the second part of the trial of this matter, when you were asked to determine damages.

## **Duty of the Jury**

It will be your duty to find the facts solely from the evidence presented. You and you alone are the judges of the facts. You will then have to apply the law to those facts as the court instructs you. You must follow that law whether you agree with it or not.

Nothing the Court may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

## **Outline of Trial**

The trial will now begin.  First, each side may make an opening statement an opening statement is not evidence.  It is simply an opportunity for the lawyers to explain what they expect the evidence will show.

After the evidence has been presented, the attorneys will make closing arguments and I will give you final instructions on the law that applies to the case.  These closing arguments by the attorneys are not evidence.  After the closing arguments and instructions, you will then decide the case.

## **Juror Oath**

Do each of you solemnly swear or affirm that you will follow the Court's instructions, which are that until the case is over, you will not access in any way the news about this case,

either by the Internet, by print media, by radio, or by television, and that you will not communicate with any others about this case, including not talking about it in person or by phone, not writing, blogging or tweeting about it, and not using any social networking sites (examples of which are Facebook, MySpace, LinkedIn, and Twitter), to discuss any aspect of the case or your work as a juror?

    If you agree, please say "I do." Please take your seats again.