**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

UNIVERSITY OF PITTSBURGH OF )
THE COMMONWEALTH SYSTEM OF )
HIGHER EDUCATION d/b/a )
UNIVERSITY OF PITTSBURGH )
                                   )
          Plaintiff, )
                                   )
          v. )
                                   )
VARIAN MEDICAL SYSTEMS, INC. )
                                   )
          Defendant. )

Civil Action No.: 2:08-cv-01307

Judge Arthur J. Schwab

# FINAL JURY INSTRUCTIONS FOR INVALIDITY PORTION OF TRIAL

## I.    GENERAL INSTRUCTIONS

NOW THAT YOU HAVE HEARD THE EVIDENCE AND THE ARGUMENT, IT IS MY DUTY TO INSTRUCT YOU ON THE LAW. YOU WILL HEAR MANY OF THE SAME INSTRUCTIONS AS IN THE FIRST PORTION OF THE TRIAL, AS WELL AS SPECIFIC INSTRUCTIONS THAT ONLY APPLY TO THIS PORTION OF THE TRIAL.

WE HAVE GIVEN YOU COPIES OF THE SPECIAL VERDICT FORM ON WHICH YOU WILL ANSWER SPECIFIC QUESTIONS.

PLEASE TAKE A FEW MINUTES TO READ THE VERDICT

FORM, BECAUSE THE INSTRUCTIONS I AM ABOUT TO GIVE

YOU WILL HELP YOU ANSWER THOSE QUESTIONS.

WHEN YOU RETIRE TO THE JURY ROOM TO

DELIBERATE, YOU MAY TAKE THESE INSTRUCTIONS WITH

YOU, ALONG WITH YOUR NOTES, THE EXHIBITS THAT THE

COURT HAS ADMITTED INTO EVIDENCE, AND THE VERDICT

FORM.  YOU SHOULD SELECT ONE MEMBER OF THE JURY AS

YOUR FOREPERSON. THAT PERSON WILL PRESIDE OVER THE

DELIBERATIONS AND SPEAK FOR YOU HERE IN OPEN

COURT.

YOU HAVE TWO MAIN DUTIES AS JURORS.  THE FIRST

ONE IS TO DECIDE WHAT THE FACTS ARE FROM THE

EVIDENCE THAT YOU SAW AND HEARD HERE IN COURT.

DECIDING WHAT THE FACTS ARE, IS YOUR JOB, NOT MINE,

AND NOTHING THAT I HAVE SAID OR DONE DURING THIS

TRIAL WAS MEANT TO INFLUENCE YOUR DECISION ABOUT THE FACTS IN ANY WAY.

YOUR SECOND DUTY IS TO TAKE THE LAW THAT I GIVE YOU, APPLY IT TO THE FACTS, AND DECIDE IF, UNDER THE APPROPRIATE BURDEN OF PROOF, PLAINTIFF HAS ESTABLISHED ITS CLAIMS.  IN OTHER WORDS, IT IS YOUR DUTY TO DETERMINE FROM THE EVIDENCE WHAT ACTUALLY HAPPENED IN THIS CASE, APPLYING THE LAW AS I NOW EXPLAIN IT.

IT IS MY JOB TO INSTRUCT YOU ABOUT THE LAW, AND YOU ARE BOUND BY THE OATH THAT YOU TOOK AT THE BEGINNING OF THE TRIAL TO FOLLOW THE INSTRUCTIONS THAT I GIVE YOU, EVEN IF YOU PERSONALLY DISAGREE WITH THEM.  THIS INCLUDES THE INSTRUCTIONS THAT I GAVE YOU BEFORE AND DURING THE TRIAL, AND THESE INSTRUCTIONS.  ALL THE INSTRUCTIONS ARE IMPORTANT, AND YOU SHOULD CONSIDER THEM TOGETHER AS A

WHOLE; DO NOT DISREGARD OR GIVE SPECIAL ATTENTION TO ANY ONE INSTRUCTION; AND DO NOT QUESTION THE WISDOM OF ANY RULE OF LAW OR RULE OF EVIDENCE I STATE.   IN OTHER WORDS, DO NOT SUBSTITUTE YOUR OWN NOTION OR OPINION AS TO WHAT THE LAW IS OR OUGHT TO BE.

PERFORM THESE DUTIES FAIRLY.  DO NOT LET ANY BIAS, SYMPATHY, OR PREJUDICE THAT YOU MAY FEEL TOWARD ONE SIDE OR THE OTHER INFLUENCE YOUR DECISION IN ANY WAY.

AS JURORS, YOU HAVE A DUTY TO CONSULT WITH EACH OTHER AND TO DELIBERATE WITH THE INTENTION OF REACHING A VERDICT.  EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER A FULL AND IMPARTIAL CONSIDERATION OF ALL OF THE EVIDENCE WITH YOUR FELLOW JURORS.  LISTEN TO EACH OTHER CAREFULLY.  IN THE COURSE OF YOUR DELIBERATIONS,

YOU SHOULD FEEL FREE TO RE-EXAMINE YOUR OWN VIEWS AND TO CHANGE YOUR OPINION BASED UPON THE EVIDENCE. BUT YOU SHOULD NOT GIVE UP YOUR HONEST CONVICTIONS ABOUT THE EVIDENCE JUST BECAUSE OF THE OPINIONS OF YOUR FELLOW JURORS. NOR SHOULD YOU CHANGE YOUR MIND JUST FOR THE PURPOSE OF OBTAINING ENOUGH VOTES FOR A VERDICT.

WHEN YOU START DELIBERATING, DO NOT TALK TO THE JURY OFFICER, TO ME, OR TO ANYONE BUT EACH OTHER ABOUT THE CASE. DURING YOUR DELIBERATIONS, YOU MUST NOT COMMUNICATE WITH OR PROVIDE ANY INFORMATION TO ANYONE BY ANY MEANS ABOUT THIS CASE. YOU MAY NOT USE ANY ELECTRONIC DEVICE OR MEDIA, SUCH AS A CELL PHONE, A SMART PHONE LIKE BLACKBERRIES, DROIDS, OR IPHONES, OR A COMPUTER OF ANY KIND; THE INTERNET, ANY INTERNET SERVICE, OR ANY TEXT OR INSTANT MESSAGING SERVICE LIKE TWITTER; OR

ANY INTERNET CHAT ROOM, BLOG, WEBSITE, OR SOCIAL NETWORKING SERVICE SUCH AS FACEBOOK, MYSPACE, LINKEDIN, OR YOUTUBE, TO COMMUNICATE TO ANYONE ANY INFORMATION ABOUT THIS CASE OR TO CONDUCT ANY RESEARCH ABOUT THIS CASE UNTIL I ACCEPT YOUR VERDICT.

IF YOU HAVE ANY QUESTIONS OR MESSAGES FOR ME, YOU MUST WRITE THEM DOWN ON A PIECE OF PAPER, HAVE THE FOREPERSON SIGN THEM, AND GIVE THEM TO THE JURY OFFICER.  THE OFFICER WILL GIVE THEM TO ME, AND I WILL RESPOND AS SOON AS I CAN.  I MAY HAVE TO TALK TO THE LAWYERS ABOUT WHAT YOU HAVE ASKED, SO IT MAY TAKE SOME TIME TO GET BACK TO YOU.

ONE MORE THING ABOUT MESSAGES:  NEVER WRITE DOWN OR TELL ANYONE HOW YOU STAND ON YOUR VOTES. FOR EXAMPLE, DO NOT WRITE DOWN OR TELL ANYONE THAT A CERTAIN NUMBER IS VOTING ONE WAY OR

ANOTHER. YOUR VOTES SHOULD STAY SECRET UNTIL YOU ARE FINISHED.

YOUR VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR. IN ORDER FOR YOU AS A JURY TO RETURN A VERDICT, EACH JUROR MUST AGREE TO THE VERDICT. YOUR VERDICT MUST BE UNANIMOUS.

A VERDICT FORM HAS BEEN PREPARED FOR YOU. IT HAS A SERIES OF QUESTIONS FOR YOU TO ANSWER. YOU WILL TAKE THIS FORM TO THE JURY ROOM AND WHEN YOU HAVE REACHED UNANIMOUS AGREEMENT AS TO YOUR VERDICT, YOU WILL FILL IT IN, AND HAVE YOUR FOREPERSON DATE AND SIGN THE FORM. YOU WILL THEN RETURN TO THE COURTROOM AND YOUR FOREPERSON WILL GIVE YOUR VERDICT. UNLESS I DIRECT YOU OTHERWISE, DO NOT REVEAL YOUR ANSWERS UNTIL YOU ARE DISCHARGED. AFTER YOU HAVE REACHED A VERDICT,

YOU ARE NOT REQUIRED TO TALK WITH ANYONE ABOUT THE CASE UNLESS I ORDER YOU TO DO SO.

ONCE AGAIN, I WANT TO REMIND YOU THAT NOTHING ABOUT MY INSTRUCTIONS AND NOTHING ABOUT THE VERDICT FORM IS INTENDED TO SUGGEST OR CONVEY IN ANY WAY OR MANNER WHAT I THINK YOUR VERDICT SHOULD BE.  IT IS YOUR SOLE AND EXCLUSIVE DUTY AND RESPONSIBILITY TO DETERMINE THE VERDICT.

## II.    <u>SUBSTANTIVE LAW</u>

AS I DID AT THE START OF THE CASE, I WILL FIRST GIVE YOU A SUMMARY OF EACH SIDE'S CONTENTIONS IN THIS CASE. I WILL THEN PROVIDE YOU WITH DETAILED INSTRUCTIONS ON WHAT EACH SIDE MUST PROVE TO WIN ON EACH OF ITS CONTENTIONS.

IN THIS PHASE OF THE TRIAL, YOUR JOB IS TO DECIDE WHETHER VARIAN HAS PROVEN THAT CERTAIN CLAIMS OF

THE '554 PATENT ARE INVALID BECAUSE THEY ARE EITHER NOT ENABLED, OBVIOUS, OR ANTICIPATED.

## THE ROLE OF THE CLAIMS OF A PATENT

BEFORE YOU CAN DECIDE MANY OF THE ISSUES IN THIS CASE, YOU WILL NEED TO UNDERSTAND THE ROLE OF PATENT "CLAIMS." THE PATENT CLAIMS ARE THE NUMBERED SENTENCES AT THE END OF EACH PATENT.

THE CLAIMS ARE IMPORTANT BECAUSE IT IS THE WORDS OF THE CLAIMS THAT DEFINE WHAT A PATENT COVERS.  THE FIGURES AND TEXT IN THE REST OF THE PATENT PROVIDE A DESCRIPTION AND/OR EXAMPLES OF THE INVENTION AND PROVIDE A CONTEXT FOR THE CLAIMS, BUT IT IS THE CLAIMS THAT DEFINE THE BREADTH OF THE PATENT'S COVERAGE. EACH CLAIM IS EFFECTIVELY TREATED AS IF IT WAS A SEPARATE PATENT, AND EACH CLAIM MAY COVER MORE OR LESS THAN ANOTHER CLAIM.

THEREFORE, WHAT A PATENT COVERS DEPENDS, IN TURN, ON WHAT EACH OF ITS CLAIMS COVERS.

YOU WILL FIRST NEED TO UNDERSTAND WHAT EACH CLAIM COVERS IN ORDER TO DECIDE WHETHER OR NOT THE CLAIM IS INVALID. THE LAW SAYS THAT IT IS MY ROLE TO DEFINE THE TERMS OF THE CLAIMS AND IT IS YOUR ROLE TO APPLY MY DEFINITIONS TO THE ISSUES THAT YOU ARE ASKED TO DECIDE IN THIS CASE.

THEREFORE, AS I EXPLAINED TO YOU AT THE START OF THE CASE, I HAVE DETERMINED THE MEANING OF THE CLAIMS AND I WILL PROVIDE TO YOU MY DEFINITIONS OF CERTAIN CLAIM TERMS. YOU MUST ACCEPT MY DEFINITIONS OF THESE WORDS IN THE CLAIMS AS BEING CORRECT. IT IS YOUR JOB TO TAKE THESE DEFINITIONS AND APPLY THEM TO THE ISSUES THAT YOU ARE DECIDING.

# HOW A CLAIM DEFINES WHAT IT COVERS

I WILL NOW EXPLAIN HOW A CLAIM DEFINES WHAT IT COVERS. A CLAIM SETS FORTH, IN WORDS, A SET OF REQUIREMENTS. IF A DEVICE SATISFIES EACH OF THESE REQUIREMENTS, THEN IT IS COVERED BY THE CLAIM.

THERE CAN BE SEVERAL CLAIMS IN A PATENT. EACH CLAIM MAY BE NARROWER OR BROADER THAN ANOTHER CLAIM BY SETTING FORTH MORE OR FEWER REQUIREMENTS. THE COVERAGE OF A PATENT IS ASSESSED CLAIM-BY-CLAIM. IN PATENT LAW, THE REQUIREMENTS OF A CLAIM ARE OFTEN REFERRED TO AS "CLAIM ELEMENTS" OR "CLAIM LIMITATIONS." WHEN A THING (SUCH AS A PRODUCT) MEETS ALL OF THE REQUIREMENTS OF A CLAIM, THE CLAIM IS SAID TO "COVER" THAT THING, AND THAT THING IS SAID TO "FALL" WITHIN THE SCOPE OF THAT CLAIM. IN OTHER WORDS, A CLAIM COVERS A

PRODUCT WHERE EACH OF THE CLAIM ELEMENTS OR LIMITATIONS IS PRESENT IN THAT PRODUCT.

SOMETIMES THE WORDS IN A PATENT CLAIM ARE DIFFICULT TO UNDERSTAND, AND THEREFORE IT IS DIFFICULT TO UNDERSTAND WHAT REQUIREMENTS THESE WORDS IMPOSE. IT IS MY JOB TO EXPLAIN TO YOU THE MEANING OF THE WORDS IN THE CLAIMS AND THE REQUIREMENTS THESE WORDS IMPOSE. AS I JUST INSTRUCTED YOU, THERE ARE CERTAIN SPECIFIC TERMS THAT I HAVE DEFINED AND YOU ARE TO APPLY THE DEFINITIONS THAT I PROVIDE TO YOU.

BY UNDERSTANDING THE MEANING OF THE WORDS IN A CLAIM AND BY UNDERSTANDING THAT THE WORDS IN A CLAIM SET FORTH THE REQUIREMENTS THAT A PRODUCT OR PROCESS MUST MEET IN ORDER TO BE COVERED BY THAT CLAIM, YOU WILL BE ABLE TO UNDERSTAND THE SCOPE OF COVERAGE FOR EACH CLAIM. ONCE

YOU UNDERSTAND WHAT EACH CLAIM COVERS, THEN YOU

ARE PREPARED TO DECIDE WHETHER THE VARIOUS CLAIMS

OF THE '554 PATENT ARE INVALID.

## INDEPENDENT AND DEPENDENT CLAIMS

THIS CASE INVOLVES TWO TYPES OF PATENT CLAIMS:

INDEPENDENT CLAIMS AND DEPENDENT CLAIMS.

AN "INDEPENDENT CLAIM" SETS FORTH ALL OF THE

REQUIREMENTS THAT MUST BE MET IN ORDER TO BE

COVERED BY THAT CLAIM. THUS, IT IS NOT NECESSARY TO

LOOK AT ANY OTHER CLAIM TO DETERMINE WHAT AN

INDEPENDENT CLAIM COVERS. IN THIS CASE, CLAIM 20 OF

THE '554 PATENT IS AN INDEPENDENT CLAIM.

THE REMAINDER OF THE CLAIMS IN THE '554 PATENT THAT

VARIAN CONTENDS ARE INVALID ARE

"DEPENDENT CLAIMS." A DEPENDENT CLAIM DOES NOT

ITSELF RECITE ALL OF THE REQUIREMENTS OF THE CLAIM

BUT REFERS TO ANOTHER CLAIM FOR SOME OF ITS REQUIREMENTS. IN THIS WAY, THE CLAIM "DEPENDS" ON ANOTHER CLAIM. A DEPENDENT CLAIM INCORPORATES ALL OF THE REQUIREMENTS OF THE CLAIM(S) TO WHICH IT REFERS. THE DEPENDENT CLAIM THEN ADDS ITS OWN ADDITIONAL REQUIREMENTS. TO DETERMINE WHAT A DEPENDENT CLAIM COVERS, IT IS NECESSARY TO LOOK AT BOTH THE DEPENDENT CLAIM AND ANY OTHER CLAIM(S) TO WHICH IT REFERS. FOR EXAMPLE, CLAIM 21 OF THE '554 PATENT BEGINS BY REFERRING TO "[T]HE APPARATUS OF CLAIM 20...." THIS MEANS THAT CLAIM 21 IS A DEPENDENT CLAIM THAT INCLUDES ALL THE REQUIREMENTS OF CLAIM 20, PLUS THE ADDITIONAL REQUIREMENTS STATED IN CLAIM 21. A PRODUCT THAT MEETS ALL OF THE REQUIREMENTS OF BOTH THE DEPENDENT CLAIM AND THE CLAIM(S) TO WHICH IT REFERS IS COVERED BY THAT DEPENDENT CLAIM.

# SECTION 112, PARAGRAPH 6

IN MANY OF THE '554 PATENT CLAIMS, CERTAIN CLAIM REQUIREMENTS ARE DESCRIBED AS A "MEANS" ACCOMPLISHING CERTAIN FUNCTIONS. THESE "MEANS" PHRASES HAVE A SPECIAL MEANING IN PATENT LAW. THEY ARE CALLED "MEANS-PLUS-FUNCTION" REQUIREMENTS. SUCH A REQUIREMENT DOES NOT COVER ALL OF THE STRUCTURES THAT COULD PERFORM THE FUNCTION SET FORTH IN THE CLAIM. INSTEAD, IT COVERS A STRUCTURE OR A SET OF STRUCTURES THAT PERFORM THAT FUNCTION AND THAT IS EITHER IDENTICAL OR "EQUIVALENT" TO THE STRUCTURE OR SET OF STRUCTURES DESCRIBED IN THE '554 PATENT FOR PERFORMING THAT FUNCTION. THE ISSUE OF WHETHER TWO STRUCTURES ARE IDENTICAL OR EQUIVALENT IS FOR YOU TO DECIDE. I WILL IDENTIFY THE STRUCTURES DESCRIBED IN THE '554 PATENT FOR PERFORMING THE RELEVANT FUNCTIONS. YOU SHOULD

APPLY MY DEFINITION OF THE FUNCTION AND MY DEFINITION OF THE STRUCTURE DESCRIBED IN THE '554 PATENT FOR PERFORMING THE FUNCTION AS YOU WOULD APPLY MY DEFINITION OF ANY OTHER CLAIM TERM.

## CLAIM INTERPRETATION

I WILL NOW EXPLAIN TO YOU THE MEANING OF SOME OF THE WORDS OF THE CLAIMS IN THIS CASE. AS I HAVE PREVIOUSLY INSTRUCTED YOU, YOU MUST ACCEPT MY DEFINITION OF THESE WORDS IN THE CLAIMS AS CORRECT, WHICH ARE PROVIDED TO YOU IN COURT EXHIBIT __. FOR ANY WORDS IN THE CLAIMS FOR WHICH I HAVE NOT PROVIDED YOU WITH A DEFINITION, YOU SHOULD APPLY THEIR COMMON MEANING. YOU SHOULD NOT TAKE MY DEFINITION OF THE LANGUAGE OF THE CLAIMS AS AN INDICATION THAT I HAVE A VIEW REGARDING HOW YOU SHOULD DECIDE WHETHER THE VARIOUS CLAIMS OF THE

'554 PATENT ARE INVALID. THAT ISSUE IS YOURS TO
DECIDE.

## INVALIDITY—BURDEN OF PROOF

I WILL NOW INSTRUCT YOU ON THE RULES YOU MUST
FOLLOW IN DECIDING WHETHER OR NOT VARIAN HAS
PROVEN THAT CLAIMS 20, 21, 22, 23, 24, 25, 26, 28, 29, 30, 31, 32,
36, 37, AND 38 OF THE '554 PATENT ARE INVALID. TO PROVE
THAT ANY CLAIM OF A PATENT IS INVALID, VARIAN MUST
PERSUADE YOU BY CLEAR AND CONVINCING EVIDENCE. IN
OTHER WORDS, YOU MUST BE LEFT WITH A CLEAR
CONVICTION THAT THE CLAIM IS INVALID.  THIS STANDARD
IS DIFFERENT THAN WHAT YOU MAY HAVE HEARD ABOUT
IN CRIMINAL PROCEEDINGS WHERE A FACT MUST BE
PROVEN BEYOND A REASONABLE DOUBT.  THE "CLEAR AND
CONVINCING" STANDARD OF PROOF IS LOWER THAN THE
"REASONABLE DOUBT" STANDARD USED IN CRIMINAL
PROCEEDINGS.

YOU WILL RECALL THAT THIS IS THE SAME STANDARD OF PROOF THAT YOU USED IN THE FIRST PART OF THE TRIAL OF THIS MATTER, WHEN YOU WERE ASKED TO DETERMINE THE ISSUE OF WILLFULNESS. THIS IS A DIFFERENT STANDARD OF PROOF THAN YOU USED, HOWEVER, IN THE SECOND PART OF THE TRIAL OF THIS MATTER WHEN YOU WERE ASKED TO DETERMINE DAMAGES.

## ENABLEMENT

THE PATENT LAW CONTAINS CERTAIN REQUIREMENTS FOR THE PART OF THE PATENT CALLED THE SPECIFICATION. VARIAN CONTENDS THAT CLAIMS 20, 21, 22, 23, 24, 25, 26, 28, 29, 30, 31, 32, 36, 37, AND 38 OF THE '554 PATENT ARE INVALID BECAUSE THE SPECIFICATION DOES NOT CONTAIN A SUFFICIENTLY FULL AND CLEAR DESCRIPTION OF HOW TO MAKE AND USE THE FULL SCOPE OF THE CLAIMED INVENTION. TO SUCCEED, VARIAN MUST SHOW BY CLEAR AND CONVINCING EVIDENCE THAT THE '554 PATENT DOES

NOT CONTAIN A SUFFICIENTLY FULL AND CLEAR DESCRIPTION OF THE CLAIMED INVENTION. TO BE SUFFICIENTLY FULL AND CLEAR, THE DESCRIPTION MUST CONTAIN ENOUGH INFORMATION TO HAVE ALLOWED A PERSON HAVING ORDINARY SKILL IN THE FIELD OF TECHNOLOGY OF THE PATENT TO MAKE AND USE THE FULL SCOPE OF THE CLAIMED INVENTION AT THE TIME THE PATENT APPLICATION WAS FILED ON SEPTEMBER 19, 1996. THIS IS KNOWN AS THE "ENABLEMENT" REQUIREMENT. IF A PATENT CLAIM IS NOT ENABLED, IT IS INVALID.

IN ORDER TO BE ENABLING, THE PATENT MUST PERMIT PERSONS HAVING ORDINARY SKILL IN THE FIELD OF TECHNOLOGY OF THE PATENT TO MAKE AND USE THE FULL SCOPE OF THE CLAIMED INVENTION AT THE TIME OF FILING WITHOUT HAVING TO CONDUCT UNDUE EXPERIMENTATION. HOWEVER, SOME AMOUNT OF EXPERIMENTATION TO MAKE AND USE THE INVENTION IS ALLOWABLE. IN DECIDING

WHETHER A PERSON HAVING ORDINARY SKILL WOULD HAVE TO EXPERIMENT UNDULY IN ORDER TO MAKE AND USE THE INVENTION, YOU MAY CONSIDER SEVERAL FACTORS:

(1) THE TIME AND COST OF ANY NECESSARY EXPERIMENTATION;

(2) HOW ROUTINE ANY NECESSARY EXPERIMENTATION IS IN THE FIELD OF TECHNOLOGY OF THE PATENT;

(3) WHETHER THE PATENT DISCLOSES SPECIFIC WORKING EXAMPLES OF THE CLAIMED INVENTION;

(4) THE AMOUNT OF GUIDANCE PRESENTED IN THE PATENT;

(5) THE NATURE AND PREDICTABILITY OF THE FIELD OF TECHNOLOGY OF THE PATENT;

(6) THE LEVEL OF ORDINARY SKILL IN THE FIELD OF TECHNOLOGY OF THE PATENT; AND

(7) THE SCOPE OF THE CLAIMED INVENTION.

NO ONE OR MORE OF THESE FACTORS IS ALONE DISPOSITIVE. RATHER, YOUR DECISION ON WHETHER OR NOT THE DEGREE OF EXPERIMENTATION REQUIRED IS UNDUE MUST BE BASED UPON ALL OF THE EVIDENCE PRESENTED TO YOU. YOU SHOULD WEIGH THESE FACTORS AND DETERMINE WHETHER OR NOT, IN THE CONTEXT OF THIS INVENTION AND THE STATE OF THE ART AT THE TIME OF THE APPLICATION, A PERSON HAVING ORDINARY SKILL WOULD NEED TO EXPERIMENT UNDULY TO MAKE AND USE THE FULL SCOPE OF THE CLAIMED INVENTION.

PRIOR ART MAY INCLUDE ITEMS THAT WERE PUBLICLY KNOWN OR THAT HAVE BEEN USED OR OFFERED FOR SALE, PUBLICATIONS, OR PATENTS THAT DISCLOSE THE CLAIMED INVENTION OR ELEMENTS OF THE CLAIMED INVENTION. TO BE PRIOR ART, THE ITEM OR REFERENCE MUST HAVE BEEN MADE, KNOWN, USED, PUBLISHED, OR PATENTED EITHER BEFORE THE INVENTION WAS MADE OR MORE THAN ONE

YEAR BEFORE THE FILING DATE OF THE PATENT APPLICATION. HOWEVER, PRIOR ART DOES NOT INCLUDE A PUBLICATION THAT DESCRIBES THE INVENTOR'S OWN WORK AND WAS PUBLISHED LESS THAN ONE YEAR BEFORE THE DATE OF THE INVENTION.

## ANTICIPATION

IN ORDER FOR SOMEONE TO BE ENTITLED TO A PATENT, THE INVENTION MUST ACTUALLY BE "NEW" AND THE INVENTOR MUST NOT HAVE LOST HER OR HIS RIGHTS BY DELAYING THE FILING OF AN APPLICATION CLAIMING THE INVENTION. IN GENERAL, INVENTIONS ARE NEW WHEN THE IDENTICAL PRODUCT HAS NOT BEEN MADE, USED, OR DISCLOSED BEFORE. ANTICIPATION MUST BE DETERMINED ON A CLAIM-BY-CLAIM BASIS.

VARIAN CONTENDS THAT CLAIMS 20, 21, 22, 25, 26, 28, 30, 31, AND 38 OF THE '554 PATENT ARE INVALID BECAUSE THE CLAIMED INVENTION IS ANTICIPATED OR BECAUSE PITT

LOST THE RIGHT TO OBTAIN A PATENT. VARIAN MUST
CONVINCE YOU OF THIS BY CLEAR AND CONVINCING
EVIDENCE, *I.E.*, THAT THE EVIDENCE HIGHLY PROBABLY
DEMONSTRATES THAT THE CLAIMS ARE INVALID.

FOR THE CLAIM TO BE INVALID BECAUSE IT IS NOT NEW,
VARIAN MUST SHOW THAT ALL OF THE REQUIREMENTS OF
THAT CLAIM WERE PRESENT IN A SINGLE PREVIOUS DEVICE
THAT WAS KNOWN OF, USED OR DESCRIBED IN A SINGLE
PREVIOUS PRINTED PUBLICATION OR PATENT. WE CALL
THESE THINGS "ANTICIPATING PRIOR ART." TO ANTICIPATE
THE INVENTION, THE PRIOR ART DOES NOT HAVE TO USE
THE SAME WORDS AS THE CLAIM, BUT ALL OF THE
REQUIREMENTS OF THE CLAIM MUST HAVE BEEN
DISCLOSED, EITHER STATED EXPRESSLY OR IMPLIED TO A
PERSON HAVING ORDINARY SKILL IN THE ART IN THE
TECHNOLOGY OF THE INVENTION, SO THAT

LOOKING AT THAT ONE REFERENCE, THAT PERSON COULD MAKE AND USE THE CLAIMED INVENTION.

THE DATE OF INVENTION IS EITHER WHEN THE INVENTION WAS REDUCED TO PRACTICE OR WHEN CONCEIVED, PROVIDED THE INVENTOR(S) WERE DILIGENT IN REDUCING THE INVENTION TO PRACTICE. DILIGENCE MEANS WORKING CONTINUOUSLY, THOUGH NOT NECESSARILY EVERY DAY. CONCEPTION IS THE MENTAL PART OF AN INVENTIVE ACT, *I.E.*, THE FORMATION IN THE MIND OF THE INVENTOR OF A DEFINITE AND PERMANENT IDEA OF THE COMPLETE AND OPERATIVE INVENTION AS IT IS THEREAFTER TO BE APPLIED IN PRACTICE, EVEN IF THE INVENTOR DID NOT KNOW AT THE TIME THAT THE INVENTION WOULD WORK. CONCEPTION OF AN INVENTION IS COMPLETE WHEN THE IDEA IS SO CLEARLY DEFINED IN THE INVENTOR'S MIND THAT, IF THE IDEA WERE COMMUNICATED TO A PERSON HAVING ORDINARY SKILL IN

THE FIELD OF THE TECHNOLOGY, HE OR SHE WOULD BE ABLE TO REDUCE THE INVENTION TO PRACTICE WITHOUT UNDUE RESEARCH OR EXPERIMENTATION. THIS REQUIREMENT DOES NOT MEAN THAT THE INVENTOR HAS TO HAVE A PROTOTYPE BUILT, OR HAVE ACTUALLY EXPLAINED HIS OR HER INVENTION TO ANOTHER PERSON. BUT, THERE MUST BE SOME EVIDENCE BEYOND THE INVENTOR'S OWN TESTIMONY THAT CONFIRMS THE DATE ON WHICH THE INVENTOR HAD THE COMPLETE IDEA. CONCEPTION MAY BE PROVEN WHEN THE INVENTION IS SHOWN IN ITS COMPLETE FORM BY DRAWINGS, DISCLOSURE TO ANOTHER PERSON, OR OTHER FORMS OF EVIDENCE PRESENTED AT TRIAL.

A CLAIMED INVENTION IS "REDUCED TO PRACTICE" WHEN IT HAS BEEN CONSTRUCTED/USED/TESTED SUFFICIENTLY TO SHOW THAT IT WILL WORK FOR ITS INTENDED PURPOSE OR WHEN THE INVENTOR FILES A

PATENT APPLICATION. AN INVENTION MAY ALSO BE REDUCED TO PRACTICE EVEN IF THE INVENTOR HAS NOT MADE OR TESTED A PROTOTYPE OF THE INVENTION IF IT HAS BEEN FULLY DESCRIBED IN A FILED PATENT APPLICATION.

HERE IS A LIST OF WAYS THAT VARIAN CAN SHOW THAT A PATENT CLAIM WAS NOT NEW OR THAT THE PATENTEE LOST THE RIGHT TO PATENT THE ASSERTED CLAIMS:

(1) AN INVENTION IS NOT NEW IF IT WAS KNOWN TO OR USED BY OTHERS IN THE UNITED STATES BEFORE THE DATE OF INVENTION. AN INVENTION IS KNOWN WHEN THE INFORMATION ABOUT IT WAS REASONABLY ACCESSIBLE TO THE PUBLIC ON THAT DATE.

(2) AN INVENTION IS NOT NEW IF IT WAS ALREADY PATENTED OR DESCRIBED IN A PRINTED PUBLICATION,

ANYWHERE IN THE WORLD BEFORE THE DATE OF
INVENTION.

(3) AN INVENTION IS NOT NEW IF THE CLAIMED
INVENTION WAS DESCRIBED IN A PATENT GRANTED ON AN
APPLICATION FOR PATENT BY ANOTHER FILED IN THE
UNITED STATES AND THE APPLICATION WAS FILED BEFORE
SEPTEMBER 19, 1996.

(4) AN INVENTION IS NOT NEW IF THE INVENTION WAS
MADE BY SOMEONE ELSE IN THE UNITED STATES BEFORE
THE DATE OF INVENTION AND THE OTHER PERSON DID NOT
ABANDON, SUPPRESS, OR CONCEAL THE INVENTION.

## OBVIOUSNESS

EVEN THOUGH AN INVENTION MAY NOT HAVE BEEN
IDENTICALLY DISCLOSED IN OR DESCRIBED BEFORE IT WAS
MADE BY AN INVENTOR, IN ORDER TO BE PATENTABLE, THE
INVENTION MUST ALSO NOT HAVE BEEN OBVIOUS TO A

PERSON OF ORDINARY SKILL IN THE FIELD OF TECHNOLOGY OF THE PATENT AT THE TIME THE INVENTION WAS MADE.

VARIAN CONTENDS THAT CLAIMS 20, 21, 22, 23, 24, 25, 26, 28, 29, 30, 31, 32, 36, 37, AND 38 OF THE '554 PATENT ARE INVALID BECAUSE THE CLAIMED INVENTION WOULD HAVE BEEN OBVIOUS TO PERSONS HAVING ORDINARY SKILL IN THE ART AT THE TIME THE INVENTION WAS MADE.

IN DETERMINING WHETHER A CLAIMED INVENTION IS OBVIOUS, YOU MUST CONSIDER THE LEVEL OF ORDINARY SKILL IN THE FIELD OF TECHNOLOGY OF THE '554 PATENT THAT SOMEONE WOULD HAVE HAD AT THE TIME THE CLAIMED INVENTION WAS MADE, THE SCOPE AND CONTENT OF THE PRIOR ART, AND ANY DIFFERENCES BETWEEN THE PRIOR ART AND THE CLAIMED INVENTION.

KEEP IN MIND THAT THE EXISTENCE OF EACH AND EVERY ELEMENT OF THE CLAIMED INVENTION IN THE PRIOR ART DOES NOT NECESSARILY PROVE OBVIOUSNESS. MOST,

IF NOT ALL, INVENTIONS RELY ON BUILDING BLOCKS OF PRIOR ART. IN ASSESSING WHETHER A CLAIMED INVENTION IS OBVIOUS, YOU MAY BUT ARE NOT REQUIRED TO FIND OBVIOUSNESS IF YOU FIND THAT AT THE TIME OF THE CLAIMED INVENTION THE PATENT, THERE WAS A REASON THAT WOULD HAVE PROMPTED A PERSON HAVING ORDINARY SKILL IN THE FIELD OF TECHNOLOGY OF THE '554 PATENT TO COMBINE THE KNOWN ELEMENTS IN A WAY THE CLAIMED INVENTION DOES, TAKING INTO ACCOUNT SUCH FACTORS AS:

(1) WHETHER THE CLAIMED INVENTION WAS MERELY THE PREDICTABLE RESULT OF USING PRIOR ART ELEMENTS ACCORDING TO THEIR KNOWN FUNCTION(S);

(2) WHETHER THE CLAIMED INVENTION PROVIDES AN OBVIOUS SOLUTION TO A KNOWN PROBLEM IN THE RELEVANT FIELD;

(3) WHETHER THE PRIOR ART TEACHES OR SUGGESTS THE DESIRABILITY OF COMBINING ELEMENTS CLAIMED IN THE INVENTION;

(4) WHETHER THE PRIOR ART TEACHES AWAY FROM COMBINING ELEMENTS IN THE CLAIMED INVENTION;

(5) WHETHER IT WOULD HAVE BEEN OBVIOUS TO TRY THE COMBINATIONS OF ELEMENTS, SUCH AS WHEN THERE IS A DESIGN NEED OR MARKET PRESSURE TO SOLVE A PROBLEM AND THERE ARE A FINITE NUMBER OF IDENTIFIED, PREDICTABLE SOLUTIONS; AND

(6) WHETHER THE CHANGE RESULTED MORE FROM DESIGN INCENTIVES OR OTHER MARKET FORCES.

TO FIND IT RENDERED THE INVENTION OBVIOUS, YOU MUST FIND THAT THE PRIOR ART PROVIDED A REASONABLE EXPECTATION OF SUCCESS. OBVIOUS TO TRY IS NOT SUFFICIENT IN UNPREDICTABLE TECHNOLOGIES.

IN DETERMINING WHETHER THE CLAIMS OF THE '554 PATENT ARE OBVIOUS, CONSIDER EACH CLAIM SEPARATELY. DO NOT USE HINDSIGHT, *I.E.*, CONSIDER ONLY WHAT WAS KNOWN AT THE TIME OF THE INVENTION.

IN MAKING THESE ASSESSMENTS, YOU SHOULD TAKE INTO ACCOUNT ANY OBJECTIVE EVIDENCE (SOMETIMES CALLED "SECONDARY CONSIDERATIONS") THAT MAY HAVE EXISTED AT THE TIME OF THE INVENTION AND AFTERWARDS THAT MAY SHED LIGHT ON THE OBVIOUSNESS OR NOT OF THE CLAIMED INVENTION, SUCH AS:

A. WHETHER THE INVENTION WAS COMMERCIALLY SUCCESSFUL AS A RESULT OF THE MERITS OF THE CLAIMED INVENTION (RATHER THAN THE RESULT OF DESIGN NEEDS OR MARKET-PRESSURE ADVERTISING OR SIMILAR ACTIVITIES);

B. WHETHER THE INVENTION SATISFIED A LONG-FELT NEED;

C. WHETHER OTHERS HAD TRIED AND FAILED TO MAKE THE INVENTION;

D. WHETHER OTHERS INVENTED THE INVENTION AT ROUGHLY THE SAME TIME;

E. WHETHER OTHERS COPIED THE INVENTION;

F. WHETHER THERE WERE CHANGES OR RELATED TECHNOLOGIES OR MARKET NEEDS CONTEMPORANEOUS WITH THE INVENTION;

G. WHETHER THE INVENTION ACHIEVED UNEXPECTED RESULTS;

H. WHETHER OTHERS IN THE FIELD PRAISED THE INVENTION;

I. WHETHER PERSONS HAVING ORDINARY SKILL IN THE ART OF THE INVENTION EXPRESSED SURPRISE OR DISBELIEF REGARDING THE INVENTION;

J. WHETHER OTHERS SOUGHT OR OBTAINED RIGHTS TO THE PATENT FROM THE PATENT HOLDER; AND

K. WHETHER THE INVENTOR PROCEEDED CONTRARY TO ACCEPTED WISDOM IN THE FIELD.

**PATENT OFFICE'S EVALUATION OF EVIDENCE**

WHEN A PARTY ATTACKING THE VALIDITY OF A PATENT RELIES ON PRIOR ART THAT WAS SPECIFICALLY CONSIDERED BY THE EXAMINER DURING THE PROSECUTION OF THE APPLICATION LEADING TO THE ISSUANCE OF THE PATENT, OR DURING A REEXAMINATION PROCEEDING, THAT PARTY BEARS THE BURDEN OF OVERCOMING THE DEFERENCE DUE A QUALIFIED GOVERNMENT AGENCY OFFICIAL PRESUMED TO HAVE PERFORMED HIS OR HER JOB.

HOWEVER, YOU MAY GIVE ADDITIONAL WEIGHT TO ANY EVIDENCE OF INVALIDITY PRESENTED BY VARIAN THAT DIFFERS FROM THE EVIDENCE EVALUATED BY THE EXAMINER DURING THE PROSECUTION OF THE

APPLICATION LEADING TO THE ISSUANCE OF THE PATENT, OR DURING A REEXAMINATION PROCEEDING.

## III. __PROCESS OF JURY DELIBERATION__

YOUR VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR. IN ORDER TO RETURN A VERDICT, IT IS NECESSARY THAT EACH JUROR AGREE. IN OTHER WORDS, YOUR VERDICT MUST BE UNANIMOUS.

IT IS YOUR DUTY AS JURORS TO CONSULT WITH ONE ANOTHER AND TO DELIBERATE WITH A VIEW TO REACHING AN AGREEMENT, IF YOU CAN DO SO, WITHOUT VIOLATION TO INDIVIDUAL JUDGMENT. EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER AN IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE IN THE CASE WITH YOUR FELLOW JURORS. IN THE COURSE OF YOUR DELIBERATIONS, DO NOT HESITATE TO RE-EXAMINE YOUR OWN VIEWS, AND CHANGE YOUR OPINION, IF CONVINCED IT IS ERRONEOUS. BUT DO NOT SURRENDER YOUR HONEST

CONVICTION AS TO THE WEIGHT OR EFFECT OF THE EVIDENCE, SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW JURORS, OR FOR THE MERE PURPOSE OF RETURNING A VERDICT.

REMEMBER AT ALL TIMES YOU ARE NOT PARTISANS. YOU ARE JUDGES -- JUDGES OF THE FACTS.  YOUR SOLE INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

UPON RETIRING TO THE JURY ROOM YOU SHOULD FIRST SELECT ONE OF YOUR NUMBER TO ACT AS YOUR FOREPERSON WHO WILL PRESIDE OVER YOUR DELIBERATIONS AND WILL BE YOUR SPOKESPERSON HERE IN COURT.  YOU CAN MAKE THIS SELECTION AND CONDUCT YOUR DELIBERATIONS IN WHATEVER MANNER YOU THINK BEST, BUT I OFFER SOME SUGGESTIONS THAT OTHER JURIES HAVE FOUND HELPFUL TO ALLOW FULL PARTICIPATION BY ALL JURORS AND TO ARRIVE AT A VERDICT THAT SATISFIES

EVERYONE.

THE FOREPERSON SHOULD ENCOURAGE OPEN
COMMUNICATION, COOPERATION AND PARTICIPATION BY
ALL JURORS, AND BE WILLING AND ABLE TO FACILITATE
DISCUSSIONS WHEN DISAGREEMENTS AND DISPUTES ARISE.
THE FOREPERSON SHOULD LET EACH OF YOU SPEAK AND
BE HEARD BEFORE EXPRESSING HER OR HIS VIEWS.
THE FOREPERSON SHOULD NEVER ATTEMPT TO PROMOTE
OR PERMIT ANYONE ELSE TO PROMOTE HIS OR HER
PERSONAL OPINIONS BY COERCION OR BULLYING.

THE FOREPERSON SHOULD MAKE SURE THAT
DELIBERATIONS ARE NOT RUSHED.

SOME PEOPLE ARE BETTER AT FACILITATING THAN
OTHERS, AND IF IT BECOMES CLEAR THAT SOMEONE ELSE
WOULD BE A MORE EFFECTIVE FOREPERSON, YOU MIGHT
WANT TO CONSIDER SELECTING A DIFFERENT PERSON,
WITH NO HARD FEELINGS.

YOU ALSO MAY THINK IT WISE TO SELECT A SECRETARY TO RECORD VOTES, WHICH SHOULD PROBABLY BE CAST BY SECRET BALLOT, AND TO KEEP TRACK OF WHETHER EVERYONE HAS SPOKEN.

SOME JURIES THINK IT WILL BE USEFUL TO TAKE A PRELIMINARY VOTE BEFORE DISCUSSIONS ARE STARTED, BUT THAT HAS NOT BEEN THE EXPERIENCE AROUND HERE. SUCH AN EARLY VOTE OFTEN PROVES COUNTER-PRODUCTIVE FOR SEVERAL REASONS, INCLUDING THAT IT TENDS TO "LOCK-IN" A PARTICULAR POINT OF VIEW BEFORE ALTERNATIVE POINTS OF VIEW ARE COVERED.

YOU SHOULD LISTEN CAREFULLY AND ATTENTIVELY TO EACH OTHER, AND HEAR WHAT EACH OTHER PERSON IS SAYING BEFORE RESPONDING. DON'T INTERRUPT AND DON'T MONOPOLIZE THE DISCUSSION. SPEAK ONE AT A TIME. BE PATIENT AND RESPECTFUL OF OTHER OPINIONS, AND DON'T TAKE IT PERSONALLY IF SOMEONE DISAGREES

WITH YOU.  A VERDICT FORM HAS BEEN PREPARED FOR

YOU, AND YOU HAVE REVIEWED A COPY.  YOU WILL TAKE

THE ORIGINAL VERDICT FORM TO THE JURY ROOM AND

WHEN YOU HAVE REACHED A UNANIMOUS AGREEMENT AS

TO YOUR VERDICT, YOU WILL EACH SIGN IT, HAVE YOUR

FOREPERSON DATE IT, AND THEN SIGNAL THE BAILIFF THAT

YOU ARE PREPARED TO RETURN TO THE COURTROOM.

YOU WILL ALSO BE PROVIDED WITH COPIES OF THESE

INSTRUCTIONS FOR YOUR USE DURING DELIBERATIONS.

IF, DURING YOUR DELIBERATIONS, YOU SHOULD DESIRE TO

COMMUNICATE WITH THE COURT, PLEASE REDUCE YOUR

MESSAGE OR QUESTION TO WRITING SIGNED BY THE

FOREPERSON, AND PASS THE NOTE TO THE BAILIFF WHO

WILL BRING IT TO MY ATTENTION.  AFTER CONSULTING

WITH THE LAWYERS, I WILL THEN RESPOND AS PROMPTLY

AS POSSIBLE, EITHER IN WRITING OR BY HAVING YOU

RETURNED TO THE COURTROOM SO THAT I CAN ADDRESS

YOU ORALLY.  I CAUTION YOU, HOWEVER, WITH REGARD TO ANY MESSAGE OR QUESTION YOU MIGHT SEND, THAT YOU SHOULD NEVER STATE OR SPECIFY YOUR NUMERICAL DIVISION AT THE TIME.

IT IS PROPER TO ADD THE CAUTION THAT NOTHING SAID IN THESE INSTRUCTIONS AND NOTHING IN ANY FORM OF VERDICT PREPARED FOR YOUR CONVENIENCE IS MEANT TO SUGGEST OR HINT IN ANY WAY WHAT VERDICT I THINK YOU SHOULD FIND.  WHAT THE VERDICT SHALL BE IS YOUR SOLE AND EXCLUSIVE DUTY AND RESPONSIBILITY.

YOU WILL NOTE FROM THE OATH ABOUT TO BE TAKEN BY THE BAILIFFS THAT THEY TOO, AS WELL AS ALL OTHER PERSONS, ARE FORBIDDEN TO COMMUNICATE IN ANY WAY OR MANNER WITH ANY MEMBER OF THE JURY ON ANY SUBJECT TOUCHING THE MERITS OF THE CASE.

ASK COUNSEL IF THERE ARE ANY OBJECTIONS TO THE FINAL JURY INSTRUCTIONS THAT HAVE NOT ALREADY

BEEN PLACED ON THE RECORD.

[SWEAR BAILIFFS AND SEND JURY OUT]