IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNIVERSITY OF PITTSBURGH OF THE
COMMONWEALTH SYSTEM OF HIGHER
EDUCATION d/b/a UNIVERSITY OF
PITTSBURGH,

08cv1307

**ELECTRONICALLY FILED**

Plaintiff,

v.

VARIAN MEDICAL SYSTEMS, INC.,

Defendant.

**Memorandum Opinion Denying Motion for Declaration of Mistrial (Doc. No. 808)**

**I. Introduction**

This patent infringement case was trifurcated, and the final portion of the trial ("invalidity trial") concluded on April 18, 2012.[1] Two business days prior to the commencement of the invalidity trial, Defendant, Varian Medical Systems, Inc. ("Varian"), filed a Motion for a Declaration of Mistrial (Doc. No. 808). Plaintiff, University of Pittsburgh of the Commonwealth System of Higher Education ("Pitt"), filed its Response the following day (Doc. No. 822), and Varian filed its Reply the Saturday before the invalidity trial was set to begin (Doc. No. 836-1).[2] On April 16, 2012, prior to the beginning of the invalidity trial, the Court entered an Order denying Defendant's Motion for a Mistrial (Doc. No. 808). Doc. No. 840. This Memorandum Opinion details the Court's reasoning for its decision to deny Varian's Motion for Declaration of Mistrial.

---

[1] A detailed explanation for trifurcating the trial can be found in Doc. No. 600, Memorandum Opinion on Pretrial Motions in Limine.

[2] After the Motion to File a Reply was granted the morning the invalidity trial began, the Reply Brief was filed at Doc. No. 842.

## II. Factual Background

During the first portion of the trial ("willfulness trial"), Pitt's Expert, Dr. R. Alfredo Siochi, testified, in response to a question on cross-examination by Varian's able trial counsel, about an experiment related to a prior art reference that was conducted at the University of Maryland, after the close of discovery and filing of expert reports. See generally Doc. No. 570. After the conclusion of the willfulness trial, Varian sought to depose Dr. Siochi about this experiment. Doc. No. 809-4. The parties eventually negotiated an agreement whereupon Varian would depose Dr. Siochi, and, in exchange, Varian would not seek further discovery. See Doc. No. 798-2. On April 5, 2012, eleven days prior to the start of the invalidity trial (the third portion of the trial), Dr. Siochi was deposed via videoconference. Doc. No. 809-9. At that deposition, Dr. Siochi stated that he was present for the experiment that occurred at the University of Maryland, but did not physically conduct the experiment. Id. at 18. Dr. Siochi stated that he was able to see the screen upon which the video image was being projected. Id. at 50.

In accordance with an Order of Court, the parties filed a Joint Status Report the Tuesday prior to the start of the invalidity trial, April 10, 2012. Doc. No. 794. Pitt filed a Response to Varian's statement contained within the Joint Status Report. Doc. No. 798. In addition to the Motion for Declaration of Mistrial, Pitt subsequently filed a Motion In Limine (Doc. No. 810), Varian filed a Motion to Compel (Doc. No. 833), and both parties' filed Proposed Orders on the implications of Dr. Siochi's deposition (Doc. Nos. 799 and 805). The Court disposed of those issues prior to the beginning of trial (by denying the Motion for Declaration of Mistrial, granting the Motion in Limine, and denying the Motion to Compel). Doc. Nos. 819, 820, and 841.

**III. Legal Standard**

Although not explicitly stated in the Federal Rules of Civil Procedure, the Court has the inherent power to declare a mistrial prior to the conclusion of the presentation of evidence. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980). The Court has the power to grant a mistrial when false testimony by a witness materially prejudices the opposing party. *See, e.g., Radecki v. GlaxoSmithKline*, 646 F. Supp. 2d 310 (D. Conn. 2009). The Court can also grant a mistrial because "the late production [of an expert report] prejudice[s] the Defendant's case as to the preparation of its expert witnesses, the cross-examination of the Plaintiff[']s] witnesses, as well as the fact that the expert report may have a significant impact upon the entire posture and strategy of Defendant's case." *Capricorn Power Co., Inc. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 430 (W.D. Pa. 2004) (internal quotation marks omitted) (citations omitted); Fed.R.Civ.P 37.

**IV. Discussion**

**A. Varian Has Waived Its Right to A Mistrial on This Issue**

Varian waited until two business days before the start of the invalidity trial to file the instant Motion, even though the testimony upon which the Motion is based was given forty-eight days prior, on January 24, 2012. Varian's basis for demanding Dr. Siochi's deposition on April 5, 2012, was that his answer to a question - - asked by Varian's own trial counsel - - included reasons for his expert opinions that allegedly were not disclosed in his expert reports.

Under Federal Rule of Evidence 103(a)(1)(A), Varian was required to object to, and move to strike, Dr. Siochi's testimony in a timely fashion. "The appropriate time to raise an objection is as soon as the party knows or reasonably should know of the grounds for objection." *Gov't of Virgin Islands v. Archibald*, 987 F.2d 180, 184 (3d Cir. 1993). Varian belatedly argues

that Dr. Siochi's answer exceeded the scope of his expert report, which was filed in mid-2011. There is no reason that Varian could not have objected at the time that Dr. Siochi gave that testimony, on January 24, 2012. Additionally, this Court's Practices and Procedures (at ¶E, p.1) require immediate objection to objectionable conduct so that the Court may "in real time" take corrective action, if necessary. Thus, Varian has waived its right to object on any matter arising from the answer that Dr. Siochi gave on cross-examination about the experiment at the University of Maryland. *See id*.

### B. Dr. Siochi's Testimony Was Not Materially False

Further, the Court finds that Dr. Siochi's testimony was not materially false. Varian contends that because Dr. Siochi used the word "I" during his testimony, on cross-examination, at the willfulness trial, that he committed perjury, and this perjured testimony materially prejudiced Varian – in both the willfulness and invalidity portions of the trial. However, when taken as a whole, Dr. Siochi's testimony was not materially false, or arguably even inaccurate.

One of the statements that Varian relies upon for the argument that Dr. Siochi's testimony was materially false is "I have done an experiment, yes." Doc. No. 570, 131. Varian claims that in order for Dr. Siochi to have "done" the experiment, he must have been the one conducting the experiment, not just observing it. This is not the case. During the remainder of his testimony during the willfulness trial, Dr. Siochi clearly stated that other individuals were involved in the experiment at the University of Maryland and that he did not acquire the materials for the experiment. Id. at 132.

Two lines after saying "I have done an experiment, yes," Dr. Siochi said, "We did [have 632 filter.]" Id. He continued using the word "we" throughout that line of questioning. See id., 133. Necessarily, Dr. Siochi was not the one that set up the experiment and he was not alone in

4

conducting the experiment. Furthermore, the crux of the experiment was what could be seen through the filter on the video screen. On this point, Dr. Siochi did personally conduct the experiment. He looked at the video screen to see what was being projected. See id., 132. Thus, it is evident that Dr. Siochi's testimony was not materially false. Accordingly, Varian is not entitled to a mistrial because of his testimony during the willfulness portion of the trial.

**C. Pitt Did Not Conceal Evidence From Varian**

Next, Varian argues that Pitt, through its counsel, concealed evidence from Varian. First, as discussed above, Pitt did not have an obligation to correct Dr. Siochi's testimony from the willfulness trial since it was not materially false or even arguably inaccurate. Varian's argument, that Pitt had a duty to prevent its witness from fully answering a question asked by Varian's counsel, is without merit.

Federal Rule of Civil Procedure 26 also did not require Pitt to file a supplemental expert report after the University of Maryland experiment occurred nor was it required to notify Varian that the experiment was occurring. Taking Varian's argument to its logical conclusion, any time an expert learned something new on the subject matter of an expert report, he or she would be required to submit a supplemental expert report. Experts who testify in the federal courts are constantly learning the subject matter about which they testify, and the imposition of a requirement to continually file such reports would certainly be inefficient for the parties and the Court. See Fed.R.Civ.P. 1.

In the case at bar, Dr. Siochi's opinion was not based upon the University of Maryland experiment and he did not mention the experiment on direct examination. The experiment merely confirmed what Dr. Siochi already believed about the filter that was at issue. There is no requirement in Rule 26 for such a confirming experiment to be disclosed to the opposing party or

5

for a supplemental expert report to be filed. Accordingly, Pitt did not conceal any evidence from Varian, and therefore, the Court will not exercise its discretion to grant Varian a mistrial on this issue.

**V. Conclusion**

In sum, Varian has waived its right to seek a mistrial on this issue; Dr. Siochi's testimony was not materially false or arguably even inaccurate, and Pitt did not conceal evidence from Varian during discovery. Accordingly, for these reasons, this Court has **DENIED** Varian's Motion for Declaration of Mistrial (Doc. No. 808). Doc. No. 840.


                                                     s/ Arthur J. Schwab
                                                     Arthur J. Schwab
                                                     United States District Judge

cc:     All Registered ECF Counsel and Parties