IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNIVERSITY OF PITTSBURGH OF THE
COMMONWEALTH SYSTEM OF HIGHER
EDUCATION d/b/a UNIVERSITY OF                  08cv1307
PITTSBURGH,                                    **ELECTRONICALLY FILED**

      Plaintiff,

  v.

VARIAN MEDICAL SYSTEMS, INC.,

      Defendant.

### Memorandum Opinion on Defense of Indefiniteness (Doc. Nos. 776, 779)

**I. Introduction**

Currently pending before the Court in this patent litigation are the parties Cross-Motions for Summary Judgment (doc. nos. 776, 779), Briefs in Support (doc. nos. 778, 781), Responses (doc. nos. 800, 803), and Replies thereto (doc. nos. 813, 816).  After careful consideration, the Court finds that the claim terms of U.S. Patent Number 5,727,554 ("'554 patent") are not indefinite, and therefore, plaintiff's Motion for Summary Judgment (doc. no. 673) will be GRANTED; and defendant's Motion for Summary Judgment (doc. no. 679) will be DENIED.

**II. Procedural History**

A detailed procedural history can be found in this Court's Memorandum Opinion on Pretrial Motions in Limine.  Doc. No. 600, 1-4.  Since that Opinion, the trial has been completed.  On February 23, 2012, the jury awarded Pitt $36,884,294 in damages for Varian's infringement of the '554 patent.  Doc. No. 666.  On April 18, 2012, the jury found that the '554 patent is not invalid because of anticipation, obviousness, and/or lack of enablement.  Doc. No. 853.  The Court also found that laches does not apply in the case at bar.  Doc. No. 731.  The parties agreed

that this Court's prior Memorandum Opinion on Summary Judgment (doc. no. 432) rejected most of Varian's enablement defenses, and thus the Court entered Judgment for Pitt on those defenses. Doc. No. 791. This Court has rejected Varian's attempt to place at least one indefiniteness argument before the jury, holding that it was a question of law, not fact. Doc. No. 741, 3 (citing *Praxair, Inc. v. ATMI, Inc.*, 543 F.3d 1306, 1319 (Fed. Cir. 2008)).

### III. Standard of Review

#### A. Summary Judgment

Summary Judgment is appropriate when it is apparent from the entire record, viewed in the light most favorable to the non-moving party, that there are no genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses. Therefore, summary judgment is required against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322. The summary judgment inquiry asks whether there is a need for trial - - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

#### B. Indefiniteness

Whether a claim meets the definiteness requirement of 35 U.S.C. § 112 is a question of claim construction. *Noah Sys., Inc. v. Intuit Inc.*, -- F.3d --, 2012 WL 1150216 at *7 (Fed. Cir. April 9, 2012). "A determination that a patent claim is invalid for failure to meet the definiteness requirement of 35 U.S.C. § 112, paragraph 2, is a legal conclusion. . ." *Id.* (citation omitted). "[T]he question of whether a claim is indefinite is based on how the claim limitation

would be understood by one of skill in the art." *Id*. Clear and convincing evidence is required in order to find a claim indefinite. *Intel Corp. v. VIA Techs., Inc.*, 319 F.3d 1357, 1366 (Fed. Cir.2003); *Budde v. Harley-Davidson, Inc*., 250 F.3d 1369, 1376–77 (Fed. Cir.2001).

The United States Court of Appeals for the Federal Circuit has summarized its indefiniteness jurisprudence as follows:

> A claim will be found indefinite only if it is insolubly ambiguous, and no narrowing construction can properly be adopted. On the other hand, if the meaning of the claim is discernible, even though the task may be formidable and the conclusion may be one over which reasonable persons will disagree, we have held the claim sufficiently clear to avoid invalidity on indefiniteness grounds.

*Praxair*, 543 F.3d at 1319 (internal quotation marks omitted)(citations omitted).

## IV. Discussion

### A. The Means-Plus-Function Claims are Definite

Varian argues that all of the means-plus-function claims of the '554 patent are invalid because they do not follow the "typical" grammatical structure of means-plus-function claims. However, there is no requirement in Title 35, or in any binding authority, that a means-plus-function claim have a specific grammatical structure. Title 35, and the United States Court of Appeals for the Federal Circuit, allow for a broad range of grammatical structures to be used in means-plus-function claims. The only requirement is that a person of ordinary skill in the art be able to understand the claim.

A claim that uses the term "means" is presumed to be a means-plus function claim. *Callicrate v. Wadsworth Mfg., Inc.*, 427 F.3d 1361, 1368 (Fed. Cir. 2005); *Creo Products, Inc. v. Presstek, Inc.*, 305 F.3d 1337, 1344 (Fed. Cir. 2002); *Generation II Orthotics Inc. v. Medical*

*Technology Inc.*, 263 F.3d 1356, 1363 (Fed. Cir. 2001); *Micro Chem., Inc.v. Great Plains Chem. Co.*, 194 F.3d 1250, 1257 (Fed. Cir. 1999). There is no requirement that the claim term use the phrase "means for" in order for the presumption to apply. The only requirement is that the word "means" is used in the claim. The claims that Varian argues are indefinite because of their grammatical structure all use the word "means," and thus the presumption that the claim is a means-plus-function claim applies.

Varian cites no cases for the proposition that the grammatical structure of the '554 patent renders the claim indefinite. Instead, Varian relies upon cases that explain the use of the present participle in the English language. The two patent cases upon which Varian relies upon are easily distinguishable from the case at bar. In *Johnson & Johnson v. Carolina Lee Knitting Co.*, 258 F.2d 593, (4th Cir. 1958) the word "means" did not appear anywhere in the claims that the court was construing. *Id*. at 595. Furthermore, during the litigation, plaintiff changed his testimony regarding whether it was covered under 35 U.S.C. § 112 ¶ 6.[1] *Id*. at 596. In *Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557 (Fed. Cir. 1993), the United States Court of Appeals for the Federal Circuit analyzed a patent whcih had the grammatical structure that Varian argues is required here. Thus, it does not address the question at bar.

The Court finds that one skilled in the art would not have trouble understanding that the claims of the '554 patent that use the word "means," but not the exact grammatical structure Varian argues for, are means-plus-function claims and not a "hybrid claim." The Special Master and the Court had no trouble so finding during the claim construction process. Doc. No. 302. Furthermore, the Court finds that its claim construction did not in some way change a means-

---

[1] Current paragraph 6 was paragraph 3 in 1958.

plus-function claim into a hybrid claim. Indeed, neither Varian, nor the Court, has been able to locate any authority that this transformation can happen through claim construction.

In sum, Varian is arguing that Pitt must use the grammatical construction that makes the claim terms easiest to decipher. However, 35 U.S.C. § 112 imposes no such requirement. The only requirement is that a term be definite. The grammatical construction of the means-plus-function claims in the '554 patent handily meet this requirement.

### B. The Term "Image of Said Patient" is Definite

Varian next argues that the term "image of said patient" is indefinite because the claim does not state what percentage of the patient's body the image must show. Doc. No. 781, 5. Varian admits, however, that this Court has already rejected its argument that the claim language should be construed to mean an image of the entire body. *Id.* (citations omitted). Varian contends, nonetheless, that Pitt admits that because it is possible to have a partial image of a patient that would not satisfy the requirements of the '554 patent, the claim term is indefinite.

Simply put, Pitt's admission is obvious to anyone skilled in the art, and even to those not skilled in the art. The '554 patent deals with respiratory gating and requires an image of the patient in an area effected by respiration. Therefore, an image of the patient's feet or an image of the patient's hands would not meet the requirements of the '554 patent.

The Court finds that a person skilled in the art, would, at the time of the patent application, be able to determine which part of the patient the image would have to include in order for the fiducial(s) to be effective in respiratory gating. For example, an image of the patient's chest would be sufficient. The Court, after reading the reports of those that are skilled in the art, finds that a person skilled in the art would be able to determine those boundaries at the time of the '554 patent application. See, e.g., doc. no. 231-1.

In sum, although Varian attempts to frame this as a new question, the Court has already concluded in claim construction that "image of said patient" is definite.

### C. Other Indefiniteness Arguments Have Been Rejected

Varian has raised other arguments relating to indefiniteness. In particular, Varian has argued that "(1) the 'camera means' of claim 20 is indefinite because the 'digitizer' element of the corresponding structure is not adequately described in the specification; (2) the term 'quasiperiodic motion' in claim 30 is indefinite; and (3) the terms 'computer-controlled' and 'dynamic' in claim 38 are indefinite." Doc. No. 781, 11 (citations omitted). The parties are correct that the Court has already rejected these arguments. Doc. Nos. 302, 303.

### V. Conclusion

In sum, the claim terms of the '554 patent meet the definiteness requirement of 35 U.S.C. § 112. Accordingly, Pitt's Motion for Summary Judgment (doc. no. 776) will be GRANTED and Varian's Motion for Summary Judgment (doc. no. 779) will be DENIED.

An appropriate order follows.

                                                      s/ Arthur J. Schwab
                                                      Arthur J. Schwab
                                                      United States District Judge

cc:      All Registered ECF Counsel and Parties