IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNIVERSITY OF PITTSBURGH OF THE
COMMONWEALTH SYSTEM OF HIGHER
EDUCATION d/b/a UNIVERSITY OF                    08cv1307
PITTSBURGH,                                      **ELECTRONICALLY FILED**

                Plaintiff,

     v.

VARIAN MEDICAL SYSTEMS, INC.,

                Defendant.

## MEMORANDUM OPINION RE: DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW (DOC. NO. 880) AND MOTION FOR NEW TRIAL (DOC. NO. 882)

### I. Introduction and Procedural History

       This is an action in patent infringement.  This Court has previously set forth the detailed

procedural and factual history of this case in its Memorandum Opinion on Pretrial Motions in

Limine and its Memorandum Opinion Re: Enhanced Damages Pursuant to 35 U.S.C. § 284,

Attorneys Fees Pursuant to 35 U.S.C. § 285, Prejudgment Interest Pursuant to 35 U.S.C. § 284,

and an Ongoing Royalty.  Doc. Nos. 600, 1-4; 864, 2-3.[1]  Thus, the recitation that follows only

covers events that have occurred since the filing of those Opinions, and/or are directly relevant to

the instant Motions.

       Varian has moved for Judgment as a Matter of Law five times throughout the course of

the three-part trial.  Each time, the Motion was made orally (in open court) and was followed by

a written Motion and Brief in Support thereof.  Doc. Nos. 522, 523, 536, 537, 541, 651, 652,

658, 659, 665, 846, 847, and 852.  This Court has denied all five Motions, both orally (in open

---

[1] Citations to Doc. Nos. 600, 864, and all other ECF documents, refer to the ECF page number.

court) and subsequently, by Text Order. Doc. Nos. 541, 665, 852 (Text Orders of January 25, January 27, February 22, February 23, and April 17, 2012). The Court has since entered an Amended Final Judgment. Doc. Nos. 871, 888. Varian posted a supersedeas appeal bond. Doc. No. 874. The Court has appointed a Special Master to oversee limited discovery on the issue of attorneys fees and to provide a Report and Recommendation consistent therewith. Doc. No. 879.

Currently before the Court is Varian's Renewed Motion for Judgment as a Matter of Law (Doc. No. 880) and the Motion for New Trial (Doc. No. 882).[2] After careful consideration of the Motions, Briefs in Support (Doc. Nos. 881 and 884), Pitt's Reponses in Opposition (Doc. Nos. 896 and 897), Varian's Replies (Doc. Nos. 901 and 902), Pitt's Sur-Reply (Doc. No. 903), and Varian's Response In Opposition to Pitt's Sur-Reply (Doc. No. 908), and for the reasons that follow, Varian's Renewed Motion for Judgment as a Matter of Law (Doc. No. 880) and Motion for New Trial (Doc. No. 882) will be DENIED.

## II. Judgment as a Matter of Law

### A. Standard of Review

In patent infringement cases, the law of the regional circuit (in this case, the United States Court of Appeals for the Third Circuit) is applied when considering motions for judgment as a matter of law. *Amgen Inc. v. F. Hoffman-LA Roche Ltd*., 580 F.3d 1340, 1352 (Fed. Cir. 2009) (citations omitted). Defendant is entitled to judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b), if after the close of evidence, "there is no legally sufficient evidentiary basis for a reasonable jury to find for" Plaintiff. *Rhone Poulenc Rorer Pharms. Inc. v. Newman Glass Works*, 112 F.3d 695, 697 (3d Cir. 1997). If the record contains even "the minimum quantum of evidence upon which a jury might reasonably afford relief," the verdict must be

---

[2] Varian filed a Supplement (Doc. No. 892) explaining why the Amended Final Judgment did not necessitate the filing of new motions. This Court agrees that new motions were not necessary.

sustained. *Buczek v. Continental Cas. Ins. Co.*, 378 F.3d 284, 288 (3d Cir. 2004) (quoting *Glenn Distribs. Corp. v. Carlisle Plastics, Inc.*, 297 F.3d 294, 299 (3d Cir. 2002)); *see also Marion v. TDI Inc.,* 591 F.3d 137, 146 (3d Cir. 2010); *Eshelman v. Agere Sys., Inc.*, 554 F.3d 426, 433 (3d Cir. 2009).

To prevail on a renewed motion for judgment as a matter of law following a jury trial, the moving party "must show that the jury's findings, presumed or express, are not supported by substantial evidence or, if they were, that the legal conclusions implied [by] the jury's verdict cannot in law be supported by those findings." *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1348 (Fed. Cir. 1998) (quoting *Perkin-Elmer Corp. v. Computervision Corp.*, 732 F.2d 888, 893 (Fed. Cir. 1984)). A motion for judgment as a matter of law may be granted only if, viewing the evidence in the light most favorable to the non-movant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability. *Wittekamp v. Gulf & Western Inc.*, 991 F.2d 1137, 1141 (3d Cir. 1993).

As the United States Court of Appeals for the Third Circuit summarized:

In determining whether the evidence is sufficient to sustain liability, the court may not weigh the evidence, determine the credibility of witnesses, or substitute its version of the facts for the jury's version. *Fineman v. Armstrong World Indus., Inc.*, 980 F.2d 171, 190 (3d Cir. 1992), *cert. denied*, 507 U.S. 921 (1993). Although judgment as a matter of law should be granted sparingly, a scintilla of evidence is not enough to sustain a verdict of liability. *Walter v. Holiday Inns, Inc.*, 985 F.2d 1232, 1238 (3d Cir. 1993). "The question is not whether there is literally no evidence supporting the party against whom the motion is directed but whether there is evidence upon which the jury could properly find a verdict for that party." *Patzig v. O'Neil*, 577 F.2d 841, 846 (3d Cir. 1978) (citation omitted) (quotation omitted).

*Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1166 (3d Cir. 1993) (parallel citations omitted); *see also Williamson v. Consol. Rail Corp.*, 926 F.2d 1344, 1348 (3d Cir. 1991); *Perkin-Elmer Corp.*, 732 F.2d at 893.

**B. Varian Is Not Entitled to Judgment as a Matter of Law**

In its Renewed Motion for Judgment as a Matter of Law (Doc. No. 880), Varian advances the same arguments that it made in its Motions for Judgment as a Matter of Law during each segment of the three-part trial, all of which were previously rejected by this Court. Nonetheless, these arguments are addressed seriatim.

### 1. There Was a Legally Sufficient Evidentiary Basis for the Jury's Finding that Certain Claims of the '554 Patent Are Valid

#### a. There Was a Legally Sufficient Evidentiary Basis for the Jury's Finding that Certain Claims Are Not Anticipated

Varian first argues that there was not a sufficient evidentiary basis to find that the disputed claims of Pitt's '554 patent are not anticipated by certain prior art references. Doc. No. 881, 7-10. Varian argues that Peltola anticipates certain claims of the '554 patent. This argument is premised upon the assumption that the Peltola laser line is an image of the patient, as the Court construed that term, and/or the Peltola filter permited an image of the patient to be seen on the monitor. The jury heard testimony on this issue during both the willfulness and invalidity portions of the trial. During the willfulness portion of the trial, Dr. Siochi testified about an experiment that he allegedly witnessed at the University of Maryland with respect to the Peltola filter. Doc. No. 540, 149. That experiment confirmed the conclusion Dr. Siochi outlined in his expert report, that the filter did not allow for an image of the patient to be viewed on the monitor. Id. at 136-37. He further testified about the Peltola laser line and filter using his knowledge of optics, concluding that neither the laser line nor image seen through the filter constituted an image of the patient. Id. at 133, 135.

Defense counsel conducted an extensive cross-examination of Dr. Siochi in which Dr. Siochi further testified about the Peltola laser line and filter, and offered testimony of Varian's

own expert, Dr. Murphy.  Varian now asks this Court to weigh the credibility of the two experts (Drs. Siochi and Murphy).  The evidence presented certainly constitutes a legally sufficient evidentiary basis upon which the jury could reasonably conclude that the Peltola laser line and/or the image allowed through the Peltola filter was not an image of the patient.  Thus, without the Peltola laser line or image seen through the Peltola filter being considered an image of the patient, the claims are not anticipated by Peltola.  The Court will decline Defendant's attempt to seek a review of the credibility determinations made by the jury with regard to the expert testimony.  *Fineman v. Armstrong World Indus., Inc.*, 980 F.2d 171, 190 (3d Cir. 1992), *cert. denied*, 507 U.S. 921 (1993).

Varian's argument that Claim 20 is anticipated by Baroni is also without merit.  Dr. Siochi testified as to why Baroni does not anticipate Claim 20.  Doc. No. 570, 116.  Varian's arguments as to the dependent claims all rest on the assumption that the independent claims are anticipated.  Since the Court finds that Varian is not entitled to judgment as a matter of law with regard to its arguments that the independent claims are anticipated, there is no basis for a conclusion that the dependent claims of the '554 patent are anticipated.  Thus, there was a legally sufficiently evidentiary basis for the jury's finding that certain claims are not anticipated.

### b. There Was a Legally Sufficient Evidentiary Basis for the Jury's Finding that Certain Claims Are Not Obvious

Varian argues, alternatively, that there was also no evidentiary basis upon which to find certain claims of the '554 patent are not obvious.  Doc. No. 881, 11-13.  In support thereof, Varian posits that Dr. Siochi did not address every argument and reference made by Dr. Murphy as to obviousness.  Dr. Siochi adequately explained his expert opinion that the '554 patent was not obvious.  For example, he discussed the timing problems with the prior art compared with the '554 patent.  Doc. No. 572, 26-28.  In short, Dr. Siochi's testimony created a legally sufficient

evidentiary basis for the jury's finding that the claims of the '554 patent are not obvious.

Furthermore, it is the opinion of this Court that Varian has not proven by clear and convincing evidence that the '554 patent claims were obvious. Dr. Murphy's testimony actually worked backwards from the '554 patent in order to show that all of the elements were present in the prior art, and thereby obvious. It was necessary for him to explain why someone skilled in the art would have thought to combine the elements of the prior art at the time of the filing of the '554 patent. This Court finds that Dr. Murphy failed to explain why a person with ordinary skill in the art would combine all of the elements that were present in the prior art references that Dr. Murphy cited during his testimony. Therefore, Varian is not entitled to judgment as a matter of law on this issue.

### c. There Was a Legally Sufficient Evidentiary Basis for the Jury's Finding that Certain Claims Are Enabled

Next, Varian argues that there was not a sufficient evidentiary basis to find that the '554 patent claims are enabled. Doc. No. 881, 13. Varian now argues that the testimony of Dr. Siochi, which it attempted (unsuccessfully) to have excluded from the invalidity portion of the trial, shows that the '554 patent claims are not enabled. Compare Doc. No. 881, 13 with Doc. No. 713, 2-4. However, Dr. Siochi testified that the '554 patent does, in fact, teach how the "interface" works. Dr. Siochi testified that a person of ordinary skill in the art would be able to create the "interface" using the '554 patent and limited testing. Doc. No. 570, 123-24.

Furthermore, Dr. Murphy's expert report with regards to the "interface" was only applicable to Claim 38. Doc. No. 896-1, 6. Varian seeks, therefore, this Court to weigh the testimony of the two experts. However, the Court will not, and cannot, engage in the weighing of the experts' opinions presented during the trial, because to do so would constitute a judgment on the credibility of the witness. *Fineman*, 980 F.2d at 190. Thus, there was a legally sufficient

evidentiary basis for the jury to find that certain claims of the '554 patent were enabled.

### 2. There Was a Legally Sufficient Evidentiary Basis for the Finding that Varian Was a Willful Infringer

After Varian filed its Renewed Motion for Judgment as a Matter of Law (Doc. No. 880), the United States Court of Appeals for the Federal Circuit issued its opinion in *Bard Peripheral Vascular Inc. v. W. L. Gore & Assocs., Inc.*, -- F.3d. --, 2012 WL 2149495 (Fed. Cir. June 14, 2012) which clarified the role of the jury and the Court in determining the objective prong of willful infringement.  The Court, therefore, ordered both parties to file briefs addressing the applicability of the *Bard* case to the pending Motion.  Doc. No. 898.  Varian's position on the *Bard* case was included within its Reply Brief, filed on June 25, 2012.  Doc. No. 902.  Pitt filed a separate Brief on the issue on June 25, 2012.  Doc. No. 903.

"When a defense or noninfringement theory asserted by an infringer is purely legal (e.g., claim construction), the objective recklessness of such a theory is a purely legal question to be determined by the judge."  *Bard*, 2012 WL 2149495 at *3 (citing *Powell v. Home Depot U.S.A., Inc.*, 663 F.3d 1221, 1236 (Fed. Cir. 2011)).  In *Bard*, the United States Court of Appeals for the Federal Circuit further explained that:

> When the objective prong turns on fact questions, as related, for example, to anticipation, or on legal questions dependent on the underlying facts, as related, for example, to questions of obviousness, the judge remains the final arbiter of whether the defense was reasonable, even when the underlying fact question is sent to a jury.

*Id*. (citing *Powell*, 663 F.3d at 1236-37*; DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1324 (Fed. Cir. 2009)).  "[T]he ultimate legal question of whether a reasonable person would have considered there to be a high likelihood of infringement of a valid patent should always be decided as a matter of law by the judge."  *Id*. at *4 (citing *Dupuy*, 567 F.3d at 1324).

Based upon *Bard*, the Court finds that any argument by Varian that the Court incorrectly made the objective recklessness determination, is meritless.

### a. There Was a Legally Sufficient Evidentiary Basis for the Court's Finding that Varian's Positions Were Objectively Reckless

As discussed above, this Court is the final arbiter as to the objective prong of the willfulness inquiry.[3] This Court has been presiding over this litigation for almost five years, and the Court has a vast knowledge of the factual and legal arguments presented by both sides.  Doc. No. 731, 2-3.  The Court granted summary judgment on all of the non-infringement defenses presented by Varian and previously found that such defenses were objectively reckless as a matter of law.  Doc. No. 432.

Varian argues, citing *Bard*, that this Court was required to make preliminary findings prior to submitting the underlying factual questions regarding willful infringement to the jury.  Doc. No. 901, 5-6.  This Court interprets *Bard* for the proposition that the ultimate question of the objectiveness prong, and some preliminary questions of law, rests with the Court.  This Court so exercised its responsibility and made those necessary determinations during the summary judgment and trial proceedings.  Because the question of the objective recklessness of Varian's invalidity defenses included underlying questions of fact, the first portion of the trial addressed, *inter alia*, the objective recklessness of those defenses.  Doc. No. 542.  The jury (and the Court)

---

[3] Pitt argues in its Sur-Reply that, to the extent *Bard* and *Powell* conflict, that *Powell* constitutes controlling authority because *Powell* was an *en banc* proceeding.  *Bard*, according to Pitt, was not.  Doc. No. 903.  The United States Court of Appeals for the Federal Circuit, sitting *en banc*, vacated the portion of the panel's original opinion in *Bard* that addressed willful infringement. *Bard Peripheral Vascular Inc. v. W. L. Gore & Assocs., Inc.*, 2012 WL 2149764, (Fed. Cir. June 14, 2012) (*en banc*).  "The *en banc* court return[ed] th[e] appeal to the merits panel, which issue[d] the revised opinion that accompanie[d] th[e] order."  *Id*. at *1.  Accordingly, this Court is not certain that Pitt's argument regarding which case is controlling is correct.  However, this Court need not reach the issue because *Powell* and *Bard* do not conflict, rather *Bard* clarifies the standard set forth in *Powell*.

heard detailed testimony from both Dr. Murphy and Dr. Siochi on the issue of whether Varian's invalidity defenses were objectively unreasonable.  The jury necessarily found Dr. Siochi's testimony to be more credible than Dr. Murphy's on the issue of the objective recklessness of Varian's invalidity defenses.  Dr. Siochi testified as to each invalidity position advanced by Varian and espoused his expert opinion on why those positions were objectively unreasonable.  For example, he testified as to how the enablement and obviousness arguments set forth by Varian contradicted one another.[4]  Doc. No. 570, 124 ("So, the first thing I want to point out is that the position of enablement and the position of obviousness, the way that it was posed by Varian, contradicts each other.")  Thus, the Court finds that Pitt proved by clear and convincing evidence that Varian's positions were objectively reckless.  To the extent it bears repeating, the Court finds, after *de novo* review, that Varian acted in an objectively reckless manner.

### b. There Was a Legally Sufficient Evidentiary Basis for the Jury's Finding that Varian's Positions Were Subjectively Reckless

The jury also found that Varian's non-infringement and invalidity positions were subjectively reckless.  Doc. No. 542.  The Court finds that there was ample evidence to support this finding.  For example, the parties stipulated that Varian was aware of the '554 patent at least two years prior to the time period at issue in this lawsuit, and had a copy of the '554 patent at least one year prior to the time period at issue.  JT-39.  Varian's CEO testified that Varian

---

[4] The Court is aware that it is possible for a patent claim to be invalid *both* because it is obvious and because it is not enabled. *See Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*, 617 F.3d 1296 (Fed. Cir. 2010).  Only the four corners of the patent are examined when considering whether the claims are enabled.  On the other hand, material outside of the four corners of the patent (the prior art) is considered when making a determination on whether a claim is obvious.  Thus, it is possible for a patent claim to be obvious and still not have all of the necessary elements within the claim so it is enabled.  *See id.*  However, after listening to Dr. Siochi's testimony and reading all documents submitted to the jury, this Court believes the jury could reasonably conclude that in this particular case, the arguments are contradictory.

proceeded to conduct an in-depth investigation of whether the RPM system, or any other Varian product, infringed the '554 patent. Doc. No. 570, 7-10. This testimony was supported by the exhibits presented at trial which showed approximately 130 communications within Varian regarding the '554 patent.[5] P-11.

Although the jury could not make any adverse inferences from the lack of an Opinion of Counsel letter, the jury was free to consider what a reasonable company of Varian's size and sophistication would have concluded when it conducted thorough research regarding the '554 patent. The jury concluded that Varian knew, or should have known, that they were infringing the '554 patent. Doc. No. 542. This finding was further bolstered by the evidence presented regarding the license negotiations. E.g., P-10; JT-7; D-72. Although Varian argued that it attempted to negotiate a license solely for nuisance value, another entirely plausible interpretation of this evidence was that Varian engaged in license negotiations only because it knew that it was infringing the '554 patent. Accordingly, there was a legally sufficient evidentiary basis for the jury's finding that Varian's conduct was subjectively reckless.

### 3. There Was a Legally Sufficient Evidentiary Basis for the Jury's Finding On Damages

#### a. The Court's Ruling Regarding Linear Accelerators Being Included in Damage Calculations Was Correct

Varian argues that no reasonable royalty should have been awarded for the Clinac and Trilogy linear accelerators that were sold in combination with RPMs. Doc. No. 881, 19-24. Varian's Renewed Motion for Judgment as a Matter of Law (Doc. No. 880) focuses on three issues relating to the inclusion of linear accelerators in the royalty base. First, Varian argues that

---

[5] Although some of these communications covered a portfolio of patents owned by Pitt, many of the communications only dealt with the '554 patent. P-11. Furthermore, even if less than a proportionate amount of the conversations on the patent portfolio addressed the '554 patent, the sheer number of communications within Varian regarding the '554 patent was still substantial.

the case of *Garretson v. Clark,* 111 U.S. 120, 121 (1884) limits the damages that can be awarded for Pitt's invention. Second, Varian argues that the Entire Market Value Rule ("EMVR") bars damages from being awarded on the linear accelerators. Third, Varian argues that the evidence presented at trial does not support the jury's verdict.

Contrary to the assertions of Varian, its first two arguments are inextricably linked. Varian cites *Uniloc USA Inc. v. Microsoft Corp*, 632 F.3d 1292, 1318 (Fed. Cir. 2011) for the proposition that the *Garretson* analysis is separate from the EMVR analysis. On the contrary, in *Uniloc*, the *Garretson* discussion is actually included within the EMVR discussion. In fact, in *Uniloc*, the United States Court of Appeals for the Federal Circuit explicitly stated that, "[t]his rule[, the EMVR,] is derived from [the] Supreme Court precedent [of *Garretson*]." *Id*. In *Uniloc*, the United States Court of Appeals for the Federal Circuit further cites to *Garretson* regarding its summary of the EMVR. *Id*. at 1320 ("The Supreme Court and this court's precedents do not allow consideration of the entire market value of accused products for minor patent improvements simply by asserting a low enough royalty rate.")

Like the United States Court of Appeals for the Federal Circuit in *Uniloc*, this Court has incorporated the *Garretson* analysis into the EMVR analysis. The Court set forth a detailed analysis supporting its conclusion that the EMVR does not apply to the case at bar. Doc. No. 600, 13-20. Varian raises no new arguments as to why the EMVR should apply and this Court incoporates its analysis of the issue at the Motions in Limine phase. Id.

Finally, Varian contends that there was not a legally sufficient evidentiary basis for the jury award of a reasonable royalty for Clinac and Trilogy linear accelerators sold in combination with RPMs. The Court finds that argument to be flawed. As Varian notes in its Brief, the Court instructed the jury on what portion of revenues from Clinac and Trilogy linear accelerators sold

in combination with RPMs could be included in the royalty base. Doc. No. 881, 21-22. During the damages portion of the trial, the jury heard evidence regarding the value added to the invention by the linear accelerators. The jury was also instructed that all of the evidence that had been presented during the willfulness portion of the trial should be considered. Doc. No. 761, 4. During the first phase of the trial, the jury was presented with extensive evidence on the RPM system and how the Clinac and Trilogy linear accelerators contributed to the value of the '554 patent. That evidence constitutes a legally sufficient evidentiary basis for the jury's award of damages for Clinac and Trilogy linear accelerators sold in combination with RPM systems. With respect to Varian's attempt to ask this Court to examine the weight of evidence, including the testimony of Varian employees, the Court will not, and cannot, usurp the fuction of the jury and engage in a weighing of the testimony or the credibility of the witnesses presented during the damages portion of the trial. *Fineman*, 980 F.2d at 190. Therefore, Varian is not entitled to judgment as a matter of law with respect to award of a reasonable royalty for Clinac and Trilogy linear accelerators sold in combination with RPMs.

### b. There Was a Legally Sufficient Evidentiary Basis for the Jury's Finding that Damages for RPM Systems Exceeded $12 Million

Varian next argues that the jury's award of a 10.5% reasonable royalty for sales of RPMs was not supported by the evidence. Doc. No. 881, 20-25. However, the Court has previously found that the jury's award of an ongoing royalty of 10.5% for sales of RPMs was appropriate and was supported by more than legally sufficient evidence. Doc. No. 864, 19-22. The Court incorporates by reference the analysis set forth therein. Id.

The evidence presented during the damages portion of the trial included a detailed expert analysis of the factors set forth in *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F.Supp. 1116 (S.D.N.Y. 1970). This expert analysis by Pitt's expert Mr. Hansen alone, constitutes

legally sufficient evidence upon which the jury could award a 10.5% reasonable royalty, and therefore handily exceeds the "scintilla" of evidence standard discussed in *Walter*. 985 F.2d at 1238. Varian asks this Court to weigh the evidence presented by the two experts during the damages portion of the trial. Again, this Court will decline Varian's request to do so. *Fineman*, 980 F.2d at 190. Accordingly, Varian is not entitled to judgment as a matter of law with respect to the damages awarded for the sale of RPMs without linear accelerators.

## III. New Trial

### A. Standard of Review

Federal Rule of Civil Procedure 59(a) provides, in pertinent part, that, "the [C]ourt may, on motion, grant a new trial on all or some of the issues—and to any party . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." The decision to grant or deny a new trial is within the sound discretion of the District Court and, unlike the standard for determining judgment as a matter of law, the Court need not view the evidence in the light most favorable to the verdict winner. *See Allied Chem. Corp. v. Darflon, Inc.*, 449 U.S. 33, 36 (1980); *Radwan v. Carteret Bd. of Educ.*, 62 F. App'x 34, 37 (3d Cir. 2003).

Rule 59(a) does not specify grounds upon which a Court can grant a new trial and the decision is left to the discretion of the District Court. *See id.* (citing *Blancha v. Raymark Indus.*, 972 F.2d 507, 512 (3d Cir. 1992)). The Court may grant a new trial where: (1) the jury's verdict is against the clear weight of the evidence, and a new trial must be granted to prevent a miscarriage of justice; (2) newly-discovered evidence exists that would likely alter the outcome of the trial; (3) improper conduct by an attorney or the court unfairly influenced the verdict; or (4) the jury's verdict was facially inconsistent. *See Zarow-Smith v. N.J. Transit Rail Operations*,

953 F.Supp. 581, 584 (D. N.J. 1997) (citations omitted). Other common reasons to grant a new

trial includes situations where there have been prejudicial errors of law, such as erroneous

evidentiary rulings and/or jury instructions. *See Maylie v. Nat'l R.R. Passenger Corp.*, 791

F.Supp. 477, 480 (E.D. Pa. 1992), *aff'd without opinion*, 983 F.2d 1051 (3d Cir. 1992). The

standards of review differ depending on whether the motion for a new trial is based on a

prejudicial error of law or a verdict that is allegedly against the weight of the evidence. *See

Klein v. Hollings*, 992 F.2d 1285, 1289-90 (3d Cir. 1993).

      A District Court's decision to exclude or admit evidence is reviewed under the law of the

regional circuit. *Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1379

(Fed. Cir. 2010). "A [C]ourt's latitude in ruling on the motion is especially broad when the

grounds asserted in the motion concern matters that initially rested within the discretion of the

[D]istrict [C]ourt." *Jacobson ex rel. Jacobson v. BMW of N. Am., LLC*, 376 F. App'x 261, 264

(3d Cir. 2010). "Rulings on evidentiary matters and the content of instructions to the jury are

two such discretionary matters." *Id.* A motion for a new trial should be granted on evidentiary

rulings *only* where *substantial* errors occurred in admission or rejection of evidence. *Becker v.

ARCO Chem. Co.*, 207 F.3d 176, 180 (3d Cir. 2000) (emphasis added). The same standard

applies with respect to the District Court's decisions on jury instructions. *Cf. Donlin v. Philips

Lighting N. Am. Corp.*, 581 F.3d 73, 78 (3d Cir. 2009) (holding that the propriety of jury

instructions are reviewed under an abuse of discretion standard, granting deference to the District

Court.).

**B. Varian Is Not Entitled to a New Trial**

### 1. Varian Chose, and Was Not Prejudiced by the "Order" of the Three-Part Trial

Varian first argues that, because of the "order" in which the Court chose to sequence the three portions of the trial, the Court should have taken precautions to mitigate prejudice against Varian in the willfulness portion of the trial. Doc. No. 884, 9-10. However, Varian does not present *any* argument as to exactly what action should have been taken to ensure that it was not prejudiced because of this alleged "reverse bifurcation."

The Court offered Varian the opportunity to try the invalidity and willfulness portions of the trial *together*.[6] *In re Varian Med. Sys. Inc.*, 462 F. App'x 970, 971 (Fed. Cir. 2012). However, Varian declined, arguing it needed six months to prepare, and chose instead to continue with the three-part trial, with willfulness being tried first, then damages, and finally, invalidity. The Court also instructed the jury as to its duty during each portion of the trial, separating the finding on the question of willful infringement from the questions of damages and of invalidity. E.g., Doc. No. 572, 97. Varian's other arguments for prejudice caused by this alleged "reverse bifurcation" are addressed *infra*.

### 2. The Jury Instructions Were Correct and Did Not Prejudice Varian

#### a. The Jury Instruction Regarding Varian's Infringement Did Not Constitute Prejudicial Error of Law

Varian was not prejudiced by the jury instructions that resulted from the order of the trial. There were two alternatives for the ordering of this complex patent trial. First, the Court could have held the invalidity portion of the trial prior to the willfulness portion of the trial. Second,

---

[6] The Court did not give Varian the option of one large trial, but the Court surmises that Varian would likely have raised the same objections with respect to prejudice if this Court had chosen that option, even though it is the default under the Federal Rules of Civil Procedure.

the Court could have tried all phases together in one long, complex trial.

If the Court would have elected to hold the invalidity portion of the trial prior to the willfulness portion of the trial, the jury would have necessarily found in favor of Pitt during the invalidity portion of the trial in order for the willfulness portion of the trial to go forward. If that were to have happened, then Pitt would have been entitled to a jury instruction that Varian indeed infringed the '554 patent. The jury did, in fact, find that the '554 patent was a valid patent in the third portion of the trial. Doc. No. 853.

To the extent that Varian argues that this instruction prejudiced Varian during the invalidity portion of the trial, the Court disagrees. The Court explained to the jury that it was to determine the validity of the '554 patent and that the jury should not infer, based on the Court's instructions, that the Court had made any determination about the validity of the '554 patent. Doc. No. 772, 8.

As outlined above, the other option would have been to conduct one trial on invalidity, willfulness, and damages. In this scenario, the jury would have heard *all* of the willfulness evidence along with the invalidity evidence. It would have been instructed that if it found that the '554 patent was valid, then Varian was an infringer for the purposes of determining willfulness. All three possible scenarios lead to the same instructions being given to the jury, even if the path taken to get to those instructions may have differed. Within its discretion and with Varian's input, this Court ordered the sequence of the trial, and tailored the jury instructions accordingly. The United States Court of Appeals for the Federal Circuit held that this order of the trial did not violate Varian's constitutional rights. *In re Varian*, 462 F. App'x at 972. The Court incorporates all prior rulings on the topic. E.g., Doc. No. 600, 4-7.

**b. The Instruction on the Objective Prong of Willfulness Was Correct**

Varian argues that the jury instruction on post-litigation defenses was incorrect as a matter of law.[7] Doc. No. 17-19. Although the United States Court of Appeals for the Federal Circuit has not ruled on this precise issue, the only case from the United States Court of Appeals for the Federal Circuit that Varian cites in support of its argument actually supports the jury instruction given by the Court. In *Uniloc*, 632 F.3d at 1310, the United States Court of Appeals for the Federal Circuit stated that: "Uniloc has failed to meet the threshold objective prong of *Seagate*. Uniloc has not presented *any* evidence at trial or on appeal showing why Microsoft, *at the time it began infringement*, could not have reasonably determined that [its products did not infringe.]" (first emphasis in original). Thus, *Uniloc* instructs that the analysis is focused on when Varian began infringing, not after the lawsuit was filed.

The Court recognizes a split among District Courts as to whether the instruction is correct as a matter of law. *Compare i4i Ltd. P'ship v. Microsoft Corp.*, 670 F.Supp.2d 568, 581 (E.D. Tex. 2009) *with Uniloc USA Inc. v. Microsoft Corp.*, 640 F.Supp.2d 150, 177 n.33 (D. R.I. 2009) and *Henrob Ltd. v. Bullhoff Sys. Technik Gmbh & Co.*, 2009 U.S. Dist. LEXIS 107966, *9 (E.D. Mich. Nov. 9, 2009). The other case cited by Varian, *Centocor Ortho Biotech, Inc. v. Abbott Labs.*, 2009 U.S. Dist. LEXIS 130564 (E.D. Tex. Oct. 1, 2009), distinguishes but does not reject the holding of *i4i*. *Id*. at *15 ("[T]his Court does not disagree with the *i4i* decision based on the facts presented in that case[.]"). In its Memorandum Opinion on Summary Judgment, the Court adopted the well-reasoned opinion of the *i4i* Court, and there has been no intervening controlling case to warrant reconsideration of this decision. Doc. No. 432.

---

[7] As discussed *supra*, the Court is the final arbiter for the objective prong of willful infringement.

In its Reply Brief, Varian argues that this Court's instruction somehow prejudiced the jury's finding of subjective recklessness.  Doc. No. 901.  This argument is without merit.  The jury was clearly instructed on its findings regarding underlying factual questions for the objective prong and the questions on subjective recklessness.  Doc. No. 572, 96.  Thus, contrary to arguments of Varian, the Court's ruling on this issue does not constitute *any* error of law, much less a prejudicial error of law.

### c. The Jury Instruction Containing a Listing of *Read* Factors Was Appropriate

Varian next argues that the Court erred by including a list of the *Read Corp. v. Portec, Inc.*, 970 F.2d 816 (Fed. Cir. 1992), factors in the jury instructions during the willfulness portion of the trial.  Doc. No. 884, 19-22.  However, the Federal Circuit Bar Association's *Model Patent Jury Instructions* lists some of the factors set forth in *Read* for the jury to consider in deciding the issue of willfulness.  Id. at B.3.  The Committee Comment to Federal Bar Association's *Model Patent Jury Instruction* B.3 states, in relevant part, "[a]ppropriate factors for the jury's consideration may be tailored to each case, or may be omitted."  Id.  In this case, the Court tailored the instructions in a manner it believed to be fair and consistent.  The argument being made by Varian, which has been adopted by the Seventh Circuit's *Model Patent Jury Instructions*, has previously been considered by the Federal Bar Association and was rejected. Federal Bar Association *Model Patent Jury Instructions*, B.3 cmt.  Simply stated, there is no legal basis to reconsider the Court's prior ruling on this issue, because the rulings of this Court on the jury instruction in this regard do not constitute an error of law, much less a prejudicial one.

### d. The Jury Instruction on Damages Regarding Linear Accelerator Was Correct

Varian next argues that the jury instructions regarding damages for linear accelerators were incorrect. Doc. No. 884, 21-24. The Court incorporates by reference its detailed analysis of this issue at Doc. No. 600, 13-20. As to the (alleged) error made by the Court during Varian's closing arguments, the Court emphasized to the jury that the jury instructions governed how it should decide the case, not any rulings the Court made on objections. Doc. No. 572, 83-84. Furthermore, the Court cured any alleged error by allowing Varian to make the argument that the Court had previously disallowed, and furthermore instructed the jury on this point. Doc. No. 763, 39.

### 3. The Court's Evidentiary Rulings Were Correct And Did Not Constitute Prejudicial Errors of Law

### a. Varian's Privilege Log Was Properly Admitted

Varian argues that the Court should not have admitted its privilege log into evidence. Doc. No. 884, 24-26. The Court heard oral arguments on this issue at the Preliminary Pretrial Conference prior to the first portion of the trial. Doc. 684, 9. The Court followed the United States Court of Appeals for the Federal Circuit's precedent and refused to allow Pitt to reference the lack of an Opinion of Counsel letter.[8] *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GMBH v. Dana Corp.*, 383 F.3d 1337 (Fed. Cir. 2004) (*en banc*); Doc. No. 465. However, the Court permitted the privilege log into evidence as a part of the totality of the circumstances that the United States Court of Appeals for the Federal Circuit has mandated be considered for willful infringement. *Knorr-Bremse* 383 F.3d at 1342-43 (citations omitted). Thus, this evidentiary

---

[8] The Court again recognizes that District Courts are split on whether such lack of an Opinion of Counsel letter may be admitted during the willfulness portion of the trial. Doc. No. 465.

ruling was not an error and did not constitute a prejudicial error.

### b. Varian's Development of the RPM Was Properly Excluded

Varian's independent development of the RPM was not at issue during any phase of the trial. Varian's able trial counsel made this point to the jury during his opening statement during the willfulness portion of the trial. Doc. No. 569, 53. Furthermore, Varian admits that Pitt did not attempt to argue that Varian copied any specific product during the trial. Doc. No. 884, 26. Thus, the jury was well aware that this was an undisputed fact. Varian's inability to present any evidence as to this undisputed fact was not a prejudicial error of law for which a new trial should be granted.

Varian then turns to the enhanced damages Opinion issued by the Court and avers that the Court, as opposed to the jury, improperly determined the first two factors set forth in *Read,* 970 F.2d at 826, including whether Varian copied the '554 patent. Doc. No. 884, 26. However, Varian misreads this Court's prior Opinion on this issue. The full sentence from the prior Memorandum Opinion, which Varian quoted, is "[t]he Court, in its Opinion on the parties' Cross-Motions for Summary Judgment, *and* the jury verdict in the willfulness portion of the trial, have, in effect, already determined the first two *Read* factors: (1) whether the infringer (Varian) deliberately copied Pitt's '554 patent and (2) whether Varian investigated the scope of the patent to avoid infringement." (emphasis added) (citing Doc. Nos. 432 and 542). Thus, the Court did not solely determine the first two factors set forth in *Read*, it was the Court's prior Memorandum Opinion (Doc. No. 432) *combined with* the jury's finding that determined the first two *Read* factors.

Varian is attempting to have a new trial because of an evidentiary ruling, even though the thrust of Varian's argument focuses on a post-trial motion on a matter of law that was not

impacted by the Court's evidentiary ruling during trial. The Court's enhanced damages Opinion has no bearing on whether Varian is entitled to a new trial. If Varian believed that this Court's Opinion on enhanced damages included a manifest error of law, then Varian was within its right to file a Motion for Reconsideration, which it failed to do.

### c. Certain Pre-Suit Conduct Was Properly Excluded

Varian argues that evidence relating to pre-lawsuit discussions between the parties, which Varian avers demonstrates that Pitt did not accuse Varian of infringement before the filing of this lawsuit, should have been admitted at trial. Doc. No. 884, 27. The correct inquiry was whether Varian knew it was infringing Pitt's patent rights, and for how long. Whether Pitt knew of Varian's infringement and failed to act was a question for the Court on Cross-Motions for Summary Judgment. Doc. No. 731.

### d. Pitt's Success at Enablement Was Properly Excluded

Varian next argues that the evidence regarding the failure of Pitt's researchers to enable the '554 patent should have been admitted at trial. Doc. No. 884, 27. The Court twice ruled that such evidence could not be admitted. The Court incorporates by reference its analysis at Doc. Nos. 741, 2 and 459, 2. Varian offers no new argument as to why these rulings were incorrect and thus constitute a prejudicial error of law.

### e. The Reexamination History Was Properly Excluded During the Willfulness Portion of the Trial

Next, Varian argues that the Court should have admitted Exhibit PPP-129 (the full reexamination file) during the willfulness portion of the trial instead of during the invalidity portion of the trial. Doc. No. 884, 28. Varian does not cite a single case for the proposition that the reexamination file should have been admitted at trial. Instead, Varian attacks the two cases relied upon by Pitt to oppose the admission of the full reexamination history during the

willfulness portion of the trial.  First, Varian attempts to distinguish *Hoescht Celanese Corp. v. BP Chems. Ltd*., 78 F.3d 1575 (Fed. Cir. 1996), by stating that the reexamination file at issue in *Hoescht* was a partial reexamination file while the file at issue in the case at bar is the entire reexamination history.  Doc. No. 884, 28.  However, whether the file was partial or complete is of no import for the purposes of this Court's ruling.  Varian was attempting to use a small sliver of the history (the whole exhibit being over 2600 pages) just like what would have occurred in *Hoescht*.  Varian next tries to argue that *Krippelz v. Ford Motor Co.,* 675 F.Supp.2d 881 (N.D. Ill. 2009), which also barred the admission of a reexamination history into evidence, is no longer good law.  The United States Court of Appeals for the Federal Circuit reversed *Krippelz*, not on the issue of the reexamination history, but on the issue of invalidity.  667 F.3d 1261 (Fed. Cir. 2012).  The Federal Circuit did not address the District Court's ruling on the reexamination history issue, rather it vacated it as moot.  *Id*. at 1270.

One week after the United States Court of Appeals for the Federal Circuit's decision in *Krippelz*, the United States District Court for the Northern District of Illinois again addressed the issue of admitting reexamination files into evidence for the purposes of determining willful infringement.  *Minemeyer v. B-Roc Reps., Inc.*, 2012 WL 346621 (N.D. Ill. Feb. 3, 2012). United States Magistrate Judge Cole held that:

> The cases are virtually uniform in holding that office actions at the PTO are not relevant on the question of patent invalidity or willful infringement. The occasional outlier has nonetheless excluded evidence involving office actions pursuant to the various considerations enumerated in Rule 403. The cases recognize that interim acceptances, rejections and adjustments are the norm at the PTO. Indeed, the Federal Circuit has stressed that initial rejection by the PTO of original claims that were later confirmed on re-examination is so commonplace that they hardly justif[y] a good faith belief in the invalidity of the claims.

*Id*. at *4 (alteration in original) (internal quotation marks omitted) (collecting eleven cases).[9] Thus, Varian's argument that this Court's decision is effectively an "outlier" is without merit and there was no prejudicial error of law by refusing to admit the full reexamination file history at the willfulness portion of the trial.

### 4. The Court Did Not Prohibit Varian From Calling Dr. Siochi

Finally, Varian argues that the Court did not permit it to call Dr. Siochi during the invalidity portion of the trial. Doc. No. 884, 28-30. That is incorrect, because the Court did not prevent Varian from calling Dr. Siochi during the invalidity portion of the trial. Doc. Nos. 820; 841. There were many options for Varian to compel Dr. Siochi to appear at the invalidity portion of the trial in order to testify. For example, Varian could have sought a miscellaneous docket in the Southern District of Iowa, seeking a subpoena. However, Varian chose only to seek an Order from this Court compelling Dr. Siochi to testify at the invalidity portion of the trial. Thus, this argument is without merit.

## IV. Conclusion

This case has been litigated by skilled attorneys representing both parties. The attorneys have zealously represented their parties' interests during all phases of this protracted litigation. The Court has carefully reviewed all of the evidence presented at the three-part trial and rulings that it made during the course of the trial. For the foregoing reasons, the Court finds that Varian is not entitled to judgment as a matter of law and there is no valid reason to grant a new trial.

---

[9] Judge Cole also found that *Krippelz* was still good law because the United States Court of Federal Appeals explicitly refused to address the issue of the reexamination file history's admission. *Minemeyer*, 2012 WL 346621 at *4.

Accordingly, Varian's Renewed Motion for Judgment as a Matter of Law (Doc. No. 880) and Motion for a New Trial (Doc. No. 882) will be DENIED.  An appropriate Order follows.

s/ Arthur J. Schwab<br>
Arthur J. Schwab<br>
United States District Judge

cc:    All Registered ECF Counsel and Parties